IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THOMAS SCHROEDER, )<br>)<br>    Plaintiff, )<br>)<br>                                  )<br>)<br>THE UNITED STATES DEPARTMENT )<br>OF VETERANS AFFAIRS, a Federal )<br>Agency, )<br>)<br>    Defendant. ) | Case No.  2:22-cv-2209<br><br>**COMPLAINT PURSUANT TO**<br>**THE ADMINISTRATIVE**<br>**PROCEDURES ACT,**<br>**5 U.S.C. § 551,** *et seq.* |

## COMPLAINT

Plaintiff Thomas Schroeder, pursuant to 5 U.S.C. § 706(1) of the Administrative Procedures Act ("APA"), comes before this Court requesting an order compelling the United States Department of Veterans Affairs ("VA") to provide its required nondiscretionary response to his "*Touhy*" requests for discovery made in litigation pending before the United States District Court, District of Kansas.

## PARTIES

1. Plaintiff Thomas Schroeder is a resident of Missouri.

2. The United States Department of Veterans Affairs is a federal agency that operates at office locations within this judicial district.

## JURISDICTION & VENUE

3. This Court has jurisdiction. Plaintiff is proceeding in this matter pursuant to the Administrative Procedures Act, 5 U.S.C. § 551, *et seq*.  The documents and data sought under Plaintiff's *Touhy* requests at issue herein relate to the Robert J. Dole Veterans Administration Medical Center ("Dole VA") located in Wichita, Kansas and are therefore located within this

1

judicial district. The ability to depose current and former VA employees sought in the *Touhy* requests relate to persons who reside within this judicial district.

## BACKGROUND

**A.    Plaintiff Schroeder's Underlying False Claims Act Lawsuit.**

4.    Plaintiff Schroeder, as "Relator," has brought a *qui tam* action on behalf of the United States government in the United States District Court, District of Kansas, in the pending matter of *U.S. ex rel. Schroeder v. Medtronic, Inc., et al.*, 2:17-02060-DCC-KGG.

5.    In that action, Relator alleges violations of the False Claim Act, 31 U.S.C. § 3729, *et seq.* against various Defendants. The VA is not a party to that lawsuit.

6.    In that action, Relator alleges that illegal remuneration was paid by Defendant Medtronic, Inc. to employees at the Dole VA. Relator alleges that this resulted in the purchase of grossly excessive medical devices, unnecessary medical treatment, and off-label use of devices on Dole VA's veteran patients. Relator alleges these actions were in violation of the False Claims Act/Anti-Kickback Statute. (*See*, Doc. No. 127, Fourth Amended Complaint, ¶¶ 1, 52-79; 102-153).

7.    In that action, fact discovery has commenced. The current discovery deadline is December 30, 2022. (*See*, Doc. No. 98, Scheduling Order, pg.3). Relator is seeking nonprivileged and relevant fact discovery from parties and non-parties alike, including the VA.

**B.    The VA's *Touhy* Regulations, 38 C.F.R. § 14.800 *et seq*.**

8.    Under the federal housekeeping statute, 5 U.S.C. § 301, a federal agency may adopt procedures —known as *Touhy* regulations—for responding to requests for testimony or documents. *See*, *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

9. The VA has promulgated its *Touhy* policies and procedures for (1) the "production or disclosure of official information or records of the Department of Veterans Affairs (VA);" and (2) the "testimony of present or former VA personnel" as it relates to the performance of their official duties.  38 C.F.R. § 14.800 *et seq.*

10. The VA's *Touhy* regulations state that VA personnel are only permitted to provide testimony or produce VA records in legal proceedings if authorized by the "General Counsel, the Regional Counsel, an attorney in the Office of General Counsel designated by the General Counsel, or an attorney in the Regional Counsel office designated by the Regional Counsel."  38 C.F.R. §§ 14.806, 14.807(b).

11. A party seeking documents or testimony from the VA must comply with the agency's *Touhy* regulations by making a proper request, including "a written statement by the party seeking the testimony or records or by the party's attorney, [along with] a summary of the nature and relevance of the testimony or records sought in the legal proceedings containing sufficient information for the responsible VA official to determine whether VA personnel should be allowed to testify or records should be produced." 38 C.F.R. § 14.805.

12. The regulations provide fifteen factors for the responsible VA official to consider in making the decision.  38 C.F.R. § 14.804.

13. The regulations provide that after due consideration and consultation, "the VA official shall determine in writing whether the individual is required to comply with the demand or request and shall notify the requester or the court or other authority of the determination reached where the determination is that VA will not comply fully with the request or demand." 38 C.F.R. § 14.807(c).

3

14. The VA's *Touhy* regulations do not create an independent privilege to withhold information or shield employees from valid discovery requests. *See*, *e.g.*, *Brown v. United States Department of Veterans Affairs*, 2017 WL 3620253, at *3 (N.D. Ala. Aug. 23, 2017) ("Application of *Touhy* regulations under § 301 is intended only to provide an orderly process by which a government agency may determine whether a demand for information from it is valid and lawful.  Such regulations by themselves do not create a privilege or otherwise authorize the withholding of information by private parties.").

15. The VA's *Touhy* regulations do not provide a fixed deadline for the VA to provide its response to a *Touhy* request but do require that requests allow "reasonable lead time for evaluation and processing." 38 C.F.R. § 14.807(f).

C.   **Plaintiff/Relator Schroeder's *Touhy* Requests to the VA.**

16. On January 4, 2022, pursuant to the VA's *Touhy* regulations, 38 C.F.R. § 14.800 *et seq.*, Plaintiff Schroeder sent his written request for information to the VA.  Plaintiff sent his request via certified mail and email to the VA's Office of Inspector General and the Office of General Counsel, Midwest District. Confirmation of service and receipt was obtained. (**Exhibit A**).[1]

17. In his request, Plaintiff properly followed the VA's regulations by providing a detailed summary of the nature and relevance of the testimony and records sought in the underlying legal proceeding such that the responsible VA official can determine whether to comply, and if so, to what extent. *Id.*; 38 C.F.R. §§ 14.804, 14.805.

---

[1] Service of email was effectuated on January 4, 2022. Service by certified mail was effectuated on January 10 and 13, 2022, respectively.

18. On February 24, 2022, pursuant to the VA's *Touhy* regulations, 38 C.F.R. § 14.800 *et seq.*, Plaintiff Schroeder sent a second written request for information to the VA. Plaintiff sent his request via Federal Express and email to the same two individuals as his first request. Confirmation of service and receipt was obtained. (**Exhibit B**).[2]

19. In his second request, Plaintiff again properly followed the VA's regulations by providing a detailed summary of the nature and relevance of the testimony and records sought in the underlying legal proceeding such that the responsible VA official can determine whether to comply, and if so, to what extent. *Id*.; 38 C.F.R. §§ 14.804, 14.805.

20. On April 26, 2022, having received no response to his two *Touhy* requests, Plaintiff Schroeder sent a follow-up correspondence to the VA requesting a response. Plaintiff sent this correspondence via Federal Express to the same two individuals as his first and second requests. Confirmation of service and receipt was obtained. (**Exhibit C**).[3]

21. In his follow-up correspondence, Plaintiff Schroeder reminded the VA of his previous *Touhy* requests, and stated in part, "[t]o date we have not heard any response from your offices regarding our request. Please provide us some feedback on when we can expect to hear from you." *Id*.

22. As of the filing date of this Complaint, over six months since his first *Touhy* request was submitted, the VA has not provided *any* acknowledgment of or response to Plaintiff Schroeder's *Touhy* requests.

---

[2] Service of email was effectuated on February 24, 2022. Service by Federal Express was effectuated on February 25 and March 1, 2022, respectively.
[3] Service by Federal Express was effectuated on April 27 and 29, 2022, respectively.

## **PLAINTIFF SCHROEDER'S APA CLAIM**

23. Plaintiff Schroeder brings this claim against the VA pursuant to § 706(1) of the APA to remedy the VA's "unreasonable delay" in providing its required nondiscretionary response to Plaintiff's *Touhy* requests.

24. The APA, at 5 U.S.C. § 555(b), provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and ***within a reasonable time***, each agency shall proceed to conclude a matter presented to it." (emphasis added).

25. The APA, at 5 U.S.C. § 706(1), provides that "[t]he reviewing court shall … compel agency action unlawfully withheld or ***unreasonably delayed***." (emphasis added).

26. Plaintiff's claim for unreasonable delay is properly brought under these sections of the APA. *See, e.g., Wyandotte Nation v. Salazar*, 939 F. Supp. 2d 1137, 1148–49 (D. Kan. 2013) (quoting 5 U.S.C. § 555(b)) ("The APA also requires that federal agencies conclude matters presented to them 'within a reasonable time.' Section 706(1) of the APA grants a reviewing court the authority to 'compel agency action ... unreasonably delayed.'"); *Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 450 (6th Cir. 2022) ("Persons may challenge an agency's *failure to act*, on the other hand, under § 706(1). Per that provision, a federal court 'shall ... compel agency action unlawfully withheld or unreasonably delayed.'").

27. Plaintiff's claim under the APA is proper as it relates to the VA's complete unwillingness to provide *any* response to his *Touhy* requests. *See*, *e.g.*, *Donatoni v. Department of Homeland Security*, 184 F.Supp.3d 285, 289 (E.D. Va. 2016) ("In short, not only is an action under the APA the appropriate means of raising constitutional challenges to federal agency decisions under *Touhy* regulations, but it is also the appropriate means of preventing the federal

6

government from prejudicing a [party's] interests by delaying action on requests for information.").

28. This Court has the discretion to determine whether the VA's complete lack of any response to Plaintiff's *Touhy* requests for over six months is an "unreasonable delay." *See, e.g., Biodiversity Conservation All. v. Jiron*, 762 F.3d 1036, 1075 (10th Cir. 2014) (citations omitted) ("The APA leaves in the courts the discretion to decide whether agency delay is unreasonable.").

29. Plaintiff's claim of "unreasonable delay" pursuant to § 706(1) is proper in a situation such as here, where there is no fixed deadline for the agency to act but rather a requirement to act within a "reasonable time." *See, e.g., Tista v. Jaddou*, 2021 WL 6134686, at *5 (D.N.M. Dec. 29, 2021) (citations omitted) ("The Tenth Circuit has examined the difference between the terms 'unlawfully withheld' and 'unreasonably delayed' in the text of § 706(1) …. An action is unlawfully withheld when a statute sets a specific deadline for the agency to act. An action is 'unreasonably delayed' when there is only a statutory admonition to act within an expeditious, prompt, or reasonable time.").

30. Pursuant to the APA and the VA's *Touhy* regulations, the VA has a required, nondiscretionary duty to provide a *response* to Plaintiff's *Touhy* requests within a "reasonable time." 5 U.S.C. § 555(b); 38 C.F.R. § 14.807(f).

31. Over six months have passed since Plaintiff submitted his first *Touhy* request to the VA. Plaintiff's counsel has sent the VA a written follow-up letter. Plaintiff has received no response at all. The VA has unreasonably delayed in providing its required, nondiscretionary response to Plaintiff's requests.

32. Plaintiff is not required to show an improper motive on the part of the VA to establish that its inaction constitutes an unreasonable delay. *See, e.g., Hyatt v. U.S. Pat. & Trademark*

7

*Off.*, 146 F. Supp. 3d 771, 780 (E.D. Va. 2015) ("[Under 706(1)] a finding of unreasonableness does not require a finding of impropriety by the agency.").

## **REQUEST FOR RELIEF**

WHEREFORE, pursuant to § 706(1) of the APA, Plaintiff Schroeder requests that this Court find the VA has unreasonably delayed in providing its required responses to Plaintiff's *Touhy* requests. Plaintiff further requests that this Court issue an order compelling the responsible officials at the VA to provide such responses to Plaintiff's *Touhy* requests by a definite date.

Respectfully submitted,

the law office of **DONELON, P.C.**   www.donelonpc.com
KANSAS CITY   ST. LOUIS

*/s/ Brendan J. Donelon*
Brendan J. Donelon, KS #17420
4600 Madison, Suite 810
Kansas City, Missouri 64112
Tel:   (816) 221-7100
Fax:   (816) 709-1044
brendan@donelonpc.com

Daniel W. Craig, D.Kan. #78146
6642 Clayton Rd., #320
St. Louis, Missouri 63117
Tel:   (314) 297-8385
Fax:   (816) 709-1044
dan@donelonpc.com

Carrie Mulholland Brous KS #18157
**Brous Law LLC**
3965 West 83rd Street, Ste. #115
Prairie Village, KS  66208
(913) 209-8596
cbrous@brouslaw.com

Attorneys for Plaintiff