**EXHIBIT A**

the law office of **DONELON, P.C.** www.donelonpc.com

KANSAS CITY                    ST. LOUIS

**brendan j. donelon**
brendan@donelonpc.com

January 4, 2022

<u>Via Certified Mail and Email</u>

Mr. Christopher Connor
Chief FOIA & Privacy Officer
Department of Veterans Affairs- Office of Inspector General
810 Vermont Avenue, NW
Washington, DC 20420
vacofoiaservice@va.gov

Mr. Dennis McGuire
Chief Counsel
Office of General Counsel- Midwest District
441 Wolf Ledges Parkway, Suite 403
Akron, Ohio 44311

> **Re:** **Request for Documents & Depositions under *Touhy* Regulations**
> *U.S. ex rel. Schroeder v. Medtronic, Inc., et al.*
> D.Kan. case no.: 2:17-02060-DCC-KGG

Dear Mr. Connor & Mr. McGuire:

### Introduction

On behalf of our client Relator Thomas Schroeder in the above captioned case, our office is hereby making a *Touhy* request (38 C.F.R. § 14.800 *et seq.*) for the production of documents solely in the possession of the United States Veterans Administration ("VA"). We are also seeking brief depositions of former employees of the Robert J. Dole Veterans Administration Medical Center in Wichita, Kansas ("Dole VA").

Our office appreciates the VA's mission and intends to work through these requests under the best of intentions. To that end, we are certainly open to resolving these requests in the best possible way.

4600 madison    suite 810    kansas city mo 64112    816.221.7100    facsimile.   816.709.1044

the law office of **DONELON, P.C.**   www.donelonpc.com

page 2
January 4, 2022

## General Background & Status of Case

On January 30, 2017, Thomas Schroeder ("Relator"), brought claims against Defendant Medtronic, Inc. ("Medtronic") and Hutchinson Regional Medical Center ("Hutchinson") (collectively referred to as "Defendants") for treble damages and civil penalties. These claims arise from Medtronic's alleged payment of illegal remuneration to employees at Hutchinson and Dole VA in exchange for them purchasing medical devices. Relator also alleges that Medtronic influenced medically unnecessary services and promoted devices for "off-label" use at Dole VA. In turn, Relator alleges that this conduct induced false claims to be made to, and reimbursed by, the VA, Tricare, Medicare, Medicaid and other federal healthcare providers in violation of the False Claims Act, 31 U.S.C. § 3729, *et seq.* ("FCA"). Regarding the illegal remuneration claims, Relator relies upon the federal Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b(b), to pursue his claims under the FCA. In violation of the FCA, Relator has alleged Defendants (i) "presented — or caused to be presented" — claims that were false or fraudulent to federal healthcare providers, § 3729(a)(1)(A); (ii) "made — or caused to be made" — false claims to federal healthcare providers, § 3729(a)(1)(B); and (iii) conspired to commit violations of the FCA, § 3720(a)(1)(B).

The United States declined to intervene in this matter. On April 13, 2020, the Court unsealed the Relator's Amended Complaint. On September 11 and 19, 2020, respectively, Defendants Medtronic and Hutchinson filed motions to dismiss the Relator's Second Amended Complaint. On September 14, 2021, the district court issued an order denying Hutchinson's motion, and granting and denying in part Medtronic's motion. *U.S. ex rel. Schroeder v. Medtronic, Inc.*, 17-2060-DDC-KGG, 2021 WL 4168140 (D. Kan. Sept. 14, 2021). In its order, the Court found the allegations involving veterans' treatment at Dole VA disturbing. The Court expressed this concern when commenting that the alleged "potentially dangerous medical procedures" were "troubling."

The case has now reached the "discovery" phase, where relevant information may be sought and gathered. The Relator needs the documents and depositions requested herein to litigate his claims involving Medtronic's behavior at Dole VA. Ultimately, this will assist in pursuing the VA's mission to properly care for our veterans. Also, as a steward of taxpayer funds, it will ensure unnecessary treatments — or purchases subject to illegal bribes — are remedied. The VA has a substantial interest in this *qui tam* litigation. Relator conservatively estimates that over $30 million in Medtronic devices were purchased by the Dole VA resulting from illegal remuneration between January 2011 through August 2018.[1] With the FCA's treble damages, this could equal $90 million in recovery for the federal government.

---

[1] This period covers six years from Relator's claims under the FCA up through the closing the VA's catherization lab in August 2018.

the law office of  | DONELON, P.C. | www.donelonpc.com

page 3
January 4, 2022

## Documents Sought

The following documents are hereby requested (all requests cover the period of January 30, 2011 through the present unless stated otherwise).

1.      Documents that address any complaints or investigation into conduct at the Dole VA's catheterization lab involving Medtronic, Inc. or Covidien, Inc. or their representatives (*e.g.*, documents from internal incident reports, Facility Administrative Investigative Board ("AIB"), Office of Inspector General — either VA or Veterans Health Administration, office of accountability and whistleblower protection, or U.S. GAO).[2]

If these documents exist, they will support Relator's claim that illegal remuneration was paid in violation of the Anti-Kickback Statute.  There is no other source to obtain these documents.  Only the VA would have them.

2.      Documents that reflect any audits or studies comparing the costs or clinical outcomes of performing procedures at the Dole VA's catheterization lab compared to other facilities performing the same procedures.  This should include data reflecting the procedure performed, number medical devices utilized in each procedure, serial number and description of devices — this data should be available and downloadable via the CPRS and/or Clinical Assessment Report and Tracking ("CART") systems.

If these documents exist, they will support Relator's claim that Medtronic influenced and promoted medically unnecessary procedures at Dole VA that significantly increased the costs of said procedures at taxpayers' expense and Relator's claim that excessive inventory was sold to the Dole VA due to illegal remuneration.  There is no other source to obtain these documents.  Only the VA would have them.

3.      Documents that reflect any decision to terminate or transfer any employee of the Dole VA catheterization lab based upon any remuneration received, cost of procedures performed at the lab, excessive inventory, or improper ordering or purchasing of medical devices (*e.g.*, disciplinary warnings, investigation board documents, investigation documents, police reports).

If these documents reflect any illegal remuneration provided by Medtronic / Covidien representatives, they will support Relator's claim that illegal remuneration was paid in violation of the Anti-Kickback Statute.  If these documents exist, they will support Relator's claims that Medtronic influenced and promoted medically

---

[2] Covidien was purchased by Medtronic in 2015.

unnecessary procedures at Dole VA that significantly increased the costs of said procedures at taxpayers' expense. There is no other source to obtain these documents. Only the VA would have them.

4.      Documents that reflect the decision to close the Dole VA catheterization lab in August 2018.

If these documents reflect any illegal remuneration provided by Medtronic / Covidien representatives, they will support Relator's claim that illegal remuneration was paid in violation of the Anti-Kickback Statute. If these documents exist, they will support Relator's claims that Medtronic influenced and promoted medically unnecessary procedures at Dole VA that significantly increased the costs of said procedures at taxpayers' expense. There is no other source to obtain these documents. Only the VA would have them.

5.      Documents that reflect all policies and practices to be followed by the employees of the Dole VA's catheterization lab regarding the purchasing of medical devices.

These documents will reflect whether the alleged illegal remuneration paid by Medtronic/Covidien sales representatives impacted or influenced how these policies and practices were implemented. There is no other source to obtain these documents. Only the VA would have them.

6.      Documents or data reflecting the acquisition of Medtronic/Covidien medical devices for the Dole VA's catheterization lab including the names, serial numbers, prices, and dates of purchase for said devices. This would include data reflecting any recalls regarding Medtronic/Covidien medical devices for the Dole VA's catheterization lab. (Possible source: The Generic Inventory Package (GIP) is the current software being utilized for inventory management of stock. The Automated Engineering Management System/Medical Equipment Reporting System (AEMS/MERS) and Maximo are the software systems used to manage non-expendable).

These documents will reflect the quantity and cost of these device purchases. They will support Relator's claim that illegal remuneration paid to Dole VA employees caused a grossly excessive purchase of devices for a lab of its size. It will also support Relator's allegation that medical devices sold to the Dole VA were later taken by Medtronic/Covidien sales representatives and used as illegal remuneration to gain device sales at Hutchinson. While Medtronic/Covidien may have some of this information, Relator believes it is necessary to confirm this data from the party actually

the law office of | **DONELON, P.C.** | www.donelonpc.com

page 5
January 4, 2022

receiving these devices to ensure an accurate accounting.  There is no other source to obtain these documents.  Only the VA would have them.

      7.      Documents that reflect any annual performance audits for the Dole VA catherization lab.

      These documents may reflect information regarding the claims at issue in this lawsuit such as excessive inventory, remuneration, and assessment of medical treatment being performed.   There is no other source to obtain these documents.  Only the VA would have them.

### Depositions Sought

      Each of the following former Dole VA employees are fact witnesses only, and Relator will not be seeking expert testimony or personal opinions.

      1.      **Terri Brinkley** (former technologist and lab manager at Dole VA cath lab). Anticipated five hours needed.  We will seek information regarding:

- her job duties and responsibilities and dates of employment;
- interactions with Medtronic/Covidien representatives including Doug Winger, Kerri Montgomery Kirk, and Gregory Davisson;
- lunches, tickets, dinners, electronic devices, gifts of any type, *etc.* provided by Doug Winger, Kerri Montgomery Kirk, or Gregory Davisson to herself and other lab employees;
- reasons surrounding her termination of employment at Dole VA;
- the closing of the catheterization lab at Dole VA;
- purchasing of medical devices from Doug Winger, Kerri Montgomery Kirk, and Gregory Davisson;
- medical procedures she participated in and the usage of Medtronic/Covidien devices in those procedures;
- destruction or disposal of medical devices from the lab's inventory; and
- Dole VA policies and procedures regarding the purchasing of medical devices.

      2.      **Stan Hett** (former employee of Dole VA cath lab).  Anticipated 2-3 hours needed.  We will seek information regarding:

- his job duties and responsibilities and dates of employment;
- interactions with Medtronic/Covidien representatives including Doug Winger, Kerri Montgomery Kirk, and Gregory Davisson;

- lunches, tickets, dinners, electronic devices, gifts of any type, *etc.* provided by Doug Winger, Kerri Montgomery Kirk, or Gregory Davisson to lab employees;
- medical procedures he participated in and the usage of Medtronic/Covidien devices in those procedures;
- the closing of the catheterization lab at Dole VA; and
- destruction or disposal of excessive or expired medical devices.

3.  **Steve Kovach** (former employee of Dole VA cath lab).  Anticipated 2-3 hours needed.  We will seek information regarding:

- his job duties and responsibilities and dates of employment;
- interactions with Medtronic/Covidien representatives including Doug Winger, Kerri Montgomery Kirk, and Gregory Davisson;
- lunches, tickets, dinners, electronic devices, gifts of any type, *etc.* provided by Doug Winger, Kerri Montgomery Kirk, or Gregory Davisson to lab employees;
- medical procedures he participated in and the usage of Medtronic/Covidien devices in those procedures;
- the closing of the catheterization lab at Dole VA; and
- destruction or disposal of excessive or expired medical devices.

4.  **Jimmy Lee** (former employee of Dole VA cath lab).  Anticipated 2-3 hours needed.  We will seek information regarding:

- his job duties and responsibilities and dates of employment;
- interactions with Medtronic/Covidien representatives including Doug Winger, Kerri Montgomery Kirk, and Gregory Davisson;
- lunches, tickets, dinners, electronic devices, gifts of any type, *etc.* provided by Doug Winger, Kerri Montgomery Kirk, and Gregory Davisson to lab employees;
- medical procedures he participated in and the usage of Medtronic/Covidien devices in those procedures;
- the closing of the catheterization lab at Dole VA; and
- destruction or disposal of excessive or expired medical devices.

5.  **Travis January** (former employee of Dole VA cath lab).  Anticipated 2-3 hours needed.  We will seek information regarding:

- his job duties and responsibilities and dates of employment;
- interactions with Medtronic/Covidien representatives including Doug Winger, Kerri Montgomery Kirk, and Gregory Davisson;
- lunches, tickets, dinners, electronic devices, gifts of any type, *etc.* provided by Doug Winger, Kerri Montgomery Kirk, and Gregory Davisson to lab employees;

the law office of  **DONELON, P.C.**  www.donelonpc.com

page 7
January 4, 2022

- medical procedures he participated in and the usage of Medtronic/Covidien devices in those procedures;
- the closing of the catheterization lab at Dole VA; and
- destruction or disposal of excessive or expired medical devices.

6.    **Randy Stuckey** (former employee of Dole VA cath lab).  Anticipated 2-3 hours needed.  We will seek information regarding:

- his job duties and responsibilities and dates of employment;
- interactions with Medtronic/Covidien representatives including Doug Winger, Kerri Montgomery Kirk, and Gregory Davisson;
- lunches, tickets, dinners, electronic devices, gifts of any type, *etc.* provided by Doug Winger, Kerri Montgomery Kirk, and Gregory Davisson to lab employees;
- medical procedures he participated in and the usage of Medtronic/Covidien devices in those procedures;
- the closing of the catheterization lab at Dole VA; and
- destruction or disposal of excessive or expired medical devices.

7.    **Kevin Brown** (former employee of Dole VA cath lab).  Anticipated 2-3 hours needed.  We will seek information regarding:

- his job duties and responsibilities and dates of employment;
- interactions with Medtronic/Covidien representatives including Doug Winger, Kerri Montgomery Kirk, and Gregory Davisson;
- lunches, tickets, dinners, electronic devices, gifts of any type, *etc.* provided by Doug Winger, Kerri Montgomery Kirk, and Gregory Davisson to lab employees;
- medical procedures he participated in and the usage of Medtronic/Covidien devices in those procedures;
- the closing of the catheterization lab at Dole VA; and
- destruction or disposal of excessive or expired medical devices.

8.    **Jennifer Graham** (former employee of Dole VA cath lab).  Anticipated 2-3 hours needed.  We will seek information regarding:

- her job duties and responsibilities and dates of employment;
- interactions with Medtronic/Covidien representatives including Doug Winger, Kerri Montgomery Kirk, and Gregory Davisson;
- lunches, tickets, dinners, electronic devices, gifts of any type, *etc.* provided by Doug Winger, Kerri Montgomery Kirk, and Gregory Davisson to lab employees;
- medical procedures she participated in and the usage of Medtronic/Covidien devices in those procedures;

- the closing of the catheterization lab at Dole VA; and
- destruction or disposal of excessive or expired medical devices.

9.    **Dr. Chad Ammar, M.D.** (Former Lab Director at Dole VA).  Anticipated 2-3 hours needed.  We will seek information regarding:

- his job duties and responsibilities and dates of employment;
- interactions with Medtronic/Covidien representatives including Doug Winger, Kerri Montgomery Kirk, and Gregory Davisson;
- lunches, tickets, dinners, electronic devices, gifts of any type, *etc.* provided by Doug Winger, Kerri Montgomery Kirk, and Gregory Davisson to lab employees;
- medical procedures he participated in and the usage of Medtronic/Covidien devices in those procedures;
- the closing of the catheterization lab at Dole VA;
- policies and procedures at the lab regarding device acquisition and usage; and
- destruction or disposal of excessive or expired medical devices.

10.    **Diane Keene** (Chief of Logistics at Dole VA) Anticipated 2-3 hours needed.  We will seek information regarding:

- her job duties and responsibilities and dates of employment;
- interactions with Medtronic/Covidien representatives including Doug Winger, Kerri Montgomery Kirk, and Gregory Davisson;
- lunches, tickets, dinners, electronic devices, gifts of any type, *etc.* provided by Doug Winger, Kerri Montgomery Kirk, and Gregory Davisson to lab employees;
- medical procedures he participated in and the usage of Medtronic/Covidien devices in those procedures;
- the closing of the catheterization lab at Dole VA;
- policies and procedures at the lab regarding device acquisition and usage; and
- destruction or disposal of excessive or expired medical devices.

11.    **Paul Dixon** (Contracting Specialist for Network Contracting Office 15) Anticipated 2-3 hours needed.  We will seek information regarding:

- his job duties and responsibilities and dates of employment;
- interactions with Medtronic/Covidien representatives including Doug Winger, Kerri Montgomery Kirk, and Gregory Davisson;
- lunches, tickets, dinners, electronic devices, gifts of any type, *etc.* provided by Doug Winger, Kerri Montgomery Kirk, and Gregory Davisson to lab employees;
- medical procedures he participated in and the usage of Medtronic/Covidien devices in those procedures;

- the closing of the catheterization lab at Dole VA;
- policies and procedures at the lab regarding device acquisition and usage; and
- destruction or disposal of excessive or expired medical devices.

All of these witnesses are essential in proving our claims regarding illegal remuneration provided by Medtronic/Covidien representatives at the Dole VA cath lab and excessive inventory purchases. Several of these persons are also witnesses to procedures performed at this lab and could have information as to whether they were medically unnecessary and/or involved using devices off-label. It is anticipated that Medtronic/Covidien representatives will deny providing any remuneration. These persons are the only ones who could contest this.

## Applicable *Touhy* Factors Supporting Requests
## (38 C.F.R. § 14.804)

a. *The need to avoid spending the time and money of the United States for private purposes and to conserve the time of VA personnel.*

Relator and counsel concede there will be some expenditure of time on behalf of VA personnel. This is unavoidable in all *Touhy* requests. However, we believe it can be minimal. There should not be any expenditures of money as Relator is prepared to cover any incurred costs for labor, copying, *etc.*, and is willing to cover such costs up front. Also, much of this information should be electronic data and not require manual retrieval. To that end, Relator is willing to cover any associated IT costs.

The depositions sought are former employees, thus would not be an expenditure of the VA's. Any current VA personnel who might assist in the depositions (*e.g.*, making necessary arrangements, retrieving records for review, *etc.*) would be administrative personnel, thus no medical providers would be taken away from their mission to care for our veterans. As indicated above, the depositions are not relatively long compared to the seven hours permitted under Federal Rules. An agreement can certainly be reached on the length of each deposition. These can be conducted on any day, at any time, and at any location (including video conferencing) that is most convenient for the VA and deponent. Finally, there will be no expenditure of taxpayer dollars for the depositions. Relator will pay for the deposition costs as well as any incidental costs (*e.g.*, travel and prep costs, *etc.*).

b. *How the testimony or production of records would assist the VA in performing its statutory duties.*

The mission of the VA is to provide the best medical care and attention to those persons who make the ultimate sacrifice for our country — veterans. The testimony and

records sought will assist the VA in performing this duty to ensure that veterans do not receive unnecessary or harmful medical care and treatment. The records and testimony sought will also ensure that taxpayers are not being billed for grossly excessive medical devices, unnecessary medical procedures, and purchases of devices from companies paying bribes for such sales.

c. *Whether the disclosure of the records or presentation of testimony is necessary to prevent the perpetration of fraud or other injustice in the matter in question.*

While the Dole VA cath lab was shut down in August 2018, the disclosure of the documents and testimony sought will prevent an injustice in the matter at hand. As previously stated, Relator conservatively estimates that over $30 million in devices were purchased by Dole VA as the result of illegal remuneration paid by Medtronic / Covidien representatives. These same representatives influenced the use of medically unnecessary and off-label devices in veteran patients, causing harm to them as a result. It would be a gross injustice if this behavior occurred with no repercussions for the wrongdoers.

d. *Whether the request is unduly burdensome.*

It will obviously take some time on the VA's behalf to produce the documents sought herein. However, as previously stated, Relator is willing to cover costs for any production whether it be photocopies or electronic data production.

Regarding the depositions, Relator believes that these persons are former VA personnel, so their time for the depositions will not directly burden the VA. The depositions are not going to take much time on the part of the VA.

e. *Whether the testimony or production of records is appropriate or necessary under the rules of procedure governing the case.*

The Federal Rules of Civil Procedure fully support production of the testimony and records sought. Also, Relator anticipates that a protective order will be entered by the court protecting public disclosure of any sensitive or privileged information so designated by the VA.

f. *Whether the testimony or production of records would violate a statute, executive order, regulation or directive.*

As the VA's *Touhy* regulations state, any request that "would violate a confidentiality statute's prohibition against disclosure, disclosure will not be made."

The Relator's requests do not violate any of the confidentiality statutes identified in the VA's *Touhy* regulations.

> **38 U.S.C. § 5701** states in part:

(b) The Secretary [of VA] shall make disclosure of such files, records, reports, and other papers and documents [of current and former Armed Forces members] … as follows:

*      *      *

> (2) When required by process of a United States court to be produced in any suit or proceeding therein pending.

*      *      *

> (6) In connection with any proceeding for the collection of an amount owed to the United States by virtue of a person's participation in any benefit program administered by the Secretary when in the judgment of the Secretary such disclosure is deemed necessary and proper.

The Relator has not yet sought the remedy set forth in subsection (2) as he is required to first exhaust the *Touhy* requirements. So, at this time, there is no pending order. Subsection (6) clearly applies to this *qui tam* action. Relator is seeking the collection of at least $30 million ($90 million under FCA) owed to the United States as a result of illegal bribes being paid in exchange for device purchases at Dole VA. The disclosures sought herein are necessary to obtain the amounts owed.

> **38 U.S.C. § 5705** states in part:

(c) For purposes of this section, the term "medical quality-assurance program" means—

> (2) with respect to any activity carried out on or after October 7, 1980, a Department systematic health-care review activity designated by the Secretary to be carried out by or for the Department for either such purposes*.

*("[E]ither such purposes" is defined as "improving the quality of medical care or improving the utilization of health-care resources in Department health-care facilities.")

(d)(2) An activity may not be considered as having been designated as a medical quality-assurance program for the purposes of subsection (c)(2) of this section unless the designation has been specified in such regulations.

Relator does not believe that any of the documents sought herein would be part of an activity specifically designated as a medical quality-assurance program, as that is defined. Even if this exists for any of the documents or testimony sought, Relator

the law office of | **DONELON, P.C.** | www.donelonpc.com

page 12
January 4, 2022

believes that section (b)(1) applies: "… a record or document … shall, upon request, be disclosed as follows:"

> (C) To a criminal or civil law enforcement governmental agency *or instrumentality charged under applicable law with the protection of the public health or safety*, if a qualified representative of such agency or instrumentality makes a written request that such record or document be provided for a purpose authorized by law.

In this civil FCA claim, the Relator is acting on behalf of the United States Government. The information sought—in particular about the medically unnecessary and harmful procedures being performed—goes to the protection of the veterans' health and safety.

**38 U.S.C. § 7332** states in part:

(a)(1) Records of the identity, diagnosis, prognosis, or treatment of any patient … relating to drug abuse, alcoholism or alcohol abuse, infection with the human immunodeficiency virus, or sickle cell anemia … shall … be confidential.

Relator is not seeking any records or testimony regarding these conditions. Data regarding the devices at issue will not contain this information. Regardless, any information that might include a patient's name or identity can be redacted (see § 5705(b)(2)). In addition, Relator anticipates that a protective order will be in place from the court that will permit documents and testimony to be kept "confidential" under that order's terms.

g.  *Whether the testimony or production of records, except when in camera and necessary to assert a claim of privilege, would reveal information properly classified pursuant to applicable statutes or Executive Orders.*

Relator does not believe this factor applies.

h.  *Whether the testimony would interfere with ongoing law enforcement proceedings, compromise constitutional rights, compromise national security interests, hamper VA or private health care research activities, reveal sensitive patient or beneficiary information, interfere with patient care, disclose trade secrets or similarly confidential commercial or financial information or otherwise be inappropriate under the circumstances.*

There are no constitutional rights or national security interests implicated by the documents or testimony Relator requests. It does not hamper any "research activities."

While Relator does not believe it seeks disclosure of sensitive patient information, as previously stated, redaction and a protective order provide a remedy. These requests will not interfere with patient care as the effort required by the VA would be from administrative personnel, and if anything, this will go to help patient care. The requested deponents are no longer employed at Dole VA, so the time away for deposition will not interfere with patient treatment. Finally, there are no trade secrets covered under these requests.

i. *Whether such release or testimony reasonably could be expected to result in the appearance of VA or the Federal government favoring one litigant over another.*

j. *Whether such release or testimony reasonably could be expected to result in the appearance of VA or the Federal government endorsing or supporting a position advocated by a party to the proceeding.*

The records and testimony sought are objectively what they are. If the Defendants in this case have committed no wrongdoing regarding Relator's allegations, then this information will support their defenses. Relator is not asking for any opinions (expert or lay) or for the VA to take any sides. Relator is just seeking factual information that is in the VA's sole possession. Their disclosure could equally benefit or harm either party in this case.

k. *The need to prevent the public's possible misconstruction of variances between personal opinions of VA personnel and VA or Federal policy.*

The records and testimony Relator requests will not include or require any opinions by VA personnel. There cannot be any variances of opinions since none are sought. In fact, producing the requested documents and testimony will align with the VA and Federal government's policy of watching out and caring for our veterans as well a taxpayers' dollars.

l. *The need to minimize VA's possible involvement in issues unrelated to its mission.*

The Relator's case does not involve issues that are unrelated or only tangentially related to the VA and its mission. Rather, this case directly relates to the VA's mission of caring for our veterans and ensuring taxpayers' monies are being spent to further this cause.

m. *Whether the demand or request is within the authority of the party making it.*

Relator has a pending lawsuit against the defendants in federal court.  Under the FCA, he is alleging that these defendants committed fraud against the VA.  The relator and counsel have the authority to make this request.

## *n.  Whether the demand or request is sufficiently specific to be answered.*

Relator and counsel have endeavored to be as specific as possible identifying the documents sought and topics to be covered at the depositions.  And as previously stated, if there are any questions as to what specifically has been requested, Relator and counsel are available to discuss and clarify, narrow, or modify requests as necessary.

## *o.  Other matters or concerns presented for consideration in making the decision.*

Again, if the VA has any concerns or questions relating to the requests, Relator proposes a discussion of those concerns and questions.  It is Relator's sincere hope that any such disputes can be resolved.

## Conclusion

While the United States and the VA are potential benefactors of this *qui tam* litigation, Relator is ultimately fighting for our veterans and our country.  This is a noble and honorable pursuit that justifies the effort requested.  The witnesses Relator has worked with all came forward due to the waste and harm caused to veterans at Dole VA.  As one witness stated regarding medically unnecessary treatment (quoted in the Third Amended Complaint):

> "I got to the point where I was uncomfortable with the way cases were going."  "The treatment of veterans . . . seeing an artery that was open, the physician would go in and balloon it and just destroy the artery and then follow it up with a stent."  "I couldn't stomach what was going on, so that's why ultimately just left and never went back."  Healthcare Professional #1 had to inform the company sales manager that Dole VA would no longer be a potential client.  The representative told him, "I'm not going to be involved in something that feels bad and I cannot imagine treating a veteran so poorly."

It is Relator's sincere hope that the VA will fully consider the requests made herein.  We realize it will take time to assess this request and decide.  Our client looks forward to hearing from you.

the law office of **DONELON, P.C.** www.donelonpc.com

page 15
January 4, 2022

Sincerely,

BRENDAN J. DONELON

BJD/bd
cc:  John Fleenor – Asst. U.S. Attorney District of Kansas
       via email: Jon.Fleenor@usdoj.gov

## Dan Craig

| | |
|---|---|
| **From:** | Brendan Donelon |
| **Sent:** | Tuesday, January 4, 2022 11:31 AM |
| **To:** | vacofoiaservice@va.gov |
| **Cc:** | Dan Craig; Carrie Brous; Jon.Fleenor@usdoj.gov |
| **Subject:** | U.S. ex rel. Schroeder v. Medtronic, Inc., et al. |
| **Attachments:** | Touhy request VA 01-04-22.pdf |

Please see attached *Touhy* request letter for the above referenced matter.

Brendan J. Donelon
816-221-7100
Fax: 816-709-1044
www.donelonpc.com

the law office of



4600 madison
suite 810
kansas city mo 64112

KANSAS CITY          ST. LOUIS

NOTE: The Missouri Bar Disciplinary Counsel requires all Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication, (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa, and (3) persons not participating in our communications may intercept them by improperly accessing your computer or my computer or even some computer unconnected to either of us through which the e-mail passed. If you do not consent to communicate via e-mail and want future communications to be sent in a different fashion, please let me know immediately. If you incorrectly received this email, please call 816-221-7100.

1



English | Locations | Support

PS.COM®

**Quick Tools** | Send | Receive | Shop | Business | International

## USPS Tracking®

Tracking

**Track Another Package +**

Track Packages Anytime, Anywhere

Get the free Informed Delivery® feature to receive automated notifications on your packages

Learn M

**Tracking Number:** 03110240000039521483

Your item was delivered in or at the mailbox at 11:43 am on January 10, 2022 in AKRON, OH 44311.

**USPS Tracking Plus™ Available** ∨

**Status**

✓ **Delivered, In/At Mailbox**

January 10, 2022 at 11:43 am
AKRON, OH 44311

**Get Updates** ∨

Delivered

Text & Email Updates ∨

Tracking History ∨

USPS Tracking Plus™ ∨

🌐 English        📍 Locations        🎧 Support        👷 Informed Delivery

S.COM®        **Quick Tools**        Send        Receive        Shop        Business        International        Help

# USPS Tracking®

**Tracking** / **FAQs >**

## Track Another Package +

**Track Packages Anytime, Anywhere**        Get the free Informed Delivery® feature to receive automated notifications on your packages        **Learn More**

Remove ✕

**Tracking Number:** 03110240000039521476

**Status**

Your item was delivered at 4:47 am on January 13, 2022 in WASHINGTON, DC 20420.

✓ **Delivered**

January 13, 2022 at 4:47 am
WASHINGTON, DC 20420

**USPS Tracking Plus™ Available** ⌄

**Get Updates** ⌄

**Delivered**

Text & Email Updates                                        ⌄

Tracking History                                             ⌄

USPS Tracking Plus™                                          ⌄

Product Information                                          ⌄