IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THOMAS SCHROEDER, | ) |
| Plaintiff, | ) |
| | ) Case No. 2:22-cv-2209 |
| THE UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, a Federal Agency, | ) **COMPLAINT PURSUANT TO THE ADMINISTRATIVE PROCEDURES ACT,** |
| Defendant. | ) **5 U.S.C. § 551,** *et seq.* |

**FIRST AMENDED COMPLAINT**

Plaintiff Thomas Schroeder hereby submits this First Amended Complaint, requesting an order from the Court compelling the Defendant United States Department of Veterans Affairs to produce certain documents and information to Plaintiff.

**NATURE OF CLAIM**

1. This is an action under the Administrative Procedures Act, 5 U.S.C. § 551, *et seq.* ("APA"). Plaintiff seeks judicial review of the decision by the Defendant U.S. Department of Veterans Affairs ("VA") not to produce certain documents and information pursuant to Plaintiff's "*Touhy*" requests. These requests were made in litigation pending before the United States District Court, District of Kansas, *U.S. ex rel. Schroeder v. Medtronic, Inc., et al.*, 2:17-02060-DCC-KGG. The VA is not a party to this litigation but is in the exclusive possession of documents and information relevant to Plaintiff's claims. Plaintiff requests that this Court find the VA's refusal "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Plaintiff further requests that the Court "set aside" the VA's action and compel it to produce the requested documents and information. *Id.*

1

## PARTIES

2. Plaintiff Thomas Schroeder is a resident of Missouri.

3. The United States Department of Veterans Affairs is a federal agency that operates at office locations within this judicial district.

## JURISDICTION & VENUE

4. This Court has jurisdiction and Plaintiff is proceeding in this matter pursuant to the Administrative Procedures Act, 5 U.S.C. § 551, *et seq*. The documents and information sought under Plaintiff's *Touhy* requests relate to the Robert J. Dole Veterans Administration Medical Center ("Dole VA") located in Wichita, KS and are therefore located within this judicial district.

5. On June 7, 2022, Plaintiff filed his initial Complaint (Doc. 1). Defendant VA has not yet filed an Answer or other responsive pleading. The current deadline to file an Answer or other responsive pleading is October 3, 2022. Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff has obtained the "written consent" of Defendant VA to file this First Amended Complaint.

## BACKGROUND

**A. Plaintiff Schroeder's Underlying False Claims Act Lawsuit**.

6. Plaintiff Schroeder, as "Relator," has brought a *qui tam* action on behalf of the United States government in the United States District Court, District of Kansas, in the pending matter of *U.S. ex rel. Schroeder v. Medtronic, Inc., et al.*, 2:17-02060-DCC-KGG.

7. In that action, Relator alleges violations of the False Claim Act, 31 U.S.C. § 3729, *et seq.* against various Defendants. The VA is not a party to that lawsuit.

8. In that action, Relator alleges that illegal remuneration was paid by Defendant Medtronic, Inc. to employees at the Dole VA. Relator alleges that this resulted in the purchase of grossly excessive medical devices, unnecessary medical treatment, and off-label use of devices on Dole VA's veteran patients. Relator alleges these actions were in violation of the False Claims Act/Anti-Kickback Statute. (*See*, Doc. No. 127, Fourth Amended Complaint, ¶¶ 1, 52-79; 102-153).

9. In that action, fact discovery has commenced. The current discovery deadline is December 30, 2022. (*See*, Doc. No. 98, Scheduling Order, pg.3). Relator is seeking nonprivileged and relevant fact discovery from parties and non-parties alike, including the VA.

**B.     The VA's *Touhy* Regulations, 38 C.F.R. § 14.800 *et seq*.**

10. Under the federal housekeeping statute, 5 U.S.C. § 301, a federal agency may adopt procedures —known as *Touhy* regulations—for responding to requests for testimony or documents. *See*, *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

11. The VA has promulgated its *Touhy* policies and procedures for the "production or disclosure of official information or records of the Department of Veterans Affairs (VA)." 38 C.F.R. § 14.800 *et seq*.

12. The VA's *Touhy* regulations state that VA personnel are only permitted to provide testimony or produce VA records in legal proceedings if authorized by the "General Counsel, the Regional Counsel, an attorney in the Office of General Counsel designated by the General Counsel, or an attorney in the Regional Counsel office designated by the Regional Counsel." 38 C.F.R. §§ 14.806, 14.807(b).

13. A party seeking documents or testimony from the VA must comply with the agency's *Touhy* regulations by making a proper request, including "a written statement by the

3

party seeking the testimony or records or by the party's attorney, [along with] a summary of the nature and relevance of the testimony or records sought in the legal proceedings containing sufficient information for the responsible VA official to determine whether VA personnel should be allowed to testify or records should be produced." 38 C.F.R. § 14.805.

14. The regulations provide fifteen factors for the responsible VA official to consider in making the determination whether to produce the requested information. 38 C.F.R. § 14.804.

15. The regulations provide that after due consideration and consultation, "the VA official shall determine in writing whether the individual is required to comply with the demand or request and shall notify the requester or the court or other authority of the determination reached where the determination is that VA will not comply fully with the request or demand." 38 C.F.R. § 14.807(c).

16. The VA's *Touhy* regulations do not create an independent privilege to withhold information or shield employees from valid discovery requests. *See*, *e.g.*, *Brown v. United States Department of Veterans Affairs*, 2017 WL 3620253, at *3 (N.D. Ala. Aug. 23, 2017) ("Application of *Touhy* regulations under § 301 is intended only to provide an orderly process by which a government agency may determine whether a demand for information from it is valid and lawful. Such regulations by themselves do not create a privilege or otherwise authorize the withholding of information by private parties.").

**C.     Plaintiff Schroeder's *Touhy* Requests to and Responses from the VA.**

17. On January 4, 2022, pursuant to the VA's *Touhy* regulations, 38 C.F.R. § 14.800 *et seq.*, Plaintiff Schroeder sent his written request for testimony and documents to the VA. In his request, Plaintiff properly followed the VA's regulations by providing a detailed summary of the nature and relevance of the testimony and records sought in the underlying legal proceeding

4

such that the responsible VA official can determine whether to comply, and if so, to what extent. *Id.*; 38 C.F.R. §§ 14.804, 14.805.

18. On February 24, 2022, pursuant to the VA's *Touhy* regulations, 38 C.F.R. § 14.800 *et seq.*, Plaintiff Schroeder sent a second written request for documents to the VA. In his second request, Plaintiff again properly followed the VA's regulations by providing a detailed summary of the nature and relevance of the testimony and records sought in the underlying legal proceeding such that the responsible VA official can determine whether to comply, and if so, to what extent. *Id.*; 38 C.F.R. §§ 14.804, 14.805.

19. On June 7, 2022, having received no response to his *Touhy* requests, Plaintiff filed his initial Complaint in this matter, seeking a Court order compelling a response from the VA.

20. On or about June 15, 2022, the VA provided Plaintiff with a written response to his *Touhy* requests addressing some of the Plaintiff's document requests, but not the deposition testimony sought. In this response, the VA stated that it "will not authorize the production of documents you seek."

21. In support of this determination, the VA cited certain factors as provided in 38 C.F.R. § 14.804. Specifically, the VA cited factors (a): need to avoid spending the time and money of the United States for private purposes; (d): undue burdensomeness of the requests; (f): issues of patient confidentiality; and, (l): need to minimize VA's involvement in issues unrelated to its mission. The VA also provided a time and cost estimate to produce the requested documents and information of 9,850 hours and approximately $474,417.15, respectively.

22. Following the VA's initial response, counsel for Plaintiff and the VA engaged in several good faith communications concerning Plaintiff's requests. As a result of these communications, Plaintiff resubmitted his requests for documents and information, significantly

reducing the size and scope of the documents, information, and testimony requested. Plaintiff also requested a response regarding his request for deposition testimony of four designated current and former Dole VA employees.

23. Following the resubmission of Plaintiff's requests, counsel for the Plaintiff and the VA were able to reach an agreement on much of the requested documents and testimony.

24. Specifically, the VA agreed to permit the depositions of three former employees and one current employee of the Dole VA along with reasonable conditions. In response to some of Plaintiff's document requests, the VA has produced documents and has agreed to produce additional documents and information in its possession based upon the Plaintiff agreeing to provide payment to the VA for its costs to produce these additional documents and information.

25. Despite the agreements reached between the Parties, the VA has affirmatively responded that it will not produce certain documents and information as requested by Plaintiff. Specifically, the documents and information the VA refuses to produce (and the stated basis for the refusals) are summarized as follows:

    a. Plaintiff seeks an acceptable "sample size" of patient medical records relating to peripheral arterial disease procedures performed at the Dole VA's cath lab from 2011 through 2018. Plaintiff has agreed to redaction of all personal identifying information from these medical records to protect patient confidentiality. Plaintiff has also agreed to provide reasonable payment to the VA for its costs in producing these records. The VA stands by its refusal to produce these records on the basis that "it requests documents/medical records that are protected by the Privacy Act, HIPAA, FOIA, and/or related privacy statutes." (September 20, 2022 correspondence of VA Office of Chief Counsel).

  b. Plaintiff seeks documents relating to the VA's investigation into conduct at the Dole VA's cath lab involving Medtronic, Inc. or Covidien, Inc. (defendants in Plaintiff's underlying lawsuit). Although it did provide some documents, the VA's Office of Inspector General ("VA OIG") refuses to produce other documents responsive to this request. The 38 C.F.R. § 14.804 factors cited as the basis for this refusal are (a): need to avoid spending time and money of the United States for private purposes; (i): avoiding appearance of the VA favoring one litigant over another; and, (l): need to minimize VA's involvement in issues unrelated to its mission. (August 15, 2022 correspondence of VA Office of Inspector General).

  c. Plaintiff seeks documents that reflect any audits or studies comparing the costs or clinical outcomes of performing procedures at the Dole VA's cath lab compared to other facilities performing the same procedures. The VA has stated its agreement to provide documents responsive to this request, but only upon payment of its estimated cost basis of $17,443.20. (September 20, 2022 correspondence of VA Office of Chief Counsel). Plaintiff maintains these costs are excessive for what is being requested.

26. By way of the VA's correspondences of August 15 and September 20, 2022, refusing to fully comply with Plaintiff's *Touhy* requests, the VA has provided its "final agency action" for purposes of this APA claim. *See, e.g., Ctr. For Native Ecosystems v. Cables*, 509 F.3d 1310, 1329 (10th Cir. 2007) (citations omitted) ("If an agency has issued a definitive statement of its position, determining the rights and obligations of the parties, the agency's action is final [for purposes of an APA action]").

# PLAINTIFF SCHROEDER'S APA CLAIM

27. Plaintiff Schroeder brings this claim against the Defendant VA pursuant to § 706(2)(A) of the APA which states that "[t]he reviewing court shall … hold unlawful and set aside agency action, findings, and conclusions found to be -- arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See*, *e.g.*, *Rhoads v. United States Dep't of Veterans Affs.*, 242 F. Supp. 3d 985, 990 (E.D. Cal. 2017) ("It is well established that once an agency has taken final agency action under the APA, a reviewing court analyzes that decision under the 'arbitrary and capricious' standard of review.").

28. The VA's refusal to produce the above-referenced documents and information is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, in that:

    a. The VA's decision failed to consider relevant factors of 38 C.F.R. § 14.804, *e.g.*, (b): whether producing the requested documents would assist the VA in performing its duties to U.S. veterans; and, (c): whether producing the documents is necessary to prevent the perpetration of fraud or other injustice as alleged in Plaintiff's underlying *qui tam* action.

    b. The VA's reliance on certain factors in making its decision was not rationally based, *e.g.*, (a) and (d): its desire to avoid time and monetary expenditures where Plaintiff has agreed to pay reasonable costs; (f): its conclusion that producing medical records would violate patient confidentiality where Plaintiff has agreed to necessary redactions; (i): its conclusion that producing the requested documents would create an "appearance" of the VA favoring one litigant over another even though the records are merely factual; and, (l): its conclusion that Plaintiff's underlying *qui tam*

action (alleging improper treatment of veterans and fraud against the VA) is "unrelated to its mission" of caring for U.S. veterans.

  c.  The VA's decision failed to consider and address Plaintiff's specific proposals and offers of compromise (*e.g.*, agreeing to redact all personal identifiers from medical records, agreeing to pay reasonable costs, etc.).

  d.  The VA's decision does not consider or address the burdens of its production in relation to the critical importance and relevance of the requested documents and information to Plaintiff's *qui tam* action brought on behalf of the U.S. Government.

  e.  The VA's decision does not consider or address the fact that Plaintiff has no other means for obtaining the requested documents and information from any other source other than the VA.

## **PRAYER FOR RELIEF**

WHEREFORE, pursuant to § 706(2)(A) of the APA, Plaintiff Schroeder requests that this Court find the VA's refusal to fully comply with Plaintiff's *Touhy* requests – as outlined above- to be capricious, an abuse of discretion, or otherwise not in accordance with law. Plaintiff further requests that the Court hold unlawful and set aside the VA's decision and compel the VA to comply with Plaintiff's requests.

Respectfully submitted,

Carrie Mulholland Brous KS #18157
**Brous Law LLC**
3965 West 83rd Street, Ste. #115
Prairie Village, KS  66208
(913) 209-8596
cbrous@brouslaw.com



Brendan J. Donelon, KS #17420
4600 Madison, Suite 810
Kansas City, Missouri 64112
Tel:     (816) 221-7100
Fax:    (816) 709-1044
brendan@donelonpc.com

*/s/ Daniel W. Craig*
Daniel W. Craig, D.Kan. #78146
6642 Clayton Rd., #320
St. Louis, Missouri 63117
Tel:     (314) 297-8385
Fax:    (816) 709-1044
dan@donelonpc.com

Attorneys for Plaintiff