the law office of **DONELON, P.C.** www.donelonpc.com

page 9
January 4, 2022

- the closing of the catheterization lab at Dole VA;
- policies and procedures at the lab regarding device acquisition and usage; and
- destruction or disposal of excessive or expired medical devices.

All of these witnesses are essential in proving our claims regarding illegal remuneration provided by Medtronic/Covidien representatives at the Dole VA cath lab and excessive inventory purchases. Several of these persons are also witnesses to procedures performed at this lab and could have information as to whether they were medically unnecessary and/or involved using devices off-label. It is anticipated that Medtronic/Covidien representatives will deny providing any remuneration. These persons are the only ones who could contest this.

**Applicable *Touhy* Factors Supporting Requests**
**(38 C.F.R. § 14.804)**

*a. The need to avoid spending the time and money of the United States for private purposes and to conserve the time of VA personnel.*

Relator and counsel concede there will be some expenditure of time on behalf of VA personnel. This is unavoidable in all *Touhy* requests. However, we believe it can be minimal. There should not be any expenditures of money as Relator is prepared to cover any incurred costs for labor, copying, *etc.*, and is willing to cover such costs up front. Also, much of this information should be electronic data and not require manual retrieval. To that end, Relator is willing to cover any associated IT costs.

The depositions sought are former employees, thus would not be an expenditure of the VA's. Any current VA personnel who might assist in the depositions (*e.g.*, making necessary arrangements, retrieving records for review, *etc.*) would be administrative personnel, thus no medical providers would be taken away from their mission to care for our veterans. As indicated above, the depositions are not relatively long compared to the seven hours permitted under Federal Rules. An agreement can certainly be reached on the length of each deposition. These can be conducted on any day, at any time, and at any location (including video conferencing) that is most convenient for the VA and deponent. Finally, there will be no expenditure of taxpayer dollars for the depositions. Relator will pay for the deposition costs as well as any incidental costs (*e.g.*, travel and prep costs, *etc.*).

*b. How the testimony or production of records would assist the VA in performing its statutory duties.*

The mission of the VA is to provide the best medical care and attention to those persons who make the ultimate sacrifice for our country—veterans. The testimony and

the law office of **DONELON, P.C.** www.donelonpc.com

page 10
January 4, 2022

records sought will assist the VA in performing this duty to ensure that veterans do not receive unnecessary or harmful medical care and treatment. The records and testimony sought will also ensure that taxpayers are not being billed for grossly excessive medical devices, unnecessary medical procedures, and purchases of devices from companies paying bribes for such sales.

c. *Whether the disclosure of the records or presentation of testimony is necessary to prevent the perpetration of fraud or other injustice in the matter in question.*

While the Dole VA cath lab was shut down in August 2018, the disclosure of the documents and testimony sought will prevent an injustice in the matter at hand. As previously stated, Relator conservatively estimates that over $30 million in devices were purchased by Dole VA as the result of illegal remuneration paid by Medtronic / Covidien representatives. These same representatives influenced the use of medically unnecessary and off-label devices in veteran patients, causing harm to them as a result. It would be a gross injustice if this behavior occurred with no repercussions for the wrongdoers.

d. *Whether the request is unduly burdensome.*

It will obviously take some time on the VA's behalf to produce the documents sought herein. However, as previously stated, Relator is willing to cover costs for any production whether it be photocopies or electronic data production.

Regarding the depositions, Relator believes that these persons are former VA personnel, so their time for the depositions will not directly burden the VA. The depositions are not going to take much time on the part of the VA.

e. *Whether the testimony or production of records is appropriate or necessary under the rules of procedure governing the case.*

The Federal Rules of Civil Procedure fully support production of the testimony and records sought. Also, Relator anticipates that a protective order will be entered by the court protecting public disclosure of any sensitive or privileged information so designated by the VA.

f. *Whether the testimony or production of records would violate a statute, executive order, regulation or directive.*

As the VA's *Touhy* regulations state, any request that "would violate a confidentiality statute's prohibition against disclosure, disclosure will not be made."

the law office of | DONELON, P.C. | www.donelonpc.com

page 11
January 4, 2022

The Relator's requests do not violate any of the confidentiality statutes identified in the VA's *Touhy* regulations.

**38 U.S.C. § 5701** states in part:

(b) The Secretary [of VA] shall make disclosure of such files, records, reports, and other papers and documents [of current and former Armed Forces members] … as follows:

\*       \*       \*

(2) When required by process of a United States court to be produced in any suit or proceeding therein pending.

\*       \*       \*

(6) In connection with any proceeding for the collection of an amount owed to the United States by virtue of a person's participation in any benefit program administered by the Secretary when in the judgment of the Secretary such disclosure is deemed necessary and proper.

The Relator has not yet sought the remedy set forth in subsection (2) as he is required to first exhaust the *Touhy* requirements. So, at this time, there is no pending order. Subsection (6) clearly applies to this *qui tam* action. Relator is seeking the collection of at least $30 million ($90 million under FCA) owed to the United States as a result of illegal bribes being paid in exchange for device purchases at Dole VA. The disclosures sought herein are necessary to obtain the amounts owed.

**38 U.S.C. § 5705** states in part:

(c) For purposes of this section, the term "medical quality-assurance program" means—

(2) with respect to any activity carried out on or after October 7, 1980, a Department systematic health-care review activity designated by the Secretary to be carried out by or for the Department for either such purposes\*.

\*("[E]ither such purposes" is defined as "improving the quality of medical care or improving the utilization of health-care resources in Department health-care facilities.")

(d)(2) An activity may not be considered as having been designated as a medical quality-assurance program for the purposes of subsection (c)(2) of this section unless the designation has been specified in such regulations.

Relator does not believe that any of the documents sought herein would be part of an activity specifically designated as a medical quality-assurance program, as that is defined. Even if this exists for any of the documents or testimony sought, Relator

the law office of **DONELON, P.C.**   www.donelonpc.com

page 12
January 4, 2022

believes that section (b)(1) applies: "… a record or document … shall, upon request, be disclosed as follows:"

> (C) To a criminal or civil law enforcement governmental agency *or instrumentality charged under applicable law with the protection of the public health or safety*, if a qualified representative of such agency or instrumentality makes a written request that such record or document be provided for a purpose authorized by law.

In this civil FCA claim, the Relator is acting on behalf of the United States Government. The information sought—in particular about the medically unnecessary and harmful procedures being performed—goes to the protection of the veterans' health and safety.

**38 U.S.C. § 7332** states in part:

(a)(1) Records of the identity, diagnosis, prognosis, or treatment of any patient … relating to drug abuse, alcoholism or alcohol abuse, infection with the human immunodeficiency virus, or sickle cell anemia … shall … be confidential.

Relator is not seeking any records or testimony regarding these conditions. Data regarding the devices at issue will not contain this information. Regardless, any information that might include a patient's name or identity can be redacted (see § 5705(b)(2)). In addition, Relator anticipates that a protective order will be in place from the court that will permit documents and testimony to be kept "confidential" under that order's terms.

g. *Whether the testimony or production of records, except when in camera and necessary to assert a claim of privilege, would reveal information properly classified pursuant to applicable statutes or Executive Orders.*

Relator does not believe this factor applies.

h. *Whether the testimony would interfere with ongoing law enforcement proceedings, compromise constitutional rights, compromise national security interests, hamper VA or private health care research activities, reveal sensitive patient or beneficiary information, interfere with patient care, disclose trade secrets or similarly confidential commercial or financial information or otherwise be inappropriate under the circumstances.*

There are no constitutional rights or national security interests implicated by the documents or testimony Relator requests. It does not hamper any "research activities."

the law office of **DONELON, P.C.** www.donelonpc.com

page 13
January 4, 2022

While Relator does not believe it seeks disclosure of sensitive patient information, as previously stated, redaction and a protective order provide a remedy. These requests will not interfere with patient care as the effort required by the VA would be from administrative personnel, and if anything, this will go to help patient care. The requested deponents are no longer employed at Dole VA, so the time away for deposition will not interfere with patient treatment. Finally, there are no trade secrets covered under these requests.

i. *Whether such release or testimony reasonably could be expected to result in the appearance of VA or the Federal government favoring one litigant over another.*

j. *Whether such release or testimony reasonably could be expected to result in the appearance of VA or the Federal government endorsing or supporting a position advocated by a party to the proceeding.*

The records and testimony sought are objectively what they are. If the Defendants in this case have committed no wrongdoing regarding Relator's allegations, then this information will support their defenses. Relator is not asking for any opinions (expert or lay) or for the VA to take any sides. Relator is just seeking factual information that is in the VA's sole possession. Their disclosure could equally benefit or harm either party in this case.

k. *The need to prevent the public's possible misconstruction of variances between personal opinions of VA personnel and VA or Federal policy.*

The records and testimony Relator requests will not include or require any opinions by VA personnel. There cannot be any variances of opinions since none are sought. In fact, producing the requested documents and testimony will align with the VA and Federal government's policy of watching out and caring for our veterans as well a taxpayers' dollars.

l. *The need to minimize VA's possible involvement in issues unrelated to its mission.*

The Relator's case does not involve issues that are unrelated or only tangentially related to the VA and its mission. Rather, this case directly relates to the VA's mission of caring for our veterans and ensuring taxpayers' monies are being spent to further this cause.

m. *Whether the demand or request is within the authority of the party making it.*

US-000552

the law office of | DONELON, P.C. | www.donelonpc.com

page 14
January 4, 2022

Relator has a pending lawsuit against the defendants in federal court. Under the FCA, he is alleging that these defendants committed fraud against the VA. The relator and counsel have the authority to make this request.

**n. *Whether the demand or request is sufficiently specific to be answered.***

Relator and counsel have endeavored to be as specific as possible identifying the documents sought and topics to be covered at the depositions. And as previously stated, if there are any questions as to what specifically has been requested, Relator and counsel are available to discuss and clarify, narrow, or modify requests as necessary.

**o. *Other matters or concerns presented for consideration in making the decision.***

Again, if the VA has any concerns or questions relating to the requests, Relator proposes a discussion of those concerns and questions. It is Relator's sincere hope that any such disputes can be resolved.

### Conclusion

While the United States and the VA are potential benefactors of this *qui tam* litigation, Relator is ultimately fighting for our veterans and our country. This is a noble and honorable pursuit that justifies the effort requested. The witnesses Relator has worked with all came forward due to the waste and harm caused to veterans at Dole VA. As one witness stated regarding medically unnecessary treatment (quoted in the Third Amended Complaint):

> "I got to the point where I was uncomfortable with the way cases were going." "The treatment of veterans . . . seeing an artery that was open, the physician would go in and balloon it and just destroy the artery and then follow it up with a stent." "I couldn't stomach what was going on, so that's why ultimately just left and never went back." Healthcare Professional #1 had to inform the company sales manager that Dole VA would no longer be a potential client. The representative told him, "I'm not going to be involved in something that feels bad and I cannot imagine treating a veteran so poorly."

It is Relator's sincere hope that the VA will fully consider the requests made herein. We realize it will take time to assess this request and decide. Our client looks forward to hearing from you.

US-000553

the law office of **DONELON, P.C.**  www.donelonpc.com

page 15
January 4, 2022

Sincerely,

BRENDAN J. DONELON

BJD/bd
cc: John Fleenor – Asst. U.S. Attorney District of Kansas
via email: Jon.Fleenor@usdoj.gov

US-000554

US-000555

$8.50
US POSTAGE
FIRST-CLASS
0662S0008255041
64112

B6797676.05

**United States Postal Service®**

**DELIVERY CONFIRMATION™**

0311 0240 0000 3952 1476

Mr. Christopher Connor
Chief FOIA & Privacy Officer
Department of Veterans Affairs- OIG
810 Vermont Avenue, NW
Washington, DC 20420

4600 madison
suite 810
kansas city mo 64112

Inspected Mail
DVA/DOJ

JAN 1 8 2022

**X-RAYED**

the Law Office of

**DONELON, P.C.**

KANSAS CITY        ST. LOUIS

KANSAS CITY

the law office of  **DONELON, P.C.**  www.donelonpc.com

KANSAS CITY                    ST. LOUIS

**brendan j. donelon**
brendan@donelonpc.com

February 24, 2022

<u>Federal Express and Email</u>

Mr. Christopher Connor
Chief FOIA & Privacy Officer
Department of Veterans Affairs- Office of Inspector General
810 Vermont Avenue, NW
Washington, DC 20420
vacofoiaservice@va.gov

Mr. Dennis McGuire
Chief Counsel
Office of General Counsel- Midwest District
441 Wolf Ledges Parkway, Suite 403
Akron, Ohio 44311

> **Re:**   **Request for Documents & Depositions under *Touhy* Regulations**
> *U.S. ex rel. Schroeder v. Medtronic, Inc., et al.*
> D.Kan. case no.: 2:17-02060-DCC-KGG

Dear Mr. Connor & Mr. McGuire:

This is a follow-up request to the letter our office sent to you dated January 4, 2022 in the above referenced matter. On behalf of our client Relator Thomas Schroeder in the above captioned case, our office is hereby making an additional *Touhy* request (38 C.F.R. § 14.800 *et seq.*) for the production of documents solely in the possession of the United States Veterans Administration ("VA").

In additional to the claims of illegal kickbacks brought by Relator against Medtronic, Inc. under Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b(b), set forth in the January 4 letter, Relator has also asserted claims for medically unnecessary treatment and off/label use of devices against Medtronic under the False Claims Act, 31 U.S.C. § 3729, *et seq.* ("FCA"). In particular, in the Third Amended Complaint, Relator alleges that Medtronic, through its representatives, promoted the unnecessary use of the following peripheral vascular medical devices for patients at the Robert J. Dole Veterans Administration Center ("Dole VA"): atherectomies, stents, balloons, and angioplasty. In turn, these medically unnecessary procedures were performed at Dole

US-000556

the law office of DONELON, P.C. www.donelonpc.com

page 2
February 24, 2022

VA by the Wichita Radiology Group—which in turn submitted claims for payment to the VA for this treatment.

On behalf of the Relator in this matter, we are making the following additional document/data request for the period of time from January 30, 2011 through August 2018:

8.     Documents (or data queried and downloaded from any data storage system—preferably in Excel or .csv format) reflecting any of the following information pertaining to any procedure performed by Wichita Radiology Group at the Dole VA catherization/cardiac laboratories/radiology suites: (a) patient identification number, (b) date of procedure, (c) description of procedure performed, (d) identity of and quantity of any medical devices used in procedure, (e) physician(s) performing procedure, and (f) identity of any other person present during procedure.

It is our understanding that the location for storing data on procedures and devices used during any operative or invasive procedure is within the patient record in VISTA/CPRS—the VHA electronic medical record.  In the case of the cath lab, the vendor cath lab monitoring system (*e.g.* GE MacLab) that comes with the imaging system is designed to capture and record these data points during the procedure and send a report to VISTA/CPRS.  The VA has also created its own database known as CART that provides additional data capture in a standardized format with the VHA electronic system and integrates with the cath lab monitoring system and VISTA/CPRS.  There are then various modules within CART for cardiovascular, peripheral artery disease and electrophysiology.

If this data exists, it will support Relator's claim of medically unnecessary and excessive devices were used in these procedures.  It will also support claims that devices were used off label in medically unnecessary procedures.  There is no other source to obtain these documents.  Only the VA would have them.

The parties in the above-referenced case have recently entered into a Protective Order governing confidential records which can be utilized by third parties such as the VA.  A copy is attached for your convenience.  However, we believe the data requested would not identify any patient (other than by an ID number).

Relator would refer the VA to his prior discussion of the *Touhy* factors set forth in his January 4 letter.

Again, it is Relator's sincere hope that the VA will fully consider the request made herein.  We realize it will take time to assess this request and decide.  Our client looks forward to hearing from you.

US-000557

the law office of **DONELON, P.C.** www.donelonpc.com

page 3
February 24, 2022

Sincerely,

BRENDAN J. DONELON

BJD/bd
cc: John Fleenor – Asst. U.S. Attorney District of Kansas
via email: Jon.Fleenor@usdoj.gov

Encl: Protective Order entered 2/22/2022

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ex rel. THOMAS SCHROEDER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:17-cv-02060-DCC-KGG |
| | ) | |
| MEDTRONIC, INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HUTCHINSON REGIONAL | ) | |
| MEDICAL CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

## PROTECTIVE ORDER

The parties agree during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because:

- Relator's claims may involve or put at issue personal information of individuals who are not a party to the case, including confidential information related to medical care, employment, or financial information;

- Relator's claims may involve or put at issue commercial information pursuant to Fed. R. Civ. P. 26(c)(1)(G) and the parties are business competitors.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' Joint Motion for Protective Order (ECF No. 101) and hereby enters the following Protective Order:

1.   **Scope.** All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2.   **Definitions.**

a.   "Attorney" means an attorney who has appeared as counsel of record in this action;

b.   "Confidential" or "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could

potentially cause harm to the interests of the disclosing party or nonparties. For

purposes of this Order, the parties will limit their designation of "Confidential

Information" to the following categories of information or documents:

> i. Personal information on parties or individuals, including medical information and records, employment information, and financial information; and

> ii. Confidential commercial information pursuant to Fed. R. Civ. P. 26(c)(1)(G).

Information or documents that are available to the public may not be designated as

Confidential Information.

c. "Confidential – Attorney's Eyes Only" means Confidential information or

documents designated as Attorney's Eyes Only pursuant to Section 3(b) below;

d. To "destroy" electronically stored information means to delete from all

databases, applications, and file systems so that the information is not accessible

without the use of specialized tools or techniques typically used by a forensic expert;

e. "Document" means documents and materials produced in the course of

discovery of this case, including initial disclosures, responses to discovery requests,

all deposition testimony and exhibits, and information derived directly therefrom;

f. "Notice" or "notify" means written notice; and

g. "Party" means a party to this action, and for Defendants includes employees,

agents, and representatives.

US-000561

**3.      Form and Timing of Designation.**

a.  The producing party or non-party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document.

b.  If the confidential documents contain highly sensitive trade secrets or other highly sensitive competitive or confidential information, and disclosure to another party would result in demonstrable harm to the disclosing party, the parties may stipulate or move for the establishment of an additional category of protection (marked "Confidential – Attorneys' Eyes Only") that prohibits disclosure of such documents or information to that category or that limits disclosure only to specifically designated in-house counsel or party representative(s) whose assistance is reasonably necessary to the conduct of the litigation and who agree to be bound by the terms of the Order.

c. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.

d. The marking will be applied prior to or at the time the documents are produced or disclosed.  Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Copies that are made of any designated documents must also bear the marking,

4

except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential or Confidential Attorney Eyes Only are not required to be marked. By marking a designated document as confidential, the designating attorney or party appearing *pro se* thereby certifies that the document contains Confidential or Confidential Attorney Eyes Only information as defined in this Order.

e. All documents produced by such non-parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" or invoke the process set forth in paragraph 3b for "Confidential Attorney's Eyes Only" pursuant to the terms of the Protective Order.

**4.      Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential or Confidential Attorney Eyes Only information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 15 days after discovery of the inadvertent failure.

**5.      Depositions.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within 30 days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

US-000563

If a witness is expected to testify as to confidential or proprietary information, a party may request that the witness's deposition be taken in the presence of only those persons entitled to receive the designated documents.

6.      **Protection of Confidential Material.**

(a)      **General Protections.**   Designated Confidential or Confidential Attorneys Eyes Only information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals or any other related legal proceeding brought by one of the parties to this litigation.

(b)      **Who May View Designated Confidential Information.**   Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

(1)      The parties to this litigation, including any employees, agents, and representatives of the parties;

(2)      Counsel for the parties and employees and agents of counsel;

(3)      The court and court personnel, including any special master appointed by the court, and members of the jury;

(4)      Court reporters, recorders, and videographers engaged for depositions;

(5)      Any mediator appointed by the court or jointly selected by the parties;

(6)      Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after

6

US-000564

such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7)     Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

(8)     The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9)     Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10)    Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)    Who May View Designated Confidential Attorney Eyes Only Information**.  Documents designated as "Confidential Attorney Eyes Only" may be used only in this action, and no person receiving any such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents except to those specified in Section 3(b).

**(d)  Control of Documents.**  The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential or Confidential Attorney Eyes Only information pursuant to the terms of this Order.  Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents, along

7

US-000565

with the originals of the forms signed by those persons acknowledging their obligations under this Order.

**7.       Filing of Confidential or Confidential Attorney Eyes Only Information.** If a party seeks to file any document containing Confidential or Confidential Attorney Eyes Only information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as confidential; or (b) seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The mere designation of information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. Pro hac vice attorneys must obtain sealed documents from local counsel.

**8.       Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing

8

US-000566

any motion or objection to a confidential designation, though, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention.   A party that elects to challenge a confidentiality designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge; the parties are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge *before* filing such a motion, but such a conference is not mandatory.   The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality.   Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

9. **Use of Confidential or Confidential Attorney Eyes Only Documents or Information at Trial or Hearing.**   Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing.   A party that intends to present or anticipates that another party may present Confidential or Confidential Attorney Eyes Only information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the designated information.   The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

10. **Obligations on Conclusion of Litigation.**

   (a) **Order Remains in Effect.**   Unless otherwise agreed or ordered, all

US-000567

provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

(b)   **Return of Confidential Documents.**   Within 45 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential or Confidential Attorney Eyes Only Information, including copies as defined above, will be returned or destroyed by the receiving party.  The producing party shall be notified of compliance with this provision. This provision does not apply to the attorneys' retention of their attorney-client files.

(c)   **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential or Confidential Attorneys Eyes Only information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents.  This work product will continue to be confidential under this Order.

11.   **Order Subject to Modification.**  This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter.  The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

12.   **Enforcement of Protective Order.** Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a

10

motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

**13.     No Prior Judicial Determination.**   This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

**14.     Persons Bound by Protective Order.**   This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**15.     Applicability to Parties Later Joined.**   If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

**16.     Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

**17.     Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**   If a receiving party is served with a subpoena or an order issued in other

US-000569

litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order, and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information designated by the other party to this case.

**18.** **Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection on the basis of

12

US-000570

attorney-client privilege or work-product protection, including, but not limited to, information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within 30 days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. Although the provisions of this section constitute an order pursuant to Rule 502(d) and (e) of the Federal Rules of Evidence, and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order is intended or will be construed to limit a party's right to conduct a review of documents, including electronically-stored information, for relevance, responsiveness, or segregation of privileged or protected information before production.

**19. Jurisdiction.** The court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

13

US-000571

**IT IS SO ORDERED.**

Dated:  February 22, 20222

/S KENNETH G. GALE
U.S. Magistrate Judge

14

US-000572

**ATTACHMENT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order

dated _____ in the case captioned, _____,

and attached hereto, understands the terms thereof, and agrees to be bound by its terms.

The undersigned submits to the jurisdiction of the United States District Court for the

District of Kansas in matters relating to this Protective Order and understands that the terms

of the Protective Order obligate him/her to use materials designated as Confidential

Information in accordance with the order solely for the purposes of the above-captioned

action, and not to disclose any such Confidential Information to any other person, firm, or

concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in

penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____ _____
                                    Signature

US-000573

FedEx Ship Manager - Print Your Label(s)



ORIGIN ID:MKCA    (816) 221-7100
BRENDAN DONELON
DONELON, P.C.
4600 MADISON
STE. 810
KANSAS CITY, MO 64112
UNITED STATES US

TO  MR. CHRISTOPHER CONNOR
DEPARTMENT OF VA - INSPECTOR GEN.
801 VERMONT AVE., NW

WASHINGTON DC 20420

(800) 488-8242
INV
PO
REF: SCHROEDER
DEPT

SHIP DATE: 24FEB22
ACTWGT: 1.00 LB
CAD: 7690852/INET4460

BILL SENDER

TRK#
0201  7761 3256 7716

SE VJIA

TUE - 01 MAR 4:30P
EXPRESS SAVER

DC-US

20420
IAD

56DJ2/027C/FE4A

FedEx Express

J22102201858!uv

---

**After printing this label**:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

US-000574

the law office of **D O N E L O N ,   P . C .**   www.donelonpc.com

KANSAS CITY                    ST. LOUIS

**brendan j. donelon**
brendan@donelonpc.com

April 26, 2022

<u>Via Federal Express</u>

Mr. Christopher Connor
Chief FOIA & Privacy Officer
Department of Veterans Affairs- Office of Inspector General
810 Vermont Avenue, NW
Washington, DC 20420

Mr. Dennis McGuire
Chief Counsel
Office of General Counsel- Midwest District
441 Wolf Ledges Parkway, Suite 403
Akron, Ohio 44311

**Re:**  **Request for Documents & Depositions under *Touhy* Regulations**
*U.S. ex rel. Schroeder v. Medtronic, Inc., et al.*
D.Kan. case no.: 2:17-02060-DCC-KGG

Dear Mr. Connor & Mr. McGuire:

As required by the *Touhy* regulations, on January 4, 2022, our office sent a request for documents and request to depose identified employees of the U.S. Veterans Administration regarding the above captioned matter—a claim under the False Claims Act/Anti-Kickback Statute. Our records indicate that Mr. McGuire received this letter on January 10, 2022, and Mr. Connor received it on January 13, 2022.

To date we have not heard any response from your offices regarding this request. Please provide us some feedback on when we can expect to hear from you.

420 nichols road   suite 200    kansas city mo 64112   816.221.7100   facsimile.  816.709.1044

US-000575



page 2
April 26, 2022

Sincerely,

BRENDAN J. DONELON

BJD/bd
cc:  John Fleenor – Asst. U.S. Attorney District of Kansas
     via email: Jon.Fleenor@usdoj.gov

US-000576

4/26/22, 10:48 AM                    FedEx Ship Manager - Print Your Label(s)



ORIGIN ID:MKCA                                    (816) 221-7100
BRENDAN DONELON
DONELON, P.C.
4600 MADISON
STE. 810
KANSAS CITY, MO 64112
UNITED STATES US

TO  CHRISTOPHER CONNOR
    DEPT. OF VETERANS AFFAIRS-OIG
    810 VERMONT AVE., NW

    WASHINGTON DC 20420

(800) 488-8244

SHIP DATE: 26APR22
ACTWGT: 1.00 LB
CAD: 7690652/INET4490

BILL SENDER

Inspected Mail
DVA/DOJ

X-RAYED

APR 27 2022

SE VJIA

TRK#  7766 9128 4507
0201

FRI - 29 APR 4:30P
EXPRESS SAVER

DC-US            20420
                 IAD

FedEx
Express

577J2/BDF9/FE4A

J22202204120[...]

After printing this label:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

US-000577



**Department of Veterans Affairs**
**Office of Inspector General**
**Washington, DC  20420**

August 15, 2022

Brendan J. Donelon
Donelon Law Office
4600 Madison Avenue, Suite 810
Kansas City Missouri 64112
[Sent via U.S. Mail and via fax # 816.709.1044]

Ref:    *Thomas Schroder v. Medtronic, Inc., et al.*
         *Civil Action 2:17-02060-DCC-KGG (District of Kansas)*

Mr. Donelon:

On January 20, 2022, the Office of Inspector General, U.S. Department of Veterans Affairs (VA OIG) received your correspondence requesting specific records for the referenced case, submitted under 38 C.F.R. §§ 14.800 – 810 (VA Touhy Regulations).  This office also received your February 24, 2022, and April 26, 2022, follow-up correspondence.  Per 38 C.F.R. § 14.807, the Counselor to the VA Inspector General is the responsible official for receiving and responding to requests for testimony or records under VA OIG control.  That responsibility is currently delegated to my office.

As a preliminary matter, VA OIG is an independent component of the VA.  The VA OIG is required by statute to preserve its independence and impartiality per the Inspector General Act of 1978, as amended, 5 U.S.C. App. 3, see especially section 9(a).  In that context, coordination between VA OIG and other VA components on record requests is limited and this response represents the separate response of VA OIG, not the entire response of the Department of Veterans Affairs.  This response is also limited to that portion of your request pertaining to VA OIG records.  For your request, VA OIG coordinated with the VA Office of Chief Counsel (Midwest District) and that office provided a copy of their June 15, 2022, response, denying your requests.

Specifically, one portion of your request relates to OIG records:
Request # 1. Documents that address any complaints or investigation into conduct at the Dole VA's catheterization lab involving Medtronic, Inc. or Covidien, Inc., or their representatives (e.g., documents from [. . .] Office of Inspector General [. . .].

Under VA Touhy Regulations, VA OIG may produce agency records or provide testimony in such proceedings only if the Counselor to the VA Inspector General determines that the disclosure is appropriate based on the factors, requirements, and procedures set forth in 38 C.F.R. §§ 14.804-807.  In determining whether to authorize the release of documents this Office must consider the factors identified in 38 C.F.R. § 14.804.  This includes the need to avoid spending the time and

US-000578

money of the United States for private purposes, to conserve the time of VA personnel for conducting their official duties, and to minimize the possible involvement in issues unrelated to the VA OIG mission.  More importantly, to the extent the information you seek is protected by various confidentiality statutes and regulations, (including but not limited to various provisions within the Freedom of Information Act (FOIA), the Privacy Act, and HIPAA), the agency must have authority under each of the applicable statutes and the implementing regulations before any information may be released.  In addition, VA's Touhy regulations are not a means to circumvent the discovery process. *See Touhy v. Ragen*, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951).

We considered the portion of your request that relates to VA OIG records and determined that VA OIG will not authorize the production of documents you seek.  The United States declined to intervene in this matter and the Department of Veterans Affairs is a non-party.  Producing responsive documents could result in the appearance of VA OIG supporting one private litigant over another. 38 C.F.R. § 14.804(i).  Further, producing documents would require VA OIG involvement in issues unrelated to our mission and the use of time and money of the United States for private purposes. 38 C.F.R. § 14.804(a) and (l).

Respectfully,

*Christopher Connor*

Christopher Connor
Chief, Office of Information Release

Copy to:
Office of Chief Counsel, Midwest District
Department of Veterans Affairs
1201 Walnut Street, Suite 800
Kansas City, MO 64106

2

| From: | Brendan Donelon |
|---|---|
| To: | Connor, Christopher (OIG) |
| Cc: | Hunter, Kathleen M. (OGC); Rudie, Jason (OGC) |
| Subject: | [EXTERNAL] U.S. ex rel. Schroeder v. Medtronic, Inc., et al.: case no.: 2:17-cv-02060-DCC-KGG |
| Date: | Friday, August 19, 2022 10:29:36 AM |
| Attachments: | Touhy Denial US VA office 08-15-22.pdf |
|  | Touhy request VA 07-01-22.pdf |

Dear Mr. Connor,

Our office is in receipt of your letter dated Aug. 15, 2022 regarding our client's *Touhy* request related to the above captioned matter.

Our two *Touhy* request letters referenced in your August 15 correspondence included eight categories of documents requested.  Your letter addressed request #1.

In working with VA counsel Kathleen Hunter and Jason Rudie on other document request categories, they have informed me that your office would be responding to request nos. 3 and 4 as well (see attached correspondence).

As you may be aware, there is a current APA case on file in the District of Kansas to compel responses to all our *Touhy* requests.  In order to obtain a "final decision" from this agency, we will need responses for requests nos. 3 and 4.  I am sure you and counsel Hunter and Rudie can work this out, but we wanted to call this issue to your attention.

Please let me know if you have any questions or concerns.

Thanks.

Brendan J. Donelon
816.221.7100  fax: 816.709.1044
brendan@donelonpc.com   www.donelonpc.com



NOTE:  The Missouri Bar Disciplinary Counsel requires all Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication, (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa, and (3) persons not participating in our communications may intercept them by improperly accessing your computer or my computer or even some computer unconnected to either of us through which the e-mail passed.  If you do not consent to communicate via e-mail and want future communications to be sent in a different fashion, please let me know immediately. If you incorrectly received this email, please call 816-221-7100.

US-000580



**Department of Veterans Affairs**
**Office of Inspector General**
**Washington, DC 20420**

August 15, 2022

Brendan J. Donelon
Donelon Law Office
4600 Madison Avenue, Suite 810
Kansas City Missouri 64112
[Sent via U.S. Mail and via fax # 816.709.1044]

Ref:    *Thomas Schroder v. Medtronic, Inc., et al.*
        *Civil Action 2:17-02060-DCC-KGG (District of Kansas)*

Mr. Donelon:

On January 20, 2022, the Office of Inspector General, U.S. Department of Veterans Affairs (VA OIG) received your correspondence requesting specific records for the referenced case, submitted under 38 C.F.R. §§ 14.800 – 810 (VA Touhy Regulations). This office also received your February 24, 2022, and April 26, 2022, follow-up correspondence. Per 38 C.F.R. § 14.807, the Counselor to the VA Inspector General is the responsible official for receiving and responding to requests for testimony or records under VA OIG control. That responsibility is currently delegated to my office.

As a preliminary matter, VA OIG is an independent component of the VA. The VA OIG is required by statute to preserve its independence and impartiality per the Inspector General Act of 1978, as amended, 5 U.S.C. App. 3, see especially section 9(a). In that context, coordination between VA OIG and other VA components on record requests is limited and this response represents the separate response of VA OIG, not the entire response of the Department of Veterans Affairs. This response is also limited to that portion of your request pertaining to VA OIG records. For your request, VA OIG coordinated with the VA Office of Chief Counsel (Midwest District) and that office provided a copy of their June 15, 2022, response, denying your requests.

Specifically, one portion of your request relates to OIG records:
Request # 1. Documents that address any complaints or investigation into conduct at the Dole VA's catheterization lab involving Medtronic, Inc. or Covidien, Inc., or their representatives (e.g., documents from [. . .] Office of Inspector General [. . .].

Under VA Touhy Regulations, VA OIG may produce agency records or provide testimony in such proceedings only if the Counselor to the VA Inspector General determines that the disclosure is appropriate based on the factors, requirements, and procedures set forth in 38 C.F.R. §§ 14.804-807. In determining whether to authorize the release of documents this Office must consider the factors identified in 38 C.F.R. § 14.804. This includes the need to avoid spending the time and

US-000581

money of the United States for private purposes, to conserve the time of VA personnel for conducting their official duties, and to minimize the possible involvement in issues unrelated to the VA OIG mission. More importantly, to the extent the information you seek is protected by various confidentiality statutes and regulations, (including but not limited to various provisions within the Freedom of Information Act (FOIA), the Privacy Act, and HIPAA), the agency must have authority under each of the applicable statutes and the implementing regulations before any information may be released. In addition, VA's Touhy regulations are not a means to circumvent the discovery process. *See Touhy v. Ragen*, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951).

We considered the portion of your request that relates to VA OIG records and determined that VA OIG will not authorize the production of documents you seek. The United States declined to intervene in this matter and the Department of Veterans Affairs is a non-party. Producing responsive documents could result in the appearance of VA OIG supporting one private litigant over another. 38 C.F.R. § 14.804(i). Further, producing documents would require VA OIG involvement in issues unrelated to our mission and the use of time and money of the United States for private purposes. 38 C.F.R. § 14.804(a) and (l).

Respectfully,

*Christopher Connor*

Christopher Connor
Chief, Office of Information Release

Copy to:
Office of Chief Counsel, Midwest District
Department of Veterans Affairs
1201 Walnut Street, Suite 800
Kansas City, MO 64106

2

US-000582



the law office of **DONELON, P.C.** www.donelonpc.com

KANSAS CITY          ST. LOUIS

**brendan j. donelon**
brendan@donelonpc.com

July 1, 2022

<u>Via Email Only</u>

Kathleen M. Hunter
Jason Rudie
Department of Veterans Affairs
<u>Jason.rudie@va.gov</u>
<u>kathleen.hunter@va.gov</u>

**Re:    Request for Documents & Depositions under *Touhy* Regulations**
*U.S. ex rel. Schroeder v. Medtronic, Inc., et al.*
D.Kan. case no.: 2:17-02060-DCC-KGG

Dear Kathleen and Jason:

It was helpful speaking with you via Zoom on June 23, 2022 regarding our January 4 and February 24, 2022 requests to the U.S. V.A. under the *Touhy* regulations. We made seven document/data requests and eleven deposition requests in our January 4 letter and an eighth document/data request in our February 24 letter. In our phone conversation, we discussed the V.A. not responding to the deposition requests. I agreed to send you a narrower list of deponents to consider—which I emailed on June 23, 2022. Also, on June 23, I informed you via email that we had not heard back regarding our eighth document/data request.

Per our conversation, regarding the eight document/data requests, I propose the following compromise.

**<u>Documents Sought</u>**

1.     Documents that address any complaints or investigation into conduct at the Dole VA's catheterization lab involving Medtronic, Inc. or Covidien, Inc. or their representatives (*e.g.,* documents from internal incident reports, Facility Administrative

US-000583

the law office of **DONELON, P.C.**   www.donelonpc.com

page 2
July 1, 2022

Investigative Board ("AIB"), Office of Inspector General—either VA or Veterans Health Administration, office of accountability and whistleblower protection, or U.S. GAO).[1]

**In our conversation, you informed me that it was your understanding that Mr. Connor's office in Washington, D.C. will be addressing this request.**

2.      Documents that reflect any audits or studies comparing the costs or clinical outcomes of performing procedures at the Dole VA's catheterization lab compared to other facilities performing the same procedures.  This should include data reflecting the procedure performed, number medical devices utilized in each procedure, serial number and description of devices—this data should be available and downloadable via the CPRS and/or Clinical Assessment Report and Tracking ("CART") systems.

**We will limit this request to documents that reflect any audits or studies comparing the costs or clinical outcomes of performing procedures at the Dole VA's catheterization lab compared to other facilities performing the same procedures conducted in the years 2017-2018.**

3.      Documents that reflect any decision to terminate or transfer any employee of the Dole VA catheterization lab based upon any remuneration received, cost of procedures performed at the lab, excessive inventory, or improper ordering or purchasing of medical devices (*e.g.*, disciplinary warnings, investigation board documents, investigation documents, police reports).

**In our conversation, you informed me that it was your understanding that Mr. Connor's office in Washington, D.C. will be addressing this request.**

4.      Documents that reflect the decision to close the Dole VA catheterization lab in August 2018.

**In our conversation, you informed me that it was your understanding that Mr. Connor's office in Washington, D.C. will be addressing this request.**

5.      Documents that reflect all policies and practices to be followed by the employees of the Dole VA's catheterization lab regarding the purchasing of medical devices.

---

[1] Covidien was purchased by Medtronic in 2015.

US-000584



page 3
July 1, 2022

**We will withdraw this request.**

6.      Documents or data reflecting the acquisition of Medtronic/Covidien medical devices for the Dole VA's catheterization lab including the names, serial numbers, prices, and dates of purchase for said devices.  This would include data reflecting any recalls regarding Medtronic/Covidien medical devices for the Dole VA's catheterization lab.  (Possible source: The Generic Inventory Package (GIP) is the current software being utilized for inventory management of stock.  The Automated Engineering Management System/Medical Equipment Reporting System (AEMS/MERS) and Maximo are the software systems used to manage non-expendable).

**We will withdraw this request.**

7.      Documents that reflect any annual performance audits for the Dole VA catherization lab.

**We will withdraw this request.**

8.      Documents (or data queried and downloaded from any data storage system—preferably in Excel or .csv format) reflecting any of the following information pertaining to any procedure performed by Wichita Radiology Group at the Dole VA catherization/cardiac laboratories/radiology suites: (a) patient identification number, (b) date of procedure, (c) description of procedure performed, (d) identity of and quantity of any medical devices used in procedure, (e) physician(s) performing procedure, and (f) identity of any other person present during procedure.

**Your office has not responded to this request.   In an attempt to preemptively address any objections you might have, we are willing to limit this request to the following:**

**a.  Data reflecting the annual number of interventional procedures performed in the Dole VA cath lab by interventional radiologists for the years 2011 through 2018.**

**b.  A statistically acceptable sample of patients' medical records regarding interventional procedures performed in the Dole VA cath lab by interventional radiologists for the years 2011 through 2018.**

As the VA's *Touhy* regulations state, any request that "would violate a confidentiality statute's prohibition against disclosure, disclosure will not be made."

the law office of   DONELON, P.C.   www.donelonpc.com

page 4
July 1, 2022

The Relator's requests do not violate any of the confidentiality statutes identified in the VA's *Touhy* regulations.

38 U.S.C. § 5701 states in part:

(b) The Secretary [of VA] shall make disclosure of such files, records, reports, and other papers and documents [of current and former Armed Forces members] … as follows:

\*          \*          \*

(2) When required by process of a United States court to be produced in any suit or proceeding therein pending.

\*          \*          \*

(6) In connection with any proceeding for the collection of an amount owed to the United States by virtue of a person's participation in any benefit program administered by the Secretary when in the judgment of the Secretary such disclosure is deemed necessary and proper.

The Relator has not yet sought the remedy set forth in subsection (2) as he is required to first exhaust the *Touhy* requirements.  So, at this time, there is no pending order.  Subsection (6) clearly applies to this *qui tam* action.  Relator is seeking the collection of at least $30 million ($90 million under FCA) owed to the United States as a result of illegal bribes being paid in exchange for device purchases at Dole VA.  The disclosures sought herein are necessary to obtain the amounts owed.

38 U.S.C.  § 7332 states in part:

(a)(1) Records of the identity, diagnosis, prognosis, or treatment of any patient … relating to drug abuse, alcoholism or alcohol abuse, infection with the human immunodeficiency virus, or sickle cell anemia … shall … be confidential.

Relator is not seeking any records or testimony regarding these conditions.  Data regarding the devices at issue in this case will not contain this information.  Regardless, any information that might include a patient's name or identity can be redacted (see § 5705(b)(2)).  In addition, a protective order is in place that will permit documents and testimony to be kept "confidential" under that order's terms.

It is Relator's sincere hope that the VA will fully consider the requests made herein.  Our client looks forward to hearing from you.

the law office of **DONELON, P.C.**   www.donelonpc.com

page 5
July 1, 2022

Sincerely,

BRENDAN J. DONELON

BJD/bd

US-000587

| | |
|---|---|
| **From:** | Connor, Christopher (OIG) |
| **To:** | Brendan Donelon |
| **Cc:** | Hunter, Kathleen M. (OGC); Rudie, Jason (OGC) |
| **Subject:** | RE: U.S. ex rel. Schroeder v. Medtronic, Inc., et al.: case no.: 2:17-cv-02060-DCC-KGG |
| **Date:** | Friday, August 19, 2022 3:39:00 PM |

Mr. Donelon,

The VA Office of Inspector General (OIG) does not plan to send a supplemental response and we consider our response complete.

Although other VA components may have used OIG records to support administrative actions as described in request # 3 and # 4, those files are outside OIG control and we cannot search them.  In addition, any such OIG records would be contained in files described by request # 1, so the requests are duplicative to the extent they describe the same OIG records.  If the VA Office of General Counsel (OGC) discloses files responsive to requests # 3 and # 4, and those files include OIG records, OGC can coordinate with OIG at that time.  I am on leave today but I will confer with the OGC attorneys copied to this email on Monday

Respectfully,

Chris Connor
Chief, Office of Information Release
Supervisory Attorney
Office of Inspector General
Department of Veterans Affairs

WARNING - This email, and any attachment, is confidential and may be protected by the attorney-client privilege, the attorney work product privilege, or another applicable privilege.  Any further use or dissemination of this material to anyone other than the intended recipient(s) is prohibited, absent authorization of the VA Office of Inspector General.  If you have received this document in error, please notify the sender.

**From:** Brendan Donelon <brendan@donelonpc.com>
**Sent:** Friday, August 19, 2022 10:29 AM
**To:** Connor, Christopher (OIG) <Christopher.Connor@va.gov>
**Cc:** Hunter, Kathleen M. (OGC) <Kathleen.Hunter@va.gov>; Rudie, Jason (OGC) <Jason.Rudie@va.gov>
**Subject:** [EXTERNAL] U.S. ex rel. Schroeder v. Medtronic, Inc., et al.: case no.: 2:17-cv-02060-DCC-KGG

Dear Mr. Connor,

Our office is in receipt of your letter dated Aug. 15, 2022 regarding our client's *Touhy* request related to the above captioned matter.

Our two *Touhy* request letters referenced in your August 15 correspondence included

eight categories of documents requested.  Your letter addressed request #1.

In working with VA counsel Kathleen Hunter and Jason Rudie on other document request categories, they have informed me that your office would be responding to request nos. 3 and 4 as well (see attached correspondence).

As you may be aware, there is a current APA case on file in the District of Kansas to compel responses to all our *Touhy* requests.  In order to obtain a "final decision" from this agency, we will need responses for requests nos. 3 and 4.  I am sure you and counsel Hunter and Rudie can work this out, but we wanted to call this issue to your attention.

Please let me know if you have any questions or concerns.

Thanks.

Brendan J. Donelon
816.221.7100  fax: 816.709.1044
brendan@donelonpc.com   www.donelonpc.com



the law office of

DONELON, P.C.

4600 madison
suite 810
kansas city mo 64112

KANSAS CITY         ST. LOUIS

NOTE:  The Missouri Bar Disciplinary Counsel requires all Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication, (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa, and (3) persons not participating in our communications may intercept them by improperly accessing your computer or my computer or even some computer unconnected to either of us through which the e-mail passed.  If you do not consent to communicate via e-mail and want future communications to be sent in a different fashion, please let me know immediately. If you incorrectly received this email, please call 816-221-7100.

US-000589

| From: | Brendan Donelon |
|---|---|
| To: | Connor, Christopher (OIG) |
| Cc: | Hunter, Kathleen M. (OGC); Rudie, Jason (OGC) |
| Subject: | [EXTERNAL] RE: U.S. ex rel. Schroeder v. Medtronic, Inc., et al.: case no.: 2:17-cv-02060-DCC-KGG |
| Date: | Friday, August 19, 2022 4:09:58 PM |

Chris,

Thank you for your prompt response.  I will let the ball stay in Kathleen's and Jason's court on these two topics and await hearing from them.

Thanks.

Brendan J. Donelon
816.221.7100  fax: 816.709.1044
brendan@donelonpc.com   www.donelonpc.com

the law office of

**DONELON, P.C.**
4600 madison
suite 810
kansas city mo 64112

KANSAS CITY        ST. LOUIS

NOTE:  The Missouri Bar Disciplinary Counsel requires all Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication, (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa, and (3) persons not participating in our communications may intercept them by improperly accessing your computer or my computer or even some computer unconnected to either of us through which the e-mail passed.  If you do not consent to communicate via e-mail and want future communications to be sent in a different fashion, please let me know immediately. If you incorrectly received this email, please call 816-221-7100.

---

**From:** Connor, Christopher (OIG) <Christopher.Connor@va.gov>
**Sent:** Friday, August 19, 2022 2:40 PM
**To:** Brendan Donelon <brendan@donelonpc.com>
**Cc:** Hunter, Kathleen M. (OGC) <Kathleen.Hunter@va.gov>; Rudie, Jason (OGC) <Jason.Rudie@va.gov>
**Subject:** RE: U.S. ex rel. Schroeder v. Medtronic, Inc., et al.: case no.: 2:17-cv-02060-DCC-KGG

Mr. Donelon,

The VA Office of Inspector General (OIG) does not plan to send a supplemental response and we consider our response complete.

Although other VA components may have used OIG records to support administrative actions as described in request # 3 and # 4, those files are outside OIG control and we cannot search them.  In addition, any such OIG records would be contained in files described by request # 1, so the requests are duplicative to the extent they describe the same OIG records.  If the VA Office of General Counsel (OGC) discloses files responsive to requests # 3 and # 4, and those files include OIG records, OGC can coordinate with OIG at that time.  I am on leave today but I will confer with the OGC

US-000590

attorneys copied to this email on Monday

Respectfully,

Chris Connor
Chief, Office of Information Release
Supervisory Attorney
Office of Inspector General
Department of Veterans Affairs

WARNING - This email, and any attachment, is confidential and may be protected by the attorney-client privilege, the attorney work product privilege, or another applicable privilege.  Any further use or dissemination of this material to anyone other than the intended recipient(s) is prohibited, absent authorization of the VA Office of Inspector General.  If you have received this document in error, please notify the sender.

---

**From:** Brendan Donelon <brendan@donelonpc.com>
**Sent:** Friday, August 19, 2022 10:29 AM
**To:** Connor, Christopher (OIG) <Christopher.Connor@va.gov>
**Cc:** Hunter, Kathleen M. (OGC) <Kathleen.Hunter@va.gov>; Rudie, Jason (OGC) <Jason.Rudie@va.gov>
**Subject:** [EXTERNAL] U.S. ex rel. Schroeder v. Medtronic, Inc., et al.: case no.: 2:17-cv-02060-DCC-KGG

Dear Mr. Connor,

Our office is in receipt of your letter dated Aug. 15, 2022 regarding our client's *Touhy* request related to the above captioned matter.

Our two *Touhy* request letters referenced in your August 15 correspondence included eight categories of documents requested.  Your letter addressed request #1.

In working with VA counsel Kathleen Hunter and Jason Rudie on other document request categories, they have informed me that your office would be responding to request nos. 3 and 4 as well (see attached correspondence).

As you may be aware, there is a current APA case on file in the District of Kansas to compel responses to all our *Touhy* requests.  In order to obtain a "final decision" from this agency, we will need responses for requests nos. 3 and 4.  I am sure you and counsel Hunter and Rudie can work this out, but we wanted to call this issue to your attention.

Please let me know if you have any questions or concerns.

Thanks.

Brendan J. Donelon
816.221.7100  fax: 816.709.1044
brendan@donelonpc.com   www.donelonpc.com



NOTE:  The Missouri Bar Disciplinary Counsel requires all Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication, (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa, and (3) persons not participating in our communications may intercept them by improperly accessing your computer or my computer or even some computer unconnected to either of us through which the e-mail passed.  If you do not consent to communicate via e-mail and want future communications to be sent in a different fashion, please let me know immediately. If you incorrectly received this email, please call 816-221-7100.

US-000592

| | |
|---|---|
| **From:** | Brendan Donelon |
| **To:** | Connor, Christopher (OIG) |
| **Cc:** | Dan Craig |
| **Subject:** | [EXTERNAL] U.S. ex rel. Schroeder v. Medtronic, Inc., et al.: case no.: 2:17-cv-02060-DCC-KGG |
| **Date:** | Friday, October 7, 2022 12:05:34 PM |
| **Attachments:** | Pages from Agency Production 1.pdf |
| | Amended Protective Order.pdf |

Chris,

Recently our office received some documents per a *Touhy* request related to the above captioned matter.  Per VA counsel Kathleen Hunter who we have been working with, the first pages of this production (attached hereto) were provided to her by your office—including the redactions.

We are seeking an explanation for the basis of these redactions.  If any privacy issues exist because of identifying names, etc., there is a Protective Order in this Case (attached) that can be utilized on your end.

We have a pending Administrative Procedure Act claim addressing our *Touhy* requests and would like to address these redactions in that matter.

Thanks.

Brendan J. Donelon
816.221.7100  fax: 816.709.1044
brendan@donelonpc.com   www.donelonpc.com



the law office of

DONELON, P.C.

4600 madison
suite 810
kansas city mo 64112

KANSAS CITY        ST. LOUIS

NOTE:  The Missouri Bar Disciplinary Counsel requires all Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication, (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa, and (3) persons not participating in our communications may intercept them by improperly accessing your computer or my computer or even some computer unconnected to either of us through which the e-mail passed.  If you do not consent to communicate via e-mail and want future communications to be sent in a different fashion, please let me know immediately. If you incorrectly received this email, please call 816-221-7100.



**Department of Veterans Affairs**
**Office of Inspector General**
**Criminal Investigations Division**
Kansas City Resident Agency
800 East 101st Terrace, Suite 100
Kansas City, Missouri 64131

## MEMORANDUM FOR RECORD

**Appr: GMB**
Gregory M. Digitally signed by
Billingsley Gregory M. Billingsley 495460
495460 Date: 2019.02.13 10:16:35 -06'00'

**File:**            2017-1920-IC-0066

**By:**            SA Nathen Howard, 2/14/2019

During a VA OIG investigation, it was discovered that Robert J. Dole VAMC employees may have received improper gratuities, in the forms of paid lunches, dinners, etc., from sales representatives from Medtronic, PLC, a contract vendor.  Based upon records received from Medtronic, the following employees were listed as receiving paid meals by Medtronic Sales Reps:



1.            RN **(Attachment 1)**
2.            RN **(Attachment 2)**
3.          RN **(Attachment 3)**
4.            RN **(Attachment 4)**
5.          RN **(Attachment 5)**
6.          RN **(Attachment 6)**
7.            Clinical Pharmacist Specialist **(Attachment 6)**
8.            Nurse Educator **(Attachment 6)**
9.        Advanced MSA **(Attachment 6)**
10.        APRN **(Attachment 6)**
11.          Prosthetics Representative Supervisor **(Attachment 6)**
12.              Chief MAS **(Attachment 6)**

Additional names of "VA Employees" were listed but could not be identified definitively as current employees.  Those names are as follows:



1.            **(Attachment 6)**
2.          **(Attachment 6)**
3.          **(Attachment 6)**
4.            **(Attachment 6)**
5.      (Possibly            RN) **(Attachment 7)**
6.        (Possibly          RN) **(Attachment 8)**
7.        (Possibly          RN) **(Attachment 9)**

The following employees were interviewed during the investigation.      Below is a

FOR OFFICIAL USE ONLY
(Public Availability to be Determined Under 5 USC 552 and 552a)

US-000594                              000001                              9/20/2022

**File Number:    2017-1920-IC-0066**
**Case Name:      Medtronic, PLC**

summary of the interviews.



On 7/24/2018, ███ ███ RN, was interviewed **(Attachment 10)** subsequent to issuing Garrity Rights **(Attachment 11)** to which he acknowledged by signing and dating. ███ stated that on occasion (every other week) a Medtronic Sales Rep would buy meals for the Cath Lab. This included lunches being purchased from fast food, such as Chik-Fil-A or pizza. However, occasionally it would be from "Scotch and Sirloin". ███ also stated he had been "out for drinks" with the Medtronic Rep, but denied the Medtronic Rep paying for it. According to ███ he never went to dinner outside of work hours with the Medtronic Rep where the rep paid for it. This contradicts the expense report received by Medtronic **(Attachment 3)**, which shows numerous off-site meals.

On 7/24/2018, ███ ███ RN, was interviewed **(Attachment 12)** subsequent to issuing Garrity Rights **(Attachment 13)** to which she acknowledged by signing and dating. ███ stated that the Medtronic Rep had provided "snacks from time to time" as long as she has been at the VA. When asked about meals or lunches, ███ again stated "snacks". These statements directly contradict the expense report **(Attachment 1)** received by Medtronic detailing expenses for ███

On 7/24/2018, ███ RN, was interviewed **(Attachment 14)** subsequent to issuing Garrity Rights **(Attachment 15)** to which she acknowledged by signing and dating. ███ stated she was aware of an "end of year lunch" that had a $10 limit that was paid for by the Medtronic Rep. ███ stated she did not work a lot of Mondays and it was her understanding that was when the lunches were provided. However, if lunches were provided on Wednesdays when she worked it was the Medtronic Rep paying for it. The rep would ask if what they wanted to eat, he was ordering from Chipotle, Firehouse, etc. According to ███ she only received two paid lunches from the Medtronic rep and she was unsure how many lunches were received by other employees. ███ stated she is "pretty sure there is documentation in the VA system saying you cannot accept gifts or food from a vendor." ███ stated she did not go out for dinners with the Medtronic rep, but she did go to a Christmas dinner with "Monique", a Rep from an unknown company. There were multiple employees that went and it was hosted at "ABI". She described the dinner as hosted for the VA employees by the company.

On 7/24/2018, ███ RN, was interviewed **(Attachment 16)** subsequent to issuing Garrity Rights **(Attachment 17)** to which she acknowledged by signing and dating. ███ stated the Medtronic Rep routinely pays for/brings lunch for the employees of the Cath Lab. She described that every time there are "leg cases" the rep would lunch; asking everybody what they wanted and sometimes it would be pizza or sandwiches. When asked if she knew any policies or regulations about reps buying dinners, lunches, etc., she stated "I guess not". She went on to say she "had so many dinners and had reps buy food for me all the time at Galichia". ███ also recalled a

FOR OFFICIAL USE ONLY
(Public Availability to be Determined Under 5 USC 552 and 552a)

**File Number:**   **2017-1920-IC-0066**
**Case Name:**   **Medtronic, PLC**

dinner she attended, hosted by Monique Lloyd.  This dinner was during Christmas and it was labeled as a Christmas dinner with no educational benefit. ▮▮▮▮ did not pay for her meal, but is unsure if Monique or "Abid" paid for it.

## ATTACHMENTS (All Photocopies):



1.  Copy, Expense Report – ▮▮▮▮ ▮▮▮▮ RN
2.  Copy, Expense Report – ▮▮▮▮ ▮▮▮▮ RN
3.  Copy, Expense Report – ▮▮▮▮ RN
4.  Copy, Expense Report – ▮▮▮▮ ▮▮▮▮ RN
5.  Copy, Expense Report – ▮▮▮▮ RN
6.  Copy, Expense Report – Multiple Employees
7.  Copy, Expense Report – ▮▮▮▮
8.  Copy, Expense Report - ▮▮▮▮
9.  Copy, Expense Report - ▮▮▮▮
10. Copy, Interview Transcript of ▮▮▮▮ RN
11. Copy, Garrity Rights Form – ▮▮▮▮ RN
12. Copy, Copy, Interview Transcript of ▮▮▮▮ ▮▮▮▮ RN
13. Copy, Garrity Rights Form ▮▮▮▮ RN
14. Copy, Interview Transcript of ▮▮▮▮ RN
15. Copy, Garrity Rights Form – ▮▮▮▮ RN
16. Copy, Interview Transcript of ▮▮▮▮ RN
17. Copy, Garrity Rights Form – ▮▮▮▮ RN

FOR OFFICIAL USE ONLY
(Public Availability to be Determined Under 5 USC 552 and 552a)

| CityLocation | State | TransactionDate | ExpenseType | Vendor | AttendeeLastName | AmountperAttendee |
|---|---|---|---|---|---|---|
| Wichita | Kansas | Dec 18 2013 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | O'NATURALS | | $6.57 |
| Wichita | Kansas | Jan 31 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | CHICK-FIL-A #02817 | | $12.06 |
| Wichita | Kansas | Apr 17 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | KNOLLAS PIZZA EAST | | $9.23 |
| Wichita | Kansas | May 10 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | J RAES WICHITA | | $7.29 |
| Wichita | Kansas | Aug 18 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | KNOLLAS PIZZA EAST | | $14.18 |
| Wichita | Kansas | Aug 18 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | KNOLLAS PIZZA EAST | | $3.59 |
| Wichita | Kansas | Aug 27 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | PANERA BREAD #2719 | | $5.04 |
| Wichita | Kansas | Sep 15 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | SQ *ESPRESSO TO GO GO | | $5.90 |
| Wichita | Kansas | Jan 12 2015 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | SCOTCH & SIRLOIN | | $14.27 |

US-000597

000004

| | | | | | |
|---|---|---|---|---|---|
| Wichita | Kansas | Apr 1 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | DQ GRILL & CHILL | $6.41 |
| Wichita | Kansas | Apr 15 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | CHICK-FIL-A #02817 | $17.99 |
| Wichita | Kansas | Apr 27 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | CHIPOTLE 1302 | $9.94 |
| Wichita | Kansas | May 27 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | CHICK-FIL-A #02817 | $5.71 |
| Wichita | Kansas | Jun 17 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | CHICK-FIL-A #02817 | $20.92 |
| Wichita | Kansas | Jul 6 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | KNOLLAS PIZZA EAST | $10.28 |
| Wichita | Kansas | Aug 5 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | BITE ME BBQ | $12.93 |
| Wichita | Kansas | Aug 11 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | COLLEGE HILL DAIRY QUEEN | $4.03 |
| Wichita | Kansas | Sep 4 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | LITTLE SAIGON | $7.80 |
| Wichita | Kansas | Sep 23 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | KNOLLAS PIZZA EAST | $7.11 |

9/20/2022

000005

US-000598

| City | State | Date | | | Vendor | Amount |
|---|---|---|---|---|---|---|
| Wichita | Kansas | Feb 9 2016 12:00AM | | Business Meals (Empl & Non Empl Attendees) | SCOTCH & SIRLOIN STEAKHOU | $16.41 |
| Wichita | Kansas | Feb 12 2016 12:00AM | | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | $12.55 |
| Wichita | Kansas | Feb 16 2016 12:00AM | | Business Meals (Empl & Non Empl Attendees) | TANYAS SOUP KITCHEN | $11.33 |
| Wichita | Kansas | Feb 9 2016 12:00AM | | Business Meals (Empl & Non Empl Attendees) | TANYAS SOUP KITCHEN | $12.79 |
| Wichita | Kansas | Mar 1 2016 12:00AM | | Business Meals (Empl & Non Empl Attendees) | DEMPSEY'S BURGER PUB | $13.04 |
| Wichita | Kansas | Mar 8 2016 12:00AM | | Business Meals (Empl & Non Empl Attendees) | CENTRL & ROCK RD FSU02817 | $15.44 |
| Wichita | Kansas | Mar 22 2016 12:00AM | | Business Meals (Empl & Non Empl Attendees) | B & C BARBEQUE | $12.34 |
| Wichita | Kansas | Mar 17 2016 12:00AM | | Business Meals (Empl & Non Empl Attendees) | KNOLLAS PIZZA EAST | $9.43 |
| Wichita | Kansas | Mar 28 2016 12:00AM | | Business Meals (Empl & Non Empl Attendees) | CENTRL & ROCK RD FSU02817 | $7.33 |

9/20/2022

US-000599

000006

| City | State | Date | Category | Vendor | | Amount |
|---|---|---|---|---|---|---|
| Wichita | Kansas | May 18 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | JIMMY JOHNS 1301 - ECO | | $7.21 |
| Wichita | Kansas | Jul 15 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | LITTLE SAIGON | | $11.83 |
| Wichita | Kansas | Aug 26 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | LITTLE SAIGON | | $12.06 |
| Wichita | Kansas | Dec 19 2016 12:00AM | HCP Onsite Meals/Snacks (Attendees) | SCOTCH & SIRLOIN STEAKHOU | | $20.12 |
| Wichita | Kansas | Feb 6 2017 12:00AM | HCP Onsite Meals/Snacks (Attendees) | CENTRL & ROCK RD FSU02817 | | $16.48 |
| Wichita | Kansas | Apr 24 2017 12:00AM | HCP Onsite Meals/Snacks (Attendees) | B & C BARBEQUE | | $8.90 |
| Wichita | Kansas | May 12 2017 12:00AM | HCP Onsite Meals/Snacks (Attendees) | JIMMY JOHNS 1301 - ECO | | $6.04 |
| Wichita | Kansas | Jun 14 2017 12:00AM | HCP Onsite Meals/Snacks (Attendees) | SCOTCH & SIRLOIN STEAKHOU | | $8.53 |
| Wichita | Kansas | Jul 26 2017 12:00AM | HCP Onsite Meals/Snacks (Attendees) | B & C BARBEQUE | | $8.41 |
| Wichita | Kansas | Jan 4 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | | $12.52 |
| Wichita | Kansas | Jan 20 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | | $10.03 |

000007

US-000600

| City | State | Date | Category | Vendor | | Amount |
|------|-------|------|----------|--------|---|--------|
| Wichita | Kansas | Jan 20 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | | $10.02 |
| Wichita | Kansas | Jan 27 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | | $9.41 |
| Wichita | Kansas | Jan 27 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | | $9.41 |
| Wichita | Kansas | Feb  3 2016 12:00AM | HCP Offsite-Dinner (Attendees) | FOX & HOUND WICHITA #6506 | | $18.12 |
| Wichita | Kansas | Feb 17 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | OLDE CHICAGO WITCHITA 69 | | $11.04 |
| Wichita | Kansas | Feb 17 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | OLDE CHICAGO WITCHITA 69 | | $11.03 |
| Wichita | Kansas | Mar 24 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | THE PUMPHOUSE | | $17.42 |
| Wichita | Kansas | Mar 24 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | THE PUMPHOUSE | | $17.41 |
| Wichita | Kansas | Apr 12 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | SCOTCH & SIRLOIN STEAKHOU | | $13.19 |
| Wichita | Kansas | Apr 18 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | ZIGGY'S PIZZA | | $18.89 |

9/20/2022

000008

US-000601

| City | State | Date | Category | Vendor | | Amount |
|------|-------|------|----------|--------|--|--------|
| Wichita | Kansas | Apr 22 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | THE ANCHOR | | $16.97 |
| Wichita | Kansas | Jun 14 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | SCOTCH & SIRLOIN STEAKHOU | | $12.85 |
| Wichita | Kansas | Jul 18 2016 12:00AM | HCP Offsite-Dinner (Attendees) | CHESTER'S CHOP HOUSE | | $122.39 |
| Wichita | Kansas | Sep 19 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | | $13.30 |
| Wichita | Kansas | Sep 19 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | | $13.29 |
| Wichita | Kansas | Oct 11 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | CENTRL & ROCK RD FSU02817 | | $13.37 |
| Wichita | Kansas | Oct 31 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | ZIGGY'S PIZZA | | $11.38 |
| Wichita | Kansas | Dec 12 2016 12:00AM | HCP Offsite-Lunch (Attendees) | BITE ME BBQ INC | | $6.37 |
| Wichita | Kansas | Dec 12 2016 12:00AM | HCP Offsite-Lunch (Attendees) | BITE ME BBQ INC | | $6.36 |
| Wichita | Kansas | Dec 9 2016 12:00AM | HCP Offsite-Lunch (Attendees) | CHILI'S #225 | | $14.29 |
| Wichita | Kansas | Dec 9 2016 12:00AM | HCP Offsite-Lunch (Attendees) | CHILI'S #225 | | $14.29 |

9/20/2022

000009

US-000602

| City | State | Date | Type | Vendor | Amount |
|---|---|---|---|---|---|
| Wichita | Kansas | Jan 4 2017 12:00AM | HCP Offsite-Lunch (Attendees) | MCALISTER'S DELI 411 | $9.71 |
| Wichita | Kansas | Dec 28 2016 12:00AM | HCP Offsite-Lunch (Attendees) | SCOTCH & SIRLOIN STEAKHOU | $9.63 |
| Dallas | Texas | Jan 13 2017 12:00AM | HCP Offsite-Lunch (Attendees) | ON THE BORDER CATERING | $15.48 |
| Wichita | Kansas | Jan 30 2017 12:00AM | HCP Offsite-Lunch (Attendees) | SCOTCH & SIRLOIN STEAKHOU | $12.73 |
| Wichita | Kansas | Mar 20 2017 12:00AM | HCP Offsite-Dinner (Attendees) | SCOTCH & SIRLOIN STEAKHOU | $13.98 |
| Wichita | Kansas | Mar 28 2017 12:00AM | HCP Offsite-Dinner (Attendees) | BJS RESTAURANT #526 | $14.89 |
| Wichita | Kansas | Mar 27 2017 12:00AM | HCP Offsite-Dinner (Attendees) | SCOTCH & SIRLOIN STEAKHOU | $13.01 |
| Wichita | Kansas | Apr 27 2017 12:00AM | HCP Offsite-Lunch (Attendees) | DEMPSEY'S BURGER PUB | $10.02 |
| Wichita | Kansas | May 17 2017 12:00AM | HCP Offsite-Lunch (Attendees) | CENTRL & ROCK RD FSU02817 | $7.96 |
| Wichita | Kansas | May 31 2017 12:00AM | HCP Offsite-Lunch (Attendees) | TWO BROTHERS BBQ & BURGER | $7.96 |
| Wichita | Kansas | May 22 2017 12:00AM | HCP Offsite-Dinner (Attendees) | SCOTCH & SIRLOIN STEAKHOU | $13.20 |
| Wichita | Kansas | Jun 28 2017 12:00AM | HCP Offsite-Dinner (Attendees) | SCOTCH & SIRLOIN STEAKHOU | $10.69 |
| Wichita | Kansas | Jun 22 2017 12:00AM | HCP Offsite-Lunch (Attendees) | DEMPSEY'S BISCUIT CO | $16.00 |

000010

US-000603

| City | State | Date | Category | Restaurant | Amount |
|------|-------|------|----------|------------|--------|
| Wichita | Kansas | Jul 24 2017 12:00AM | HCP Offsite-Lunch (Attendees) | SCOTCH & SIRLOIN STEAKHOUSE | $9.79 |
| Wichita | Kansas | Jul 3 2017 12:00AM | HCP Offsite-Lunch (Attendees) | CENTRL & ROCK RD FSU02817 | $12.18 |
| Wichita | Kansas | Aug 7 2017 12:00AM | HCP Offsite-Lunch (Attendees) | ZIGGYS PIZZA - WICHITA | $6.93 |
| Wichita | Kansas | Aug 1 2017 12:00AM | HCP Offsite-Dinner (Attendees) | NEWPORT GRILL | $97.50 |
| Wichita | Kansas | Aug 21 2017 12:00AM | HCP Offsite-Lunch (Attendees) | CENTRL & ROCK RD FSU02817 | $12.30 |
| Wichita | Kansas | Jun 5 2013 12:00AM | HCP Offsite-Lunch (Attendees) | PANERA BREAD #2719 | $10.21 |
| Wichita | Kansas | Feb 12 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | PANERA BREAD #2719 | $13.14 |
| Wichita | Kansas | Feb 19 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | BJ'S RESTAURANTS 526 | $13.08 |
| Wichita | Kansas | Mar 5 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | CHICK-FIL-A #02817 | $6.46 |
| Wichita | Kansas | Apr 9 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | BITE ME BBQ | $16.60 |
| Wichita | Kansas | May 13 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | FOOD AT*TWO BROTHERS B | $12.26 |

US-000604
000011
9/20/2022

| City | State | Date | Category | Vendor | | Amount |
|---|---|---|---|---|---|---|
| Wichita | Kansas | Jun 3 2014 12:00AM | HCP Offsite-Dinner (Attendees) | CHESTERS CHOPHOUSE AND WI | | $79.14 |
| Wichita | Kansas | Jul 23 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | COLLEGE HILL DAIRY QUEEN | | $6.85 |
| Wichita | Kansas | Aug 13 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | COLLEGE HILL DAIRY QUEEN | | $5.97 |
| Wichita | Kansas | Oct 6 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | BJ'S RESTAURANTS 526 | | $19.55 |
| Wichita | Kansas | Oct 28 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | BJ'S RESTAURANTS 526 | | $17.12 |
| Wichita | Kansas | Nov 12 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | TWO BROTHERS BBQ MIDTOWN | | $6.31 |
| Wichita | Kansas | Dec 15 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | JIMMY JOHN'S # 1301 - | | $7.88 |
| Wichita | Kansas | Jan 20 2015 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | BJ'S RESTAURANTS 526 | | $8.35 |
| Wichita | Kansas | Feb 3 2015 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | SCOTCH & SIRLOIN | | $25.84 |
| Wichita | Kansas | Feb 23 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | TWO BROTHERS BBQ MIDTOWN | | $12.44 |

US-000605

9/20/2022

000012

| | | | | | | |
|---|---|---|---|---|---|---|
| Wichita | Kansas | Apr 1 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | JIMMY JOHN'S # 1301 - | | $13.19 |
| Wichita | Kansas | May 13 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | COLLEGE HILL DAIRY QUEEN | | $6.87 |
| Wichita | Kansas | Jun 3 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | BJ'S RESTAURANTS 526 | | $14.40 |
| Wichita | Kansas | Jul 15 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | | $11.77 |
| Wichita | Kansas | Aug 19 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | B & C BARBEQUE | | $9.97 |
| Wichita | Kansas | Aug 19 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | B & C BARBEQUE | | $9.96 |
| Wichita | Kansas | Aug 31 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | THE DONUT WHOLE | | $2.89 |
| Wichita | Kansas | Oct 5 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | | $10.19 |
| Wichita | Kansas | Oct 5 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | | $10.19 |
| Wichita | Kansas | Oct 13 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | KNOLLAS PIZZA EAST | | $12.46 |

9/20/2022

US-000606

000013

| Wichita | Kansas | Oct 23 2015 12:0AM | Business Meals (Empl & Non Empl Attendees) | Non Empl Attendees | DELANO BARBECUE CO | $13.68 |
|---------|--------|--------------------|--------------------------------------------|--------------------|--------------------|--------|

9/20/2022

000014

US-000607

| CityLocation | State | TransactionDate | ExpenseType | Vendor | AttendeeLastName | AmountperAttendee |
|---|---|---|---|---|---|---|
| Wichita | Kansas | Jan 20 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | | $10.02 |
| Wichita | Kansas | Jan 27 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | | $9.41 |
| Wichita | Kansas | Mar 24 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | THE PUMPHOUSE | | $17.41 |
| Wichita | Kansas | Jul 6 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | SCOTCH & SIRLOIN STEAKHOU | | $14.69 |
| Wichita | Kansas | Nov 24 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | DOMINOS PIZZA 6388 | | $9.68 |
| Wichita | Kansas | Dec 12 2016 12:00AM | HCP Offsite-Lunch (Attendees) | BITE ME BBQ INC | | $6.36 |
| Wichita | Kansas | Dec 9 2016 12:00AM | HCP Offsite-Lunch (Attendees) | CHILI'S #225 | | $14.29 |
| Dallas | Texas | Jan 13 2017 12:00AM | HCP Offsite-Lunch (Attendees) | ON THE BORDER CATERING | | $15.49 |
| Wichita | Kansas | Jan 30 2017 12:00AM | HCP Offsite-Lunch (Attendees) | SCOTCH & SIRLOIN STEAKHOU | | $12.73 |
| Wichita | Kansas | Mar 28 2017 12:00AM | HCP Offsite-Dinner (Attendees) | BJS RESTAURANT #526 | | $14.89 |
| Wichita | Kansas | Mar 27 2017 12:00AM | HCP Offsite-Dinner (Attendees) | SCOTCH & SIRLOIN STEAKHOU | | $13.00 |
| Wichita | Kansas | May 31 2017 12:00AM | HCP Offsite-Lunch (Attendees) | TWO BROTHERS BBQ & BURGER | | $7.95 |
| Wichita | Kansas | Jun 22 2017 12:00AM | HCP Offsite-Lunch (Attendees) | DEMPSEY'S BISCUIT CO | | $16.00 |
| Wichita | Kansas | Jul 3 2017 12:00AM | HCP Offsite-Lunch (Attendees) | CENTRL & ROCK RD FSU02817 | | $12.17 |
| Wichita | Kansas | Aug 7 2017 12:00AM | HCP Offsite-Lunch (Attendees) | ZIGGYS PIZZA - WICHITA | | $6.92 |
| Wichita | Kansas | Jan 23 2013 12:00AM | HCP Offsite-Lunch (Attendees) | CAFE MAURICE | | $14.23 |
| Wichita | Kansas | Jun 5 2013 12:00AM | HCP Offsite-Lunch (Attendees) | PANERA BREAD #2719 | | $10.20 |
| Wichita | Kansas | Jul 10 2013 12:00AM | HCP Offsite-Lunch (Attendees) | PANERA BREAD #2719 | | $16.90 |

000015

US-000608

| | | | | | Amount |
|---|---|---|---|---|---|
| Wichita | Kansas | Aug 28 2013 12:00AM | HCP Offsite-Lunch (Attendees) | PANERA BREAD #2719 | $6.01 |
| Wichita | Kansas | Aug 27 2013 12:00AM | HCP Offsite-Lunch (Attendees) | PIZZA HUT 224 | $8.85 |
| Wichita | Kansas | Sep 4 2013 12:00AM | HCP Offsite-Lunch (Attendees) | PANERA BREAD #2719 | $5.02 |
| Wichita | Kansas | Sep 25 2013 12:00AM | HCP Offsite-Lunch (Attendees) | O'NATURALS | $8.71 |
| Wichita | Kansas | Sep 18 2013 12:00AM | HCP Offsite-Lunch (Attendees) | JIMMY JOHN'S # 1301 - | $7.90 |
| Wichita | Kansas | Oct 7 2013 12:00AM | HCP Offsite-Lunch (Attendees) | DELANO BARBEQUE CO LLC | $15.95 |
| Wichita | Kansas | Oct 30 2013 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | SCOTCH & SIRLOIN | $18.62 |
| Wichita | Kansas | Nov 20 2013 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | FREEBIRDS WORLD BURRIT | $7.90 |
| Wichita | Kansas | Dec 16 2013 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | MIKES WINE DIVE | $12.02 |
| Wichita | Kansas | Feb 20 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | BITE ME BBQ | $14.38 |
| Wichita | Kansas | Dec 15 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | CHIPOTLE 0547 | $10.32 |
| Wichita | Kansas | Aug 19 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | B & C BARBEQUE | $9.96 |
| Wichita | Kansas | Aug 31 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | THE DONUT WHOLE | $2.88 |

US-000609

9/20/2022

| CityLocation | State | TransactionDate | ExpenseType | Vendor | AttendeeLastName | AmountperAttendee |
|---|---|---|---|---|---|---|
| Wichita | Kansas | Dec 18 2013 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | O'NATURALS | | $6.56 |
| Wichita | Kansas | 31 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | CHICK-FIL-A #02817 | | $12.06 |
| Wichita | Kansas | Apr 17 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | KNOLLAS PIZZA EAST | | $9.23 |
| Wichita | Kansas | May 10 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | J RAES WICHITA | | $7.29 |
| Wichita | Kansas | Aug 18 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | KNOLLAS PIZZA EAST | | $14.18 |
| Wichita | Kansas | Aug 18 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | KNOLLAS PIZZA EAST | | $3.59 |
| Wichita | Kansas | Aug 27 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | PANERA BREAD #2719 | | $5.04 |
| Wichita | Kansas | Sep 15 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | SQ *ESPRESSO TO GO GO | | $5.89 |
| Wichita | Kansas | Apr 1 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | DQ GRILL & CHILL | | $6.41 |
| Wichita | Kansas | Apr 15 2015 12:00AM | Business Meals (Empl | CHICK-FIL-A #02817 | | $17.99 |

US-000610

| Wichita | Kansas | Apr 27 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | CHIPOTLE 1302 | | $9.94 |
| Wichita | Kansas | May 27 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | CHICK-FIL-A #02817 | | $5.71 |
| Wichita | Kansas | Jun 17 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | CHICK-FIL-A #02817 | | $20.92 |
| Wichita | Kansas | Jul 6 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | KNOLLAS PIZZA EAST | | $10.28 |
| Wichita | Kansas | Aug 5 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | BITE ME BBQ | | $12.93 |
| Wichita | Kansas | Aug 11 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | COLLEGE HILL DAIRY QUEEN | | $4.03 |
| Wichita | Kansas | Sep 4 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | LITTLE SAIGON | | $7.80 |
| Wichita | Kansas | Sep 23 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | KNOLLAS PIZZA EAST | | $7.11 |
| Wichita | Kansas | Feb 9 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | SCOTCH & SIRLOIN STEAKHOU | | $16.41 |

000018

US-000611

| City | State | Date | Category | Vendor | | Amount |
|---|---|---|---|---|---|---|
| Wichita | Kansas | Feb 12 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | | $12.55 |
| Wichita | Kansas | Feb 16 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | TANYAS SOUP KITCHEN | | $11.33 |
| Wichita | Kansas | Mar 1 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | DEMPSEY'S BURGER PUB | | $13.04 |
| Wichita | Kansas | Mar 8 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | CENTRL & ROCK RD FSU02817 | | $15.44 |
| Wichita | Kansas | Mar 22 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | B & C BARBEQUE | | $12.34 |
| Wichita | Kansas | Mar 17 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | KNOLLAS PIZZA EAST | | $9.43 |
| Wichita | Kansas | Mar 28 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | CENTRL & ROCK RD FSU02817 | | $7.33 |
| Overland Park | Kansas | Mar 30 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | NEWPORT GRILL | | $29.22 |
| Wichita | Kansas | May 18 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | JIMMY JOHNS 1301 - ECO | | $7.21 |
| Wichita | Kansas | Jul 15 2016 12:00AM | Business Meals (Empl | LITTLE SAIGON | | $11.82 |

000019

US-000612

| City | State | Date | Category | Vendor | | Amount |
|---|---|---|---|---|---|---|
| Wichita | Kansas | Aug 26 2016 12:00AM | & Non Empl Attendees) Business Meals (Empl & Non Empl Attendees) | LITTLE SAIGON | | $12.06 |
| Wichita | Kansas | Dec 19 2016 12:00AM | HCP Onsite Meals/Snacks (Attendees) | SCOTCH & SIRLOIN STEAKHOU | | $20.13 |
| Wichita | Kansas | Feb  6 2017 12:00AM | HCP Onsite Meals/Snacks (Attendees) | CENTRL & ROCK RD FSU02817 | | $16.49 |
| Wichita | Kansas | Apr 24 2017 12:00AM | HCP Onsite Meals/Snacks (Attendees) | B & C BARBEQUE | | $8.90 |
| Wichita | Kansas | May 12 2017 12:00AM | HCP Onsite Meals/Snacks (Attendees) | JIMMY JOHNS  1301 - ECO | | $6.04 |
| Wichita | Kansas | Jun 14 2017 12:00AM | HCP Onsite Meals/Snacks (Attendees) | SCOTCH & SIRLOIN STEAKHOU | | $8.52 |
| Wichita | Kansas | Jul 26 2017 12:00AM | HCP Onsite Meals/Snacks (Attendees) | B & C BARBEQUE | | $8.41 |
| Wichita | Kansas | Jan  7 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | GRANITE CITY FOOD AND BRE | | $17.34 |
| Wichita | Kansas | Jan 20 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | | $10.03 |
| Wichita | Kansas | 27 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | | $9.41 |
| Wichita | Kansas | Feb  3 2016 12:00AM | HCP Offsite-Dinner (Attendees) | FOX & HOUND WICHITA #6506 | | $18.12 |

US-000613

| City | State | Date | Category | Vendor | | Amount |
|------|-------|------|----------|--------|---|--------|
| Wichita | Kansas | Feb 17 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | OLDE CHICAGO WITCHITA 69 | | $11.04 |
| Wichita | Kansas | Mar 24 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | THE PUMPHOUSE | | $17.42 |
| Wichita | Kansas | Apr 12 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | SCOTCH & SIRLOIN STEAKHOU | | $13.19 |
| Wichita | Kansas | Apr 18 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | ZIGGY'S PIZZA | | $18.90 |
| Wichita | Kansas | Apr 22 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | THE ANCHOR | | $16.97 |
| Wichita | Kansas | Jun 1 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | CHIPOTLE 1302 | | $10.12 |
| Wichita | Kansas | Jun 14 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | SCOTCH & SIRLOIN STEAKHOU | | $12.84 |
| Wichita | Kansas | Jul 18 2016 12:00AM | HCP Offsite-Dinner (Attendees) | CHESTER'S CHOP HOUSE | | $122.39 |
| Wichita | Kansas | Jul 6 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | SCOTCH & SIRLOIN STEAKHOU | | $14.70 |
| Wichita | Kansas | Oct 11 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | CENTRL & ROCK RD FSU02817 | | $13.38 |

000021

US-000614

| City | State | Date | Business Meals (Empl & Non Empl Attendees) | Vendor | | Amount |
|---|---|---|---|---|---|---|
| Wichita | Kansas | Oct 31 2016 12:00AM | HCP Offsite-Dinner (Attendees) | ZIGGY'S PIZZA | | $11.39 |
| Wichita | Kansas | Nov 18 2016 12:00AM | HCP Offsite-Lunch (Attendees) | GREYSTONE STEAK AND SEAFO | | $122.27 |
| Wichita | Kansas | Dec 12 2016 12:00AM | HCP Offsite-Lunch (Attendees) | BITE ME BBQ INC | | $6.37 |
| Wichita | Kansas | Dec 9 2016 12:00AM | HCP Offsite-Lunch (Attendees) | CHILI'S #225 | | $14.29 |
| Wichita | Kansas | Jan 4 2017 12:00AM | HCP Offsite-Lunch (Attendees) | MCALISTER'S DELI 411 | | $9.71 |
| Wichita | Kansas | Dec 28 2016 12:00AM | HCP Offsite-Lunch (Attendees) | SCOTCH & SIRLOIN STEAKHOU | | $9.63 |
| Dallas | Texas | Jan 13 2017 12:00AM | HCP Offsite-Lunch (Attendees) | ON THE BORDER CATERING | | $15.49 |
| Wichita | Kansas | Jan 30 2017 12:00AM | HCP Offsite-Lunch (Attendees) | SCOTCH & SIRLOIN STEAKHOU | | $12.73 |
| Wichita | Kansas | Mar 20 2017 12:00AM | HCP Offsite-Dinner (Attendees) | SCOTCH & SIRLOIN STEAKHOU | | $13.98 |
| Wichita | Kansas | Mar 28 2017 12:00AM | HCP Offsite-Dinner (Attendees) | BJS RESTAURANT #526 | | $14.89 |
| Wichita | Kansas | Mar 27 2017 12:00AM | HCP Offsite-Dinner (Attendees) | SCOTCH & SIRLOIN STEAKHOU | | $13.01 |
| Wichita | Kansas | Apr 27 2017 12:00AM | HCP Offsite-Lunch (Attendees) | DEMPSEY'S BURGER PUB | | $10.01 |

US-000615

| City | State | Date | Type | Vendor | Amount |
|------|-------|------|------|--------|--------|
| Wichita | Kansas | May 17 2017 12:00AM | HCP Offsite-Lunch (Attendees) | CENTRL & ROCK RD FSU02817 | $7.97 |
| Wichita | Kansas | May 31 2017 12:00AM | HCP Offsite-Lunch (Attendees) | TWO BROTHERS BBQ & BURGER | $7.96 |
| Wichita | Kansas | May 22 2017 12:00AM | HCP Offsite-Dinner (Attendees) | SCOTCH & SIRLOIN STEAKHOU | $13.20 |
| Wichita | Kansas | Jun 28 2017 12:00AM | HCP Offsite-Dinner (Attendees) | SCOTCH & SIRLOIN STEAKHOU | $10.69 |
| Wichita | Kansas | Jun 22 2017 12:00AM | HCP Offsite-Lunch (Attendees) | DEMPSEY'S BISCUIT CO | $16.00 |
| Wichita | Kansas | Jul 24 2017 12:00AM | HCP Offsite-Lunch (Attendees) | SCOTCH & SIRLOIN STEAKHOUSE | $9.79 |
| Wichita | Kansas | Jul 3 2017 12:00AM | HCP Offsite-Lunch (Attendees) | CENTRL & ROCK RD FSU02817 | $12.18 |
| Wichita | Kansas | Aug 7 2017 12:00AM | HCP Offsite-Lunch (Attendees) | ZIGGYS PIZZA - WICHITA | $6.93 |
| Wichita | Kansas | Aug 1 2017 12:00AM | HCP Offsite-Dinner (Attendees) | NEWPORT GRILL | $97.50 |
| Wichita | Kansas | Aug 21 2017 12:00AM | HCP Offsite-Lunch (Attendees) | CENTRL & ROCK RD FSU02817 | $12.30 |
| Wichita | Kansas | Jan 15 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | PANERA BREAD #2719 | $6.32 |
| Wichita | Kansas | Feb 12 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | PANERA BREAD #2719 | $13.14 |

000023

US-000616

| Wichita | Kansas | Mar 5 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | CHICK-FIL-A #02817 | $6.46 |
| Wichita | Kansas | Apr 9 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | BITE ME BBQ | $16.60 |
| Wichita | Kansas | May 6 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | PANERA BREAD #2719 | $6.56 |
| Wichita | Kansas | May 13 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | FOOD AT*TWO BROTHERS B | $12.27 |
| Wichita | Kansas | Jun 3 2014 12:00AM | HCP Offsite-Dinner (Attendees) | CHESTERS CHOPHOUSE AND WI | $79.14 |
| Wichita | Kansas | Jul 16 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | BJ'S RESTAURANTS 526 | $24.61 |
| Wichita | Kansas | Aug 13 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | COLLEGE HILL DAIRY QUEEN | $5.96 |
| Wichita | Kansas | Oct 6 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | BJ'S RESTAURANTS 526 | $19.55 |
| Wichita | Kansas | Oct 28 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | BJ'S RESTAURANTS 526 | $17.12 |
| Wichita | Kansas | Nov 12 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | TWO BROTHERS BBQ MIDTOWN | $6.32 |

9/20/2022

000024

US-000617

| City | State | Date | Meal Type | Vendor | | Amount |
|---|---|---|---|---|---|---|
| Wichita | Kansas | Feb 3 2015 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | SCOTCH & SIRLOIN | | $25.85 |
| Wichita | Kansas | Mar 18 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | BJ'S RESTAURANTS 526 | | $14.88 |
| Wichita | Kansas | Apr 1 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | JIMMY JOHN'S # 1301 - | | $13.19 |
| Wichita | Kansas | Jun 11 2015 12:00AM | HCP Offsite-Dinner (Attendees) | BUFFALO WILD WINGS 0058 | | $33.35 |
| Wichita | Kansas | Aug 19 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | B & C BARBEQUE | | $9.97 |
| Wichita | Kansas | Oct 5 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | | $10.19 |
| Wichita | Kansas | Oct 13 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | KNOLLAS PIZZA EAST | | $12.47 |
| Wichita | Kansas | Oct 30 2015 12:00AM | HCP Offsite-Dinner (Attendees) | THE HILL BAR AND GRILL | | $51.17 |

US-000618

000025

9/20/2022

| CityLocation | State | TransactionDate | ExpenseType | Vendor | AttendeeLastName | AmounterperAttendee |
|---|---|---|---|---|---|---|
| Wichita | Kansas | Dec 13 2013 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | SWEET BASIL | | $10.30 |
| Wichita | Kansas | Jan 10 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | JASON'S DELI     Q25 | | $11.74 |
| Wichita | Kansas | Jan 31 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | DILLONS #0056 | | $1.15 |
| Wichita | Kansas | Feb 6 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | DILLONS #0056 | | $2.03 |
| Wichita | Kansas | Mar 24 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | SWEET BASIL | | $12.79 |
| Wichita | Kansas | May 1 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | JIMMY JOHNS - 1109 | | $12.92 |
| Wichita | Kansas | Jun 12 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | IL PRIMO ESPRESSO CAFFE | | $2.01 |
| Wichita | Kansas | Jun 12 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | IL PRIMO ESPRESSO CAFFE | | $2.44 |
| Wichita | Kansas | Jun 23 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | ON THE BORDER | | $24.33 |
| Wichita | Kansas | Jul 4 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | ON THE BORDER | | $31.85 |
| Wichita | Kansas | Jul 21 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | OTB ACQUISITION LLC | | $26.95 |
| Wichita | Kansas | Sep 18 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | TWO BROTHERS BBQ NORTH | | $10.67 |
| Wichita | Kansas | Oct 16 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | OTB ACQUISITION LLC | | $25.51 |
| Wichita | Kansas | Nov 17 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | OTB ACQUISITION LLC | | $25.51 |
| Wichita | Kansas | Nov 25 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | PIZZA HUT 236 | | $10.49 |
| Wichita | Kansas | Dec 12 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | OTB ACQUISITION LLC | | $25.51 |
| Wichita | Kansas | Feb 13 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | J RAES WICHITA | | $6.92 |

9/20/2022

000026

US-000619

| Wichita | Kansas | Aug 8 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | OTB ACQUISITION LLC | $20.72 |
| Wichita | Kansas | Feb 4 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | SWEET BASIL | $12.29 |
| Wichita | Kansas | Mar 24 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | STARBUCKS 2857 | $5.35 |
| Wichita | Kansas | Dec 19 2016 12:00AM | HCP Onsite Meals/Snacks (Attendees) | SCOTCH & SIRLOIN STEAKHOU | $20.13 |
| Wichita | Kansas | Feb 6 2017 12:00AM | HCP Onsite Meals/Snacks (Attendees) | CENTRL & ROCK RD FSU02817 | $16.49 |
| Wichita | Kansas | Apr 24 2017 12:00AM | HCP Onsite Meals/Snacks (Attendees) | B & C BARBEQUE | $8.89 |
| Wichita | Kansas | Jul 26 2017 12:00AM | HCP Onsite Meals/Snacks (Attendees) | B & C BARBEQUE | $8.42 |
| Wichita | Kansas | Jul 14 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | CENTRL & ROCK RD FSU02817 | $14.07 |
| Wichita | Kansas | Dec 28 2016 12:00AM | HCP Offsite-Lunch (Attendees) | SCOTCH & SIRLOIN STEAKHOU | $9.63 |
| Dallas | Texas | Jan 13 2017 12:00AM | HCP Offsite-Lunch (Attendees) | ON THE BORDER CATERING | $15.49 |
| Wichita | Kansas | Jan 30 2017 12:00AM | HCP Offsite-Lunch (Attendees) | SCOTCH & SIRLOIN STEAKHOU | $12.73 |
| Wichita | Kansas | Mar 20 2017 12:00AM | HCP Offsite-Dinner (Attendees) | SCOTCH & SIRLOIN STEAKHOU | $13.98 |
| Wichita | Kansas | Mar 28 2017 12:00AM | HCP Offsite-Dinner (Attendees) | BJS RESTAURANT #526 | $14.89 |
| Wichita | Kansas | Mar 27 2017 12:00AM | HCP Offsite-Dinner (Attendees) | SCOTCH & SIRLOIN STEAKHOU | $13.01 |
| Wichita | Kansas | Apr 27 2017 12:00AM | HCP Offsite-Lunch (Attendees) | DEMPSEY'S BURGER PUB | $10.01 |
| Wichita | Kansas | May 17 2017 12:00AM | HCP Offsite-Lunch (Attendees) | CENTRL & ROCK RD FSU02817 | $7.96 |
| Wichita | Kansas | May 31 2017 12:00AM | HCP Offsite-Lunch (Attendees) | TWO BROTHERS BBQ & BURGER | $7.96 |
| Wichita | Kansas | May 22 2017 12:00AM | HCP Offsite-Dinner (Attendees) | SCOTCH & SIRLOIN STEAKHOU | $13.20 |

9/20/2022

US-000620

000027

| City | State | Date | Description | Place | Amount |
|---|---|---|---|---|---|
| Wichita | Kansas | Jun 28 2017 12:00AM | HCP Offsite-Dinner (Attendees) | SCOTCH & SIRLOIN STEAKHOU | $10.69 |
| Wichita | Kansas | Jun 22 2017 12:00AM | HCP Offsite-Lunch (Attendees) | DEMPSEY'S BISCUIT CO | $16.00 |
| Wichita | Kansas | Jul 24 2017 12:00AM | HCP Offsite-Lunch (Attendees) | SCOTCH & SIRLOIN STEAKHOUSE | $9.79 |
| Wichita | Kansas | Jul 3 2017 12:00AM | HCP Offsite-Lunch (Attendees) | CENTRL & ROCK RD FSU02817 | $12.18 |
| Wichita | Kansas | Aug 7 2017 12:00AM | HCP Offsite-Lunch (Attendees) | ZIGGYS PIZZA - WICHITA | $6.92 |
| Wichita | Kansas | Aug 21 2017 12:00AM | HCP Offsite-Lunch (Attendees) | CENTRL & ROCK RD FSU02817 | $12.30 |
| Wichita | Kansas | Dec 9 2013 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | SCOTCH & SIRLOIN | $14.34 |
| Wichita | Kansas | Dec 30 2013 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | MIKES WINE DIVE | $13.07 |
| Wichita | Kansas | Feb 20 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | PANERA BREAD #2719 | $5.49 |
| Wichita | Kansas | Mar 4 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | PANERA BREAD #2719 | $6.32 |
| Wichita | Kansas | Apr 1 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | J RAES WICHITA | $11.18 |
| Wichita | Kansas | Apr 16 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | SCOTCH & SIRLOIN | $10.60 |
| Wichita | Kansas | May 5 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | MIKES WINE DIVE | $12.10 |
| Wichita | Kansas | May 28 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | PANERA BREAD #2719 | $3.25 |
| Wichita | Kansas | Aug 5 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | DILLONS #0020 | $8.49 |
| Wichita | Kansas | Sep 17 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | BRAUMS ICE CREAM # | $1.98 |
| Wichita | Kansas | Nov 10 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | PANERA BREAD #2719 | $5.99 |
| Wichita | Kansas | Dec 17 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | BJ'S RESTAURANTS 526 | $13.46 |

000028

US-000621

| Wichita | Kansas | Mar 20 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | JIMMY JOHNS - 1109 | | $12.14 |
| Wichita | Kansas | Oct 27 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | SQ *CHURN & BURN | | $4.95 |

9/20/2022

000029

US-000622

| CityLocation | State | TransactionDate | ExpenseType | Vendor | AttendeeLastName | AmountperAttendee |
|---|---|---|---|---|---|---|
| Wichita | Kansas | Dec 18 2013 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | O'NATURALS | | $6.57 |
| Wichita | Kansas | Jan 31 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | CHICK-FIL-A #02817 | | $12.06 |
| Wichita | Kansas | Apr 17 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | KNOLLAS PIZZA EAST | | $9.23 |
| Wichita | Kansas | May 10 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | J RAES WICHITA | | $7.29 |
| Wichita | Kansas | Aug 18 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | KNOLLAS PIZZA EAST | | $14.18 |
| Wichita | Kansas | Aug 18 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | KNOLLAS PIZZA EAST | | $3.59 |
| Wichita | Kansas | Aug 27 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | PANERA BREAD #2719 | | $5.04 |
| Wichita | Kansas | Apr 1 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | DQ GRILL & CHILL | | $6.41 |
| Wichita | Kansas | Apr 15 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | CHICK-FIL-A #02817 | | $17.99 |
| Wichita | Kansas | Apr 27 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | CHIPOTLE 1302 | | $9.94 |
| Wichita | Kansas | May 27 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | CHICK-FIL-A #02817 | | $5.71 |
| Wichita | Kansas | Jun 17 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | CHICK-FIL-A #02817 | | $20.92 |
| Wichita | Kansas | Jul 6 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | KNOLLAS PIZZA EAST | | $10.28 |
| Wichita | Kansas | Aug 5 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | BITE ME BBQ | | $12.93 |
| Wichita | Kansas | Aug 11 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | COLLEGE HILL DAIRY QUEEN | | $4.03 |
| Wichita | Kansas | Sep 4 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | LITTLE SAIGON | | $7.80 |
| Wichita | Kansas | Sep 23 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | KNOLLAS PIZZA EAST | | $7.11 |

000030

US-000623

| Wichita | Kansas | Feb 9 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | SCOTCH & SIRLOIN STEAKHOU | $16.41 |
| Wichita | Kansas | Feb 12 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | $12.55 |
| Wichita | Kansas | Feb 16 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | TANYAS SOUP KITCHEN | $11.33 |
| Wichita | Kansas | Mar 1 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | DEMPSEY'S BURGER PUB | $13.04 |
| Wichita | Kansas | Mar 8 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | CENTRL & ROCK RD FSU02817 | $15.44 |
| Wichita | Kansas | Mar 22 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | B & C BARBEQUE | $12.34 |
| Wichita | Kansas | Mar 17 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | KNOLLAS PIZZA EAST | $9.43 |
| Wichita | Kansas | Mar 28 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | CENTRL & ROCK RD FSU02817 | $7.33 |
| Wichita | Kansas | Jul 15 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | LITTLE SAIGON | $11.83 |
| Wichita | Kansas | Aug 26 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | LITTLE SAIGON | $12.06 |
| Wichita | Kansas | Dec 19 2016 12:00AM | HCP Onsite Meals/Snacks (Attendees) | SCOTCH & SIRLOIN STEAKHOU | $20.12 |
| Wichita | Kansas | Feb 6 2017 12:00AM | HCP Onsite Meals/Snacks (Attendees) | CENTRL & ROCK RD FSU02817 | $16.49 |
| Wichita | Kansas | Apr 24 2017 12:00AM | HCP Onsite Meals/Snacks (Attendees) | B & C BARBEQUE | $8.90 |
| Wichita | Kansas | May 12 2017 12:00AM | HCP Onsite Meals/Snacks (Attendees) | JIMMY JOHNS 1301 - ECO | $6.04 |
| Wichita | Kansas | Jun 14 2017 12:00AM | HCP Onsite Meals/Snacks (Attendees) | SCOTCH & SIRLOIN STEAKHOU | $8.53 |
| Wichita | Kansas | Jul 26 2017 12:00AM | HCP Onsite Meals/Snacks (Attendees) | B & C BARBEQUE | $8.41 |
| Wichita | Kansas | Jan 4 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | $12.52 |
| Wichita | Kansas | Jan 20 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | $10.03 |

9/20/2022

000031

US-000624

| City | State | Date | Category | Vendor | Amount |
|---|---|---|---|---|---|
| Wichita | Kansas | Feb 3 2016 12:00AM | HCP Offsite-Dinner (Attendees) | FOX & HOUND WICHITA #6506 | $18.12 |
| Wichita | Kansas | Feb 17 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | OLDE CHICAGO WITCHITA 69 | $11.04 |
| Wichita | Kansas | Mar 24 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | THE PUMPHOUSE | $17.42 |
| Wichita | Kansas | Apr 12 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | SCOTCH & SIRLOIN STEAKHOU | $13.19 |
| Wichita | Kansas | Apr 18 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | ZIGGY'S PIZZA | $18.89 |
| Wichita | Kansas | Apr 22 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | THE ANCHOR | $16.97 |
| Wichita | Kansas | Jun 14 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | SCOTCH & SIRLOIN STEAKHOU | $12.84 |
| Wichita | Kansas | Sep 19 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | $13.30 |
| Wichita | Kansas | Oct 11 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | CENTRL & ROCK RD FSU02817 | $13.38 |
| Wichita | Kansas | Oct 15 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | DEMPSEY'S BURGER PUB | $17.26 |
| Wichita | Kansas | Dec 12 2016 12:00AM | HCP Offsite-Lunch (Attendees) | BITE ME BBQ INC | $6.36 |
| Wichita | Kansas | Dec 9 2016 12:00AM | HCP Offsite-Lunch (Attendees) | CHILI'S #225 | $14.29 |
| Wichita | Kansas | Dec 28 2016 12:00AM | HCP Offsite-Lunch (Attendees) | SCOTCH & SIRLOIN STEAKHOU | $9.63 |
| Dallas | Texas | Jan 13 2017 12:00AM | HCP Offsite-Lunch (Attendees) | ON THE BORDER CATERING | $15.49 |
| Wichita | Kansas | Jan 30 2017 12:00AM | HCP Offsite-Lunch (Attendees) | SCOTCH & SIRLOIN STEAKHOU | $12.73 |
| Wichita | Kansas | Mar 20 2017 12:00AM | HCP Offsite-Dinner (Attendees) | SCOTCH & SIRLOIN STEAKHOU | $13.98 |
| Wichita | Kansas | Mar 28 2017 12:00AM | HCP Offsite-Dinner (Attendees) | BJS RESTAURANT #526 | $14.88 |
| Wichita | Kansas | Mar 27 2017 12:00AM | HCP Offsite-Dinner (Attendees) | SCOTCH & SIRLOIN STEAKHOU | $13.01 |
| Wichita | Kansas | Apr 27 2017 12:00AM | HCP Offsite-Lunch (Attendees) | DEMPSEY'S BURGER PUB | $10.01 |

000032
US-000625

| Wichita | Kansas | May 17 2017 12:00AM | HCP Offsite-Lunch (Attendees) | CENTRL & ROCK RD FSU02817 | $7.96 |
| Wichita | Kansas | May 31 2017 12:00AM | HCP Offsite-Lunch (Attendees) | TWO BROTHERS BBQ & BURGER | $7.96 |
| Wichita | Kansas | May 22 2017 12:00AM | HCP Offsite-Dinner (Attendees) | SCOTCH & SIRLOIN STEAKHOU | $13.20 |
| Wichita | Kansas | Jun 28 2017 12:00AM | HCP Offsite-Dinner (Attendees) | SCOTCH & SIRLOIN STEAKHOU | $10.69 |
| Wichita | Kansas | Jul 24 2017 12:00AM | HCP Offsite-Lunch (Attendees) | SCOTCH & SIRLOIN STEAKHOUSE | $9.79 |
| Wichita | Kansas | Jul 3 2017 12:00AM | HCP Offsite-Lunch (Attendees) | CENTRL & ROCK RD FSU02817 | $12.18 |
| Wichita | Kansas | Aug 7 2017 12:00AM | HCP Offsite-Lunch (Attendees) | ZIGGYS PIZZA - WICHITA | $6.93 |
| Wichita | Kansas | Aug 1 2017 12:00AM | HCP Offsite-Dinner (Attendees) | NEWPORT GRILL | $97.50 |
| Wichita | Kansas | Aug 21 2017 12:00AM | HCP Offsite-Lunch (Attendees) | CENTRL & ROCK RD FSU02817 | $12.30 |
| Wichita | Kansas | Jan 15 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | PANERA BREAD #2719 | $6.32 |
| Wichita | Kansas | Feb 19 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | BJ'S RESTAURANTS 526 | $13.08 |
| Wichita | Kansas | Mar 5 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | CHICK-FIL-A #02817 | $6.46 |
| Wichita | Kansas | Mar 31 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | BJ'S RESTAURANTS 526 | $12.82 |
| Wichita | Kansas | May 6 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | PANERA BREAD #2719 | $6.56 |
| Wichita | Kansas | May 13 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | FOOD AT*TWO BROTHERS B | $12.26 |
| Wichita | Kansas | Jul 23 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | COLLEGE HILL DAIRY QUEEN | $6.85 |
| Wichita | Kansas | Aug 13 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | COLLEGE HILL DAIRY QUEEN | $5.97 |
| Wichita | Kansas | Oct 28 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | BJ'S RESTAURANTS 526 | $17.13 |
| Wichita | Kansas | Nov 12 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | TWO BROTHERS BBQ MIDTOWN | $6.31 |

000033

US-000626

| City | State | Date | Category | Vendor | Amount |
|---|---|---|---|---|---|
| Wichita | Kansas | Dec 30 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | TWO BROTHERS BBQ MIDTOWN | $9.59 |
| Wichita | Kansas | Jan 20 2015 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | BJ'S RESTAURANTS 526 | $8.36 |
| Wichita | Kansas | Feb 3 2015 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | SCOTCH & SIRLOIN | $25.85 |
| Wichita | Kansas | Feb 23 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | TWO BROTHERS BBQ MIDTOWN | $12.44 |
| Wichita | Kansas | Apr 1 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | JIMMY JOHN'S # 1301 - | $13.18 |
| Wichita | Kansas | May 13 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | COLLEGE HILL DAIRY QUEEN | $6.88 |
| Wichita | Kansas | Jun 3 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | BJ'S RESTAURANTS 526 | $14.40 |
| Wichita | Kansas | Jul 15 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | $11.77 |
| Wichita | Kansas | Aug 19 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | B & C BARBEQUE | $9.97 |
| Wichita | Kansas | Aug 31 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | THE DONUT WHOLE | $2.88 |
| Wichita | Kansas | Oct 5 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | $10.19 |
| Wichita | Kansas | Oct 13 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | KNOLLAS PIZZA EAST | $12.47 |
| Wichita | Kansas | Oct 23 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | $13.68 |

000034

US-000627

| Expense Date | Category Name | Amount | Number of Nights/Attendees | Attendee/Recipient field 1 | Attendee/Recipient field 2 | Attendee/Recipient field 3 | Notes |
|---|---|---|---|---|---|---|---|
| 20170907 | Customer Bus Mtg: Lunch | 155.3 | 13 | | Wichita KS | Nurse/VA | ZIGGYS PIZZA 0000000 WICHITA KS |
| 20170907 | Customer Bus Mtg: Lunch | 0 | 13 | | wichita KS | Other non-physican HCP/VA | ZIGGYS PIZZA 0000000 WICHITA KS |
| 20170907 | Customer Bus Mtg: Lunch | 0 | 13 | | Wichita KS | Other non-physican HCP/VA | ZIGGYS PIZZA - WICHI WICHITA KS |
| 20170907 | Customer Bus Mtg: Lunch | 0 | 13 | | Wichita KS | Nurse/VA | ZIGGYS PIZZA - WICHI WICHITA KS |
| 20170907 | Customer Bus Mtg: Lunch | 0 | 13 | | Wichita KS | Physician Assistant/VAMC | CHICK-FIL-A #02817 0 WICHITA   KS |
| 20170907 | Customer Bus Mtg: Lunch | 0 | 13 | | Wichita KS | Nurse/VA | ZIGGYS PIZZA - WICHI WICHITA KS |
| 20170907 | Customer Bus Mtg: Lunch | 0 | 13 | | wichita KS | Nurse/VA | ZIGGYS PIZZA - WICHI WICHITA KS |
| 20170907 | Customer Bus Mtg: Lunch | 0 | 13 | | Wichita KS | Nurse/VA | ZIGGYS PIZZA - WICHI WICHITA KS |
| 20170907 | Customer Bus Mtg: Lunch | 0 | 13 | | wichita KS | Administrative Personnel/VA | ZIGGYS PIZZA 0000000 WICHITA KS |
| 20170907 | Customer Bus Mtg: Lunch | 0 | 13 | | wichita KS | Administrative Personnel/VA | ZIGGYS PIZZA 0000000 WICHITA KS |
| 20170911 | Customer Bus Mtg: Lunch | 107.61 | 10 | | Wichita KS | Nurse/VA | SCOTCH & SIRLOIN STE WICHITA KS |
| 20170911 | Customer Bus Mtg: Lunch | 0 | 10 | | Wichita KS | Other non-physican HCP/VA | ZIGGYS PIZZA - WICHI WICHITA KS |
| 20170911 | Customer Bus Mtg: Lunch | 0 | 10 | | Wichita KS | Nurse/VA | ZIGGYS PIZZA - WICHI WICHITA KS |
| 20170911 | Customer Bus Mtg: Lunch | 0 | 10 | | Wichita KS | Physician Assistant/VAMC | CHICK-FIL-A #02817 0 WICHITA   KS |
| 20170911 | Customer Bus Mtg: Lunch | 0 | 10 | | Wichita KS | Nurse/VA | ZIGGYS PIZZA - WICHI WICHITA KS |
| 20170911 | Customer Bus Mtg: Lunch | 0 | 10 | | Wichita KS | Nurse/VA | ZIGGYS PIZZA 0000000 WICHITA KS |

9/20/2022

000035

US-000628

| Date | Type | Amount | Qty | | City | Administrative Personnel/VA | Vendor |
|---|---|---|---|---|---|---|---|
| 20170911 | Customer Bus Mtg: Lunch | 0 | 10 | ■ | wichita KS | | SCOTCH & SIRLOIN STE WICHITA KS |
| 20170925 | Customer Bus Mtg: Lunch | 149.48 | 9 | | Wichita KS | Nurse/VA | SCOTCH & SIRLOIN STE WICHITA KS |
| 20170925 | Customer Bus Mtg: Lunch | 0 | 9 | | Wichita KS | Other non-physican HCP/VA | ZIGGYS PIZZA - WICHI WICHITA KS |
| 20170925 | Customer Bus Mtg: Lunch | 0 | 9 | | Wichita KS | Nurse/VA | ZIGGYS PIZZA - WICHI WICHITA KS |
| 20170925 | Customer Bus Mtg: Lunch | 0 | 9 | | Wichita KS | Physician Assistant/VAMC | CHICK-FIL-A #02817 0 WICHITA KS |
| 20170925 | Customer Bus Mtg: Lunch | 0 | 9 | | Wichita KS | Nurse/VA | ZIGGYS PIZZA 0000000 WICHITA KS |
| 20170925 | Customer Bus Mtg: Lunch | 0 | 9 | | Wichita KS | Nurse/VA | SCOTCH & SIRLOIN STE WICHITA KS |
| 20171101 | Customer Bus Mtg: Lunch | 0 | 9 | | wichita KS | Other non-physican HCP/VA | ZIGGYS PIZZA 0000000 WICHITA KS |
| 20171101 | Customer Bus Mtg: Lunch | 147.01 | 9 | | Wichita KS | Nurse/VA | SCOTCH & SIRLOIN STE WICHITA KS |
| 20171101 | Customer Bus Mtg: Lunch | 0 | 9 | | Wichita KS | Nurse/VA | ZIGGYS PIZZA - WICHI WICHITA KS |
| 20171101 | Customer Bus Mtg: Lunch | 0 | 9 | | Wichita KS | Physician Assistant/VAMC | CHICK-FIL-A #02817 0 WICHITA KS |
| 20171101 | Customer Bus Mtg: Lunch | 0 | 9 | | Wichita KS | Nurse/VA | ZIGGYS PIZZA 0000000 WICHITA KS |
| 20171101 | Customer Bus Mtg: Lunch | 0 | 9 | | Wichita KS | Nurse/VA | SCOTCH & SIRLOIN STE WICHITA KS |
| 20171113 | Customer Bus Mtg: Lunch | 0 | 15 | | wichita KS | Other non-physican HCP/VA | ZIGGYS PIZZA 0000000 WICHITA KS |
| 20171113 | Customer Bus Mtg: Lunch | 150.7 | 15 | | Wichita KS | Nurse/VA | SCOTCH & SIRLOIN STE WICHITA KS |
| 20171113 | Customer Bus Mtg: Lunch | 0 | 15 | | Wichita KS | Physician Assistant/VA | SCOTCH & SIRLOIN STE WICHITA KS |
| 20171113 | Customer Bus Mtg: Lunch | 0 | 15 | | Wichita KS | Other non-physican HCP/VA | ZIGGYS PIZZA - WICHI WICHITA KS |

9/20/2022

000036

US-000629

| Date | Description | Amount | Days | City | Role | Location |
|---|---|---|---|---|---|---|
| 20171113 | Customer Bus Mtg: Lunch | 0 | 15 | Wichita KS | Nurse/VA | CASEYS GEN STORE 326 WICHITA KS |
| 20171113 | Customer Bus Mtg: Lunch | 0 | 15 | Wichita KS | Nurse/VA | ZIGGYS PIZZA - WICHI WICHITA KS |
| 20171113 | Customer Bus Mtg: Lunch | 0 | 15 | Wichita KS | Nurse/VA | ZIGGYS PIZZA 0000000 WICHITA KS |
| 20171113 | Customer Bus Mtg: Lunch | 0 | 15 | Wichita KS | Nurse/VA | SCOTCH & SIRLOIN STE WICHITA KS |
| 20171113 | Customer Bus Mtg: Lunch | 0 | 15 | wichita KS | Nurse/VA | HURTS DONUT - WICHIT Wichita KS |
| 20171113 | Customer Bus Mtg: Lunch | 0 | 15 | Wichita KS | Nurse/VA | SCOTCH & SIRLOIN STE WICHITA KS |
| 20171113 | Customer Bus Mtg: Lunch | 0 | 15 | wichita KS | Administrative Personnel/VA | ZIGGYS PIZZA - WICHI WICHITA KS |
| 20171113 | Customer Bus Mtg: Lunch | 0 | 15 | wichita KS | Administrative Personnel/VA | ZIGGYS PIZZA - WICHI WICHITA KS |
| 20171215 | Customer Bus Mtg: Lunch | 51.23 | 12 | Wichita KS | Nurse/VA | SCOTCH & SIRLOIN STE WICHITA KS |
| 20171215 | Customer Bus Mtg: Lunch | 0 | 12 | Wichita KS | Physician Assistant/VA | SCOTCH & SIRLOIN STE WICHITA KS |
| 20171215 | Customer Bus Mtg: Lunch | 0 | 12 | Wichita KS | Nurse/VA | CASEYS GEN STORE 326 WICHITA KS |
| 20171215 | Customer Bus Mtg: Lunch | 0 | 12 | Wichita KS | Nurse/VA | ZIGGYS PIZZA - WICHI WICHITA KS |
| 20171215 | Customer Bus Mtg: Lunch | 0 | 12 | Wichita KS | Physician Assistant/VAMC | CHICK-FIL-A #02817 0 WICHITA KS |
| 20171215 | Customer Bus Mtg: Lunch | 0 | 12 | Wichita KS | Nurse/VA | ZIGGYS PIZZA 0000000 WICHITA KS |
| 20171215 | Customer Bus Mtg: Lunch | 0 | 12 | Wichita KS | Nurse/VA | SCOTCH & SIRLOIN STE WICHITA KS |
| 20171215 | Customer Bus Mtg: Lunch | 0 | 12 | Wichita KS | Nurse/VA | CASEYS GEN STORE 326 WICHITA KS |
| 20171215 | Customer Bus Mtg: Lunch | 0 | 12 | wichita KS | Administrative Personnel/VA | CASEYS GEN STORE 326 WICHITA KS |

9/20/2022

000037

US-000630

| Date | Customer Bus Mtg | Amount | Qty | | City | HCP Type | Location |
|---|---|---|---|---|---|---|---|
| 20180105 | Customer Bus Mtg: Lunch | 0 | 15 | | wichita KS | Other non-physician HCP/VA | ZIGGYS PIZZA 0000000 WICHITA KS |
| 20180105 | Customer Bus Mtg: Lunch | 160.36 | 15 | | Wichita KS | Nurse/VA | SCOTCH & SIRLOIN STE WICHITA KS |
| 20180105 | Customer Bus Mtg: Lunch | 0 | 15 | | Wichita KS | Physician Assistant/VA | SCOTCH & SIRLOIN STE WICHITA KS |
| 20180105 | Customer Bus Mtg: Lunch | 0 | 15 | | Wichita KS | Other non-physican HCP/VA | CASEYS GEN STORE 326 WICHITA KS |
| 20180105 | Customer Bus Mtg: Lunch | 0 | 15 | | Wichita KS | Nurse/VA | CASEYS GEN STORE 326 WICHITA KS |
| 20180105 | Customer Bus Mtg: Lunch | 0 | 15 | | Wichita KS | Nurse/VA | HURTS DONUT - WICHIT Wichita KS |
| 20180105 | Customer Bus Mtg: Lunch | 0 | 15 | | Wichita KS | Physician Assistant/VAMC | ZIGGYS PIZZA - WICHI WICHITA KS |
| 20180105 | Customer Bus Mtg: Lunch | 0 | 15 | | Wichita KS | Nurse/VA | SCOTCH & SIRLOIN STE WICHITA KS |
| 20180105 | Customer Bus Mtg: Lunch | 0 | 15 | | Wichita KS | Nurse/VA | SCOTCH & SIRLOIN STE WICHITA KS |
| 20180105 | Customer Bus Mtg: Lunch | 0 | 15 | | wichita KS | Nurse/VA | CHICK-FIL-A #02817 0 WICHITA KS |
| 20180105 | Customer Bus Mtg: Lunch | 0 | 15 | | Wichita KS | Nurse/VA | ZIGGYS PIZZA - WICHI WICHITA KS |
| 20180105 | Customer Bus Mtg: Lunch | 0 | 15 | | wichita KS | Administrative Personnel/VA | ZIGGYS PIZZA - WICHI WICHITA KS |
| 20180228 | Customer Bus Mtg: Breakfast | 26.33 | 10 | | Wichita KS | Nurse/VA | SCOTCH & SIRLOIN STE WICHITA KS |
| 20180228 | Customer Bus Mtg: Breakfast | 0 | 10 | | Wichita KS | Physician Assistant/VA | ZIGGYS PIZZA - WICHI WICHITA KS |
| 20180228 | Customer Bus Mtg: Breakfast | 0 | 10 | | Wichita KS | Nurse/VA | CASEYS GEN STORE 326 WICHITA KS |
| 20180228 | Customer Bus Mtg: Breakfast | 0 | 10 | | Wichita KS | Nurse/VA | HURTS DONUT - WICHIT Wichita KS |
| 20180228 | Customer Bus Mtg: Breakfast | 0 | 10 | | Wichita KS | Physician Assistant/VAMC | ZIGGYS PIZZA - WICHI WICHITA KS |

9/20/2022

000038

US-000631

| Date | Customer Bus Mtg | Amount | Num | | Location | Provider | Vendor |
|---|---|---|---|---|---|---|---|
| 20180228 | Customer Bus Mtg: Breakfast | 0 | 10 | ████ | Wichita KS | Nurse/VA | SCOTCH & SIRLOIN STE WICHITA KS |
| 20180228 | Customer Bus Mtg: Breakfast | 0 | 10 | | Wichita KS | Nurse/VA | HURTS DONUT - WICHIT Wichita KS |
| 20180307 | Customer Bus Mtg: Breakfast | 36.63 | 13 | | Wichita KS | Nurse/VA | SCOTCH & SIRLOIN STE WICHITA KS |
| 20180307 | Customer Bus Mtg: Breakfast | 0 | 13 | | Wichita KS | Physician Assistant/VA | ZIGGYS PIZZA - WICHI WICHITA KS |
| 20180307 | Customer Bus Mtg: Breakfast | 0 | 13 | | Wichita KS | Nurse/VA | CASEYS GEN STORE 326 WICHITA KS |
| 20180307 | Customer Bus Mtg: Breakfast | 0 | 13 | | Wichita KS | Nurse/VA | HURTS DONUT - WICHIT Wichita KS |
| 20180307 | Customer Bus Mtg: Breakfast | 0 | 13 | | Wichita KS | Other non-physican HCP/VAMC Wichita | HURTS DONUT - WICHIT Wichita KS |
| 20180307 | Customer Bus Mtg: Breakfast | 0 | 13 | | Wichita KS | Physician Assistant/VAMC | ZIGGYS PIZZA - WICHI WICHITA KS |
| 20180307 | Customer Bus Mtg: Breakfast | 0 | 13 | | Wichita KS | Nurse/VA | SCOTCH & SIRLOIN STE WICHITA KS |
| 20180307 | Customer Bus Mtg: Breakfast | 0 | 13 | | Wichita KS | Nurse/VA | SCOTCH & SIRLOIN STE WICHITA KS |
| 20180307 | Customer Bus Mtg: Breakfast | 0 | 13 | | Wichita KS | Nurse/VA | CHICK-FIL-A #02817 0 WICHITA KS |
| 20180312 | Customer Bus Mtg: Lunch | 116.33 | 12 | | Wichita KS | Nurse/VA | SCOTCH & SIRLOIN STE WICHITA KS |
| 20180312 | Customer Bus Mtg: Lunch | 0 | 12 | | Wichita KS | Physician Assistant/VA | ZIGGYS PIZZA - WICHI WICHITA KS |
| 20180312 | Customer Bus Mtg: Lunch | 0 | 12 | | Wichita KS | Nurse/VA | ZIGGYS PIZZA - WICHI WICHITA KS |
| 20180312 | Customer Bus Mtg: Lunch | 0 | 12 | | Wichita KS | Nurse/VA | HURTS DONUT - WICHIT Wichita KS |
| 20180312 | Customer Bus Mtg: Lunch | 0 | 12 | | Wichita KS | Other non-physican HCP/VAMC Wichita | CHICK-FIL-A #02817 0 WICHITA KS |
| 20180312 | Customer Bus Mtg: Lunch | 0 | 12 | | Wichita KS | Physician Assistant/VAMC | ZIGGYS PIZZA - WICHI WICHITA KS |

9/20/2022

000039

US-000632

| Date | Description | | | | Location | | Merchant |
|---|---|---|---|---|---|---|---|
| 20180312 | Customer Bus Mtg: Lunch | 0 | 12 | | Wichita KS | Nurse/VA | SCOTCH & SIRLOIN STE WICHITA KS |
| 20180312 | Customer Bus Mtg: Lunch | 0 | 12 | | Wichita KS | Nurse/VA | SCOTCH & SIRLOIN STE WICHITA KS |
| 20180312 | Customer Bus Mtg: Lunch | 0 | 12 | | Wichita KS | Nurse/VA | ZIGGYS PIZZA - WICHI WICHITA KS |

9/20/2022

000040

US-000633

| CityLocation | State | TransactionDate | ExpenseType | Vendor | AttendeeLastName | AmountperAttendee |
|---|---|---|---|---|---|---|
| Wichita | Kansas | Aug  8 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | OTB ACQUISITION LLC | | $20.71 |
| Wichita | Kansas | Dec 12 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | OTB ACQUISITION LLC | | $25.50 |
| Wichita | Kansas | Dec 13 2013 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | SWEET BASIL | | $10.31 |
| Wichita | Kansas | Dec 17 2013 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | BJ'S RESTAURANTS 526 | | $13.89 |
| Wichita | Kansas | Feb  4 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | SWEET BASIL | | $12.28 |
| Wichita | Kansas | Feb  6 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | DILLONS #0056 | | $2.02 |
| Wichita | Kansas | Feb 13 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | J RAES WICHITA | | $6.93 |
| Wichita | Kansas | Jan 10 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | JASON'S DELI        Q25 | | $11.73 |
| Wichita | Kansas | Jan 31 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | DILLONS #0056 | | $1.16 |
| Wichita | Kansas | Jul  4 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | ON THE BORDER | | $31.84 |
| Wichita | Kansas | Jul 21 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | OTB ACQUISITION LLC | | $26.94 |
| Wichita | Kansas | Jun 12 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | IL PRIMO ESPRESSO CAFFE | | $2.44 |
| Wichita | Kansas | Jun 23 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | ON THE BORDER | | $24.32 |
| Wichita | Kansas | Mar 24 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | SWEET BASIL | | $12.79 |
| Wichita | Kansas | May  1 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | JIMMY JOHNS - 1109 | | $12.93 |
| Wichita | Kansas | Nov 17 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | OTB ACQUISITION LLC | | $25.50 |
| Wichita | Kansas | Nov 25 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | PIZZA HUT 236 | | $10.50 |

9/20/2022

000041

US-000634

| Wichita | Kansas | Oct 16 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | OTB ACQUISITION LLC | | $25.50 |
| Wichita | Kansas | Sep 18 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | TWO BROTHERS BBQ NORTH | | $10.68 |

9/20/2022

000042

US-000635

| CityLocation | State | TransactionDate | ExpenseType | Vendor | AttendeeLastName | AmountperAttendee |
|---|---|---|---|---|---|---|
| Wichita | Kansas | Jan 29 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | JIMMY JOHNS - 1109 | | $14.26 |
| Wichita | Kansas | Apr 30 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | CONNIES COOKIES BAKERY | | $3.80 |
| Wichita | Kansas | Jul 31 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | PANERA BREAD #2704 | | $3.64 |
| Wichita | Kansas | Aug 20 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | CONNIES COOKIES BAKERY | | $0.91 |
| Wichita | Kansas | Sep 24 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | CONNIES COOKIES BAKERY | | $1.82 |
| Wichita | Kansas | Oct 16 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | CONNIES COOKIES BAKERY | | $3.18 |
| Wichita | Kansas | Nov 10 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | CONNIES COOKIES BAKERY | | $3.22 |
| Wichita | Kansas | Mar 2 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | PIZZA HUT 272 | | $8.92 |
| Wichita | Kansas | May 12 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | CONNIES COOKIES BAKERY | | $2.11 |
| Wichita | Kansas | Jul 15 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | CONNIES COOKIES BAKERY | | $2.98 |
| Wichita | Kansas | Aug 3 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | JIMMY JOHN'S #1301 | | $6.96 |
| Wichita | Kansas | Oct 8 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | OTB ACQUISITION LLC | | $19.86 |
| Wichita | Kansas | Jan 13 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | ESPRESSO TO GO GO | | $5.10 |
| Wichita | Kansas | May 24 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | J RAES BAKERY | | $5.38 |
| Wichita | Kansas | Jun 29 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | THE ARTICHOKE | | $12.08 |
| Wichita | Kansas | Dec 21 2016 12:00AM | HCP Onsite Meals/Snacks (Attendees) | DILLON FOOD STORE 56 | | $6.28 |
| Wichita | Kansas | Mar 14 2017 12:00AM | HCP Onsite Meals/Snacks (Attendees) | NIFTY NUT HOUSE | | $3.20 |

000043

US-000636

| | | | HCP Onsite Meals/Snacks (Attendees) | | | |
|---|---|---|---|---|---|---|
| Wichita | Kansas | Apr 26 2017 12:00AM | Business Meals (Empl & Non Empl Attendees) | PANERA BREAD | | $6.03 |
| Wichita | Kansas | Apr 7 2016 12:00AM | HCP Offsite-Lunch (Attendees) | CHILI'S #225 | | $11.54 |
| Wichita | Kansas | Jan 5 2017 12:00AM | HCP Offsite-Lunch (Attendees) | CHILI'S #225 | | $10.31 |
| Wichita | Kansas | Feb 2 2017 12:00AM | HCP Offsite-Lunch (Attendees) | CHILI'S #225 | | $11.84 |
| Wichita | Kansas | Mar 3 2017 12:00AM | HCP Offsite-Lunch (Attendees) | CHILI'S #225 | | $9.86 |
| Wichita | Kansas | Apr 18 2017 12:00AM | HCP Offsite-Lunch (Attendees) | CHILI'S #225 | | $10.15 |
| Wichita | Kansas | Jun 29 2017 12:00AM | HCP Offsite-Lunch (Attendees) | CHILI'S #225 | | $10.50 |
| Wichita | Kansas | Jul 20 2017 12:00AM | HCP Offsite-Lunch (Attendees) | CAFE MAURICE | | $9.45 |
| Wichita | Kansas | Jan 3 2013 12:00AM | HCP Offsite-Lunch (Attendees) | JIMMY JOHNS - 1109 | | $13.25 |
| Hutchinson | Kansas | Jan 17 2013 12:00AM | HCP Offsite-Lunch (Attendees) | APPLEBEES #1007 | | $12.61 |
| Wichita | Kansas | Feb 1 2013 12:00AM | HCP Offsite-Lunch (Attendees) | CAFE MAURICE | | $10.42 |
| Hutchinson | Kansas | Feb 6 2013 12:00AM | HCP Offsite-Lunch (Attendees) | CHILIS 1101   02311017 | | $10.82 |
| Wichita | Kansas | Jan 21 2013 12:00AM | HCP Offsite-Lunch (Attendees) | CHILIS 25   02300259 | | $18.09 |
| Wichita | Kansas | Mar 2 2013 12:00AM | HCP Offsite-Lunch (Attendees) | ON THE BORDER | | $19.47 |
| Wichita | Kansas | Mar 6 2013 12:00AM | HCP Offsite-Lunch (Attendees) | PF CHANGS #9963 | | $27.99 |
| Wichita | Kansas | Mar 28 2013 12:00AM | HCP Offsite-Lunch (Attendees) | JIMMY JOHNS - 1109 | | $12.81 |
| Hutchinson | Kansas | Apr 1 2013 12:00AM | HCP Offsite-Lunch (Attendees) | THE OLIVE GARD00044610 | | $9.53 |
| Hutchinson | Kansas | May 9 2013 12:00AM | HCP Offsite-Lunch (Attendees) | APPLEBEES #1007 | | $15.49 |
| Wichita | Kansas | Jun 19 2013 12:00AM | HCP Offsite-Lunch (Attendees) | ON THE BORDER | | $19.47 |

9/20/2022

US-000637

| Hutchinson | Kansas | Jun 8 2013 12:00AM | HCP Offsite-Lunch (Attendees) | APPLEBEES #1007 | | $5.70 |
| Wichita | Kansas | Apr 14 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | BJ'S RESTAURANTS 526 | | $15.46 |
| Wichita | Kansas | Sep 15 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | OTB ACQUISITION LLC | | $15.11 |

| CityLocation | State | TransactionDate | ExpenseType | Vendor | AttendeeLastName | AmountperAttendee |
|---|---|---|---|---|---|---|
| Wichita | Kansas | Feb 9 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | SCOTCH & SIRLOIN STEAKHOU | | $16.41 |
| Wichita | Kansas | Feb 16 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | TANYAS SOUP KITCHEN | | $11.33 |
| Wichita | Kansas | Mar 1 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | DEMPSEY'S BURGER PUB | | $13.04 |
| Wichita | Kansas | Mar 8 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | CENTRL & ROCK RD FSUO2817 | | $15.45 |
| Wichita | Kansas | Mar 22 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | B & C BARBEQUE | | $12.34 |
| Wichita | Kansas | Mar 17 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | KNOLLAS PIZZA EAST | | $9.44 |
| Wichita | Kansas | Mar 28 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | CENTRL & ROCK RD FSUO2817 | | $7.34 |
| Wichita | Kansas | Jan 31 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | CHICK-FIL-A #02817 | | $12.06 |
| Wichita | Kansas | Apr 15 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | THE ANCHOR | | $26.70 |
| Wichita | Kansas | Apr 17 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | KNOLLAS PIZZA EAST | | $9.24 |
| Wichita | Kansas | May 10 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | J RAES WICHITA | | $7.28 |
| Wichita | Kansas | Jun 18 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | COLLEGE HILL DAIRY QUEEN | | $7.23 |
| Wichita | Kansas | Jul 8 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | SCHLOTZSKY'S 1030 | | $8.56 |
| Wichita | Kansas | Aug 27 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | SQ *ESPRESSO TO GO GO | | $4.10 |
| Wichita | Kansas | Sep 15 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | PANERA BREAD #2719 | | $11.79 |
| Wichita | Kansas | Oct 15 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | SCHLOTZSKY'S 1030 | | $17.32 |
| Wichita | Kansas | Dec 11 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | LITTLE SAIGON | | $8.03 |

000046

US-000639

| City | State | Date | Category | Vendor | | Amount |
|---|---|---|---|---|---|---|
| Wichita | Kansas | Jan 12 2015 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | SCOTCH & SIRLOIN | | $14.27 |
| Wichita | Kansas | Jan 22 2015 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | SCOTCH & SIRLOIN | | $23.27 |
| Wichita | Kansas | Jun 17 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | CHICK-FIL-A #02817 | | $20.92 |
| Wichita | Kansas | Jul  6 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | KNOLLAS PIZZA EAST | | $10.28 |
| Wichita | Kansas | Aug  5 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | BITE ME BBQ | | $12.92 |
| Wichita | Kansas | Jan  4 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | | $12.52 |
| Wichita | Kansas | Jan 20 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | | $10.02 |
| Wichita | Kansas | Jan 27 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | | $9.41 |
| Wichita | Kansas | Feb  3 2016 12:00AM | HCP Offsite-Dinner (Attendees) | FOX & HOUND WICHITA #6506 | | $18.12 |
| Wichita | Kansas | Feb 17 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | OLDE CHICAGO WITCHITA 69 | | $11.03 |
| Wichita | Kansas | Mar 24 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | THE PUMPHOUSE | | $17.42 |
| Wichita | Kansas | Apr 12 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | SCOTCH & SIRLOIN STEAKHOU | | $13.19 |
| Wichita | Kansas | Jun 14 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | SCOTCH & SIRLOIN STEAKHOU | | $12.84 |
| Wichita | Kansas | Sep 19 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | | $13.29 |
| Wichita | Kansas | Oct 11 2016 12:00AM | Business Meals (Empl & Non Empl Attendees) | CENTRL & ROCK RD FSU02817 | | $13.38 |
| Wichita | Kansas | Dec 12 2016 12:00AM | HCP Offsite-Lunch (Attendees) | BITE ME BBQ INC | | $6.36 |
| Wichita | Kansas | Dec  9 2016 12:00AM | HCP Offsite-Lunch (Attendees) | CHILI'S #225 | | $14.29 |
| Dallas | Texas | Jan 13 2017 12:00AM | HCP Offsite-Lunch (Attendees) | ON THE BORDER CATERING | | $15.49 |

US-000640

000047

9/20/2022

| City | State | Date | Type | Vendor | Amount |
|---|---|---|---|---|---|
| Denver | Colorado | Mar 14 2017 12:00AM | HCP Offsite-Dinner (Attendees) | SPORTS BAR | $10.84 |
| Denver | Colorado | Mar 13 2017 12:00AM | HCP Offsite-Lunch (Attendees) | QUE BUENO MEXICAN GRILL | $9.24 |
| Enid | Oklahoma | Jan 7 2013 12:00AM | HCP Offsite-Lunch (Attendees) | GOLDEN CHICK | $13.96 |
| Hays | Kansas | Jan 8 2013 12:00AM | HCP Offsite-Lunch (Attendees) | TACO SHOP | $9.63 |
| Enid | Oklahoma | Jan 24 2013 12:00AM | HCP Offsite-Lunch (Attendees) | GODFATHERS PIZZA | $13.41 |
| Hays | Kansas | Feb 5 2013 12:00AM | HCP Offsite-Lunch (Attendees) | TACO SHOP | $5.84 |
| Hays | Kansas | Feb 18 2013 12:00AM | HCP Offsite-Lunch (Attendees) | TACO SHOP | $9.58 |
| Enid | Oklahoma | Mar 14 2013 12:00AM | HCP Offsite-Lunch (Attendees) | NAPOLIS ITALIAN RESTAURAN | $11.74 |
| Hays | Kansas | Apr 15 2013 12:00AM | HCP Offsite-Lunch (Attendees) | TACO SHOP | $5.45 |
| Enid | Oklahoma | Mar 29 2013 12:00AM | HCP Offsite-Lunch (Attendees) | FREDDY'S FROZEN CUSTARD | $6.82 |
| Enid | Oklahoma | May 16 2013 12:00AM | HCP Offsite-Lunch (Attendees) | ON THE SIDEWALK BAR AND | $14.72 |
| Hays | Kansas | May 6 2013 12:00AM | HCP Offsite-Lunch (Attendees) | CASEYS GEN STORE 2295 | $9.11 |
| Hays | Kansas | Jun 4 2013 12:00AM | HCP Offsite-Lunch (Attendees) | TACO SHOP | $9.92 |
| Hays | Kansas | Jun 10 2013 12:00AM | HCP Offsite-Lunch (Attendees) | TACO SHOP | $13.35 |
| Hays | Kansas | Jul 1 2013 12:00AM | HCP Offsite-Lunch (Attendees) | TACO SHOP | $16.71 |
| Emporia | Kansas | Aug 8 2013 12:00AM | HCP Offsite-Lunch (Attendees) | BRUFFS INC | $12.03 |
| Wichita | Kansas | Feb 19 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | BJ'S RESTAURANTS 526 | $13.08 |
| Wichita | Kansas | Mar 31 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | BJ'S RESTAURANTS 526 | $12.82 |
| Wichita | Kansas | Apr 9 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | BITE ME BBQ | $16.60 |

US-000641

000048

9/20/2022

| | | | | | |
|---|---|---|---|---|---|
| Wichita | Kansas | May 6 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | PANERA BREAD #2719 | $6.56 |
| Wichita | Kansas | May 13 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | FOOD AT*TWO BROTHERS B | $12.26 |
| Wichita | Kansas | Jun 3 2014 12:00AM | HCP Offsite-Dinner (Attendees) | CHESTERS CHOPHOUSE AND WI | $79.14 |
| Wichita | Kansas | Jul 23 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | COLLEGE HILL DAIRY QUEEN | $6.85 |
| Wichita | Kansas | Oct 6 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | BJ'S RESTAURANTS 526 | $19.54 |
| Wichita | Kansas | Oct 28 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | BJ'S RESTAURANTS 526 | $17.12 |
| Wichita | Kansas | Dec 15 2014 12:00AM | Business Meals (EV3 and Non-EV3 Attendees) | JIMMY JOHN'S # 1301 - | $7.89 |
| Wichita | Kansas | Feb 23 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | TWO BROTHERS BBQ MIDTOWN | $12.44 |
| Wichita | Kansas | Apr 1 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | JIMMY JOHN'S # 1301 - | $13.19 |
| Wichita | Kansas | May 13 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | COLLEGE HILL DAIRY QUEEN | $6.87 |
| Wichita | Kansas | Jun 3 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | BJ'S RESTAURANTS 526 | $14.40 |
| Wichita | Kansas | Jun 11 2015 12:00AM | HCP Offsite-Dinner (Attendees) | BUFFALO WILD WINGS 0058 | $33.36 |
| Wichita | Kansas | Jul 15 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | $11.77 |
| Wichita | Kansas | Aug 19 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | B & C BARBEQUE | $9.96 |
| Wichita | Kansas | Oct 5 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | DELANO BARBEQUE CO | $10.19 |
| Wichita | Kansas | Oct 13 2015 12:00AM | Business Meals (Empl & Non Empl Attendees) | KNOLLAS PIZZA EAST | $12.47 |
| Wichita | Kansas | Oct 30 2015 12:00AM | HCP Offsite-Dinner (Attendees) | THE HILL BAR AND GRILL | $51.18 |

US-000642

9/20/2022

000049

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| *ex rel*. THOMAS SCHROEDER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-2060-DCC-KGG |
| | ) | |
| MEDTRONIC, INC., COVIDIEN, L.P. | ) | |
| HUTCHINSON REGIONAL | ) | |
| MEDICAL CENTER, and WITCHITA | ) | |
| RADIOLOGICAL GROUP, P.A.,, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AMENDED PROTECTIVE ORDER

The parties agree during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action.  They agree certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals.  The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because:

- Relator's claims may involve or put at issue personal information of individuals who are not a party to the case, including confidential information related to medical care, employment, or financial information;

US-000643

- Relator's claims may involve or put at issue commercial information pursuant to Fed. R. Civ. P. 26(c)(1)(G) and the parties are business competitors.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the Relator's Unopposed Motion to Amend Protective Order [ECF No. 180] and hereby enters the following Protective Order:

1.     **Scope.**  All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2.     **Definitions.**

a.    "Attorney" means an attorney who has appeared as counsel of record in this action;

b.  "Confidential" or "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties.  For

US-000644

purposes of this Order, the parties will limit their designation of "Confidential

Information" to the following categories of information or documents:

> i. Personal information on parties or individuals, including medical information and records, employment information, and financial information; and

> ii. Confidential commercial information pursuant to Fed. R. Civ. P. 26(c)(1)(G).

Information or documents that are available to the public may not be designated as

Confidential Information.

c. "Confidential – Attorney's Eyes Only" means Confidential information or

documents designated as Attorney's Eyes Only pursuant to Section 3(b) below;

d. To "destroy" electronically stored information means to delete from all

databases, applications, and file systems so that the information is not accessible

without the use of specialized tools or techniques typically used by a forensic expert;

e. "Document" means documents and materials produced in the course of

discovery of this case, including initial disclosures, responses to discovery requests,

all deposition testimony and exhibits, and information derived directly therefrom;

f. "Notice" or "notify" means written notice; and

g. "Party" means a party to this action, and for Defendants includes employees,

agents, and representatives.

h. "United States"  means  the real party in interest, the United States of

US-000645

America.

**3.      Form and Timing of Designation.**

a.   The producing party or non-party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document.

b.    If the confidential documents contain highly sensitive trade secrets or other highly sensitive competitive or confidential information, and disclosure to another party would result in demonstrable harm to the disclosing party, the parties may stipulate or move for the establishment of an additional category of protection (marked "Confidential – Attorneys' Eyes Only") that prohibits disclosure of such documents or information to that category or that limits disclosure only to specifically designated in-house counsel or party representative(s) whose assistance is reasonably necessary to the conduct of the litigation and who agree to be bound by the terms of the Order.

c.   As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.

d.   The marking will be applied prior to or at the time the documents are produced or disclosed.  Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of

4

US-000646

this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential or Confidential Attorney Eyes Only are not required to be marked. By marking a designated document as confidential, the designating attorney or party appearing *pro se* thereby certifies that the document contains Confidential or Confidential Attorney Eyes Only information as defined in this Order.

e. All documents produced by such non-parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" or invoke the process set forth in paragraph 3b for "Confidential Attorney's Eyes Only" pursuant to the terms of the Protective Order.

**4. Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential or Confidential Attorney Eyes Only information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 15 days after discovery of the inadvertent failure.

**5. Depositions.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within 30 days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript

5

US-000647

and/or any exhibits to be protected.

If a witness is expected to testify as to confidential or proprietary information, a party may request that the witness's deposition be taken in the presence of only those persons entitled to receive the designated documents.

6. **Protection of Confidential Material.**

(a) **General Protections.** Except as set forth in Paragraph 7, designated Confidential or Confidential Attorneys Eyes Only information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals or any other related legal proceeding brought by one of the parties to this litigation.

(b) **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

(1) The parties to this litigation, including any employees, agents, and representatives of the parties;

(2) Counsel for the parties and employees and agents of counsel;

(3) Counsel for the United States, including United States Department of Justice attorneys and United States Attorneys, and their authorized subordinates, investigators, auditors, client agency personnel, agents, contractors, or others who are assisting with investigations or litigation of issues similar to this action;

(4) The court and court personnel, including any special master

6

US-000648

appointed by the court, and members of the jury;

(5)     Court reporters, recorders, and videographers engaged for depositions;

(6)     Any mediator appointed by the court or jointly selected by the parties;

(7)     Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(8)     Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

(9)     The author or recipient of the document (not including a person who received the document in the course of the litigation);

(10)    Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(11)    Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)     Who May View Designated Confidential Attorney Eyes Only Information**.  Documents designated as "Confidential Attorney Eyes Only" may be used only in this action, and no person receiving any such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents except to those specified in Section 3(b)(2)-(6), (9)-(10).

7

US-000649

(d)  **Control of Documents.**  The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential or Confidential Attorney Eyes Only information pursuant to the terms of this Order.  Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents, along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

7.     **Use Of Confidential or Confidential Attorneys Eyes Only Information By the United States - Disclosure to Agencies or Departments of the United States.** Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, designated confidential documents relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such designated confidential documents by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the designated confidential documents consistent with the terms of this Protective Order.

8.     **Disclosures to Congress.**  Nothing contained in this Protective Order shall

8

US-000650

prevent or in any way limit or impair the right of the United States to provide designated confidential documents to a Congressional entity; provided, however, that the United States shall notify the Congressional entity requesting the documents that the designated confidential documents have been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the producing party or nonparty of the Congressional entity's request and the United States' response thereto.

9.      **Filing of Confidential or Confidential Attorney Eyes Only Information.**

If a party seeks to file any document containing Confidential or Confidential Attorney Eyes Only information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as confidential; or (b) seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The mere designation of information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party permitted to file the requested

US-000651

documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.  Pro hac vice attorneys must obtain sealed documents from local counsel.

   10.   **Challenges to a Confidential Designation.**  The designation of any material or document as Confidential Information is subject to challenge by any party.  Before filing any motion or objection to a confidential designation, though, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention.   A party that elects to challenge a confidentiality designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge; the parties are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge *before* filing such a motion, but such a conference is not mandatory.  The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality.  Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

   11.   **Use of Confidential or Confidential Attorney Eyes Only Documents or Information at Trial or Hearing.**  Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present or anticipates that another party may present Confidential or Confidential Attorney Eyes Only information at a hearing or trial must bring that issue to the attention

US-000652

of the court and the other parties without disclosing the designated information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

**12.** **Obligations on Conclusion of Litigation.**

    **(a)** **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

    **(b)** **Return of Confidential Documents.** Within 45 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential or Confidential Attorney Eyes Only Information, including copies as defined above, will be returned or destroyed by the receiving party. The producing party shall be notified of compliance with this provision. This provision does not apply to the attorneys' retention of their attorney-client files.

    **(c)** **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential or Confidential Attorneys Eyes Only information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order.

    **13.** **Order Subject to Modification.** This Order is subject to modification by

US-000653

the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

14. **Enforcement of Protective Order.** Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

15. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

16. **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

17. **Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

12

US-000654

18.     **Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

19.     **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**  If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order, and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect

13

US-000655

while the party has in its possession, custody, or control Confidential Information designated by the other party to this case.

**20.     Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.**  Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited to, information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date.  Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within 30 days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection.  Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.  Although the provisions of this section constitute an order pursuant to Rule 502(d) and (e) of the Federal Rules of Evidence, and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order is intended or will be construed to limit a party's right to conduct a review of

US-000656

documents, including electronically-stored information, for relevance, responsiveness, or segregation of privileged or protected information before production.

**21. Jurisdiction.** The court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

**IT IS SO ORDERED.**

Dated:        August 2, 2022

                                  /S KENNETH G. GALE_____
                                  U.S. Magistrate Judge

15

US-000657

**ATTACHMENT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the case captioned, _____, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____ _____
                                        Signature

the law office of   **DONELON, P.C.**   www.donelonpc.com

KANSAS CITY              ST. LOUIS

**brendan j. donelon**
brendan@donelonpc.com

October 18, 2022

<u>Via Mail and Email</u>

Kathleen M. Hunter
Staff Attorney
Department of Veterans Affairs
Office of Chief Counsel, Midwest District
1201 Walnut Street, Suite 800
Kansas City, MO  64106
kathleen.hunter@va.gov

**Re:**   **Request for Documents & Depositions under *Touhy* Regulations**
*U.S. ex rel. Schroeder v. Medtronic, Inc., et al.*
D.Kan. case no.: 2:17-02060-DCC-KGG

Dear Ms. Hunter:

## <u>Introduction</u>

On behalf of our client Relator Thomas Schroeder in the above captioned case, our office is hereby making a *Touhy* request (38 C.F.R. § 14.800 *et seq.*) for a brief deposition of a former employee of the Robert J. Dole Veterans Administration Medical Center in Wichita, Kansas ("Dole VA").

Our office appreciates the VA's mission and intends to work through these requests under the best of intentions.  To that end, we are certainly open to resolving these requests in the best possible way.

## <u>General Background & Status of Case</u>

On January 30, 2017, Thomas Schroeder ("Relator"), brought claims against Defendant Medtronic, Inc. ("Medtronic") and Hutchinson Regional Medical Center ("Hutchinson") (collectively referred to as "Defendants") for treble damages and civil penalties.  These claims arise from Medtronic's alleged payment of illegal remuneration to employees at Hutchinson and Dole VA in exchange for them purchasing medical devices.  Relator also alleges that Medtronic influenced medically unnecessary services and promoted devices for "off-label" use at Dole VA.  In turn, Relator alleges that this

US-000659

conduct induced false claims to be made to, and reimbursed by, the VA, Tricare, Medicare, Medicaid and other federal healthcare providers in violation of the False Claims Act, 31 U.S.C. § 3729, *et seq.* ("FCA"). Regarding the illegal remuneration claims, Relator relies upon the federal Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b(b), to pursue his claims under the FCA. In violation of the FCA, Relator has alleged Defendants (i) "presented—or caused to be presented"—claims that were false or fraudulent to federal healthcare providers, § 3729(a)(1)(A); (ii) "made—or caused to be made"—false claims to federal healthcare providers, § 3729(a)(1)(B); and (iii) conspired to commit violations of the FCA, § 3720(a)(1)(B). Regarding the medically unnecessary claim, Relator alleges that physicians with Wichita Radiological Group ("WRG") (under contract to perform services at Dole VA) performed unnecessary (and even harmful) treatment during peripheral arterial disease ("PAD") vascular procedures at its cath lab. This includes performing procedures that were not even necessary, using excessive devices, and using devices off label.

The United States declined to intervene in this matter. On April 13, 2020, the Court unsealed the Relator's Amended Complaint. On September 11 and 19, 2020, respectively, Defendants Medtronic and Hutchinson filed motions to dismiss the Relator's Second Amended Complaint. On September 14, 2021, the district court issued an order denying Hutchinson's motion, and granting and denying in part Medtronic's motion. *U.S. ex rel. Schroeder v. Medtronic, Inc.*, 17-2060-DDC-KGG, 2021 WL 4168140 (D. Kan. Sept. 14, 2021). In its order, the Court found the allegations involving veterans' treatment at Dole VA disturbing. The Court expressed this concern when commenting that the alleged "potentially dangerous medical procedures" were "troubling."

The case has now reached the "discovery" phase, where relevant information may be sought and gathered. The Relator needs the documents and depositions requested herein to litigate his claims involving Medtronic's behavior at Dole VA. Ultimately, this will assist in pursuing the VA's mission to properly care for our veterans. Also, as a steward of taxpayer funds, it will ensure unnecessary treatments—or purchases subject to illegal bribes—are remedied. The VA has a substantial interest in this *qui tam* litigation. Relator conservatively estimates that over $30 million in Medtronic devices were purchased by the Dole VA resulting from illegal remuneration between January 2011 through August 2018.[1] With the FCA's treble damages, this could equal $90 million in recovery for the federal government.

**Deposition Sought**

---

[1] This period covers six years from Relator's claims under the FCA up through the closing the VA's catherization lab in August 2018.